## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ———————————————— ) | Case: 1:20−mc−00123 |
| ) | Assigned To : Faruqui, Zia M. |
| NOKIA TECHNOLOGIES OY AND ) | Assign. Date : 11/25/2020 |
| NOKIA CORPORATION, ) | Description: Misc. |
| ) | |
| Plaintiff (Complainant), ) | Case No.  1:20-mc-_____ |
| ) | |
| v. ) | Assigned to:  _____ |
| ) | |
| GOOGLE LLC, ) | Description:  Miscellaneous |
| ) | |
| Defendant (Intervenor). ) | |
| ) | |
| ———————————————— ) | |

### GOOGLE LLC'S UNOPPOSED EXPEDITED
### MOTION FOR THE COURT TO ISSUE LETTERS OF REQUEST PURSUANT
### TO THE HAGUE CONVENTION

Google LLC ("Google") – an intervening party in *Certain Electronic Devices,*

*Including Computers, Tablet Computers, and Components and Modules Thereof*,

Investigation No. 337-TA-1208 before the United States International Trade Commission

(the "Investigation") – respectfully moves this Court to issue the attached Letters of

Request for International Judicial Assistance ("Letters of Request") under the Hague

Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (28

U.S.C. § 1782) ("the Hague Convention") to obtain discovery from Mika P. Mustonen

and Markku Rytivaara, who are located in Finland.

Mika P. Mustonen and Markku Rytivaara are the named inventors on a patent that

Complainants Nokia Technologies Qy and Nokia Corporation (collectively "Nokia") are

asserting against Google and Lenovo products in the Investigation.  Google's Letters of

Request seek documents and deposition testimony from Mr. Mustonen and Mr. Rytivaara

to be used at the evidentiary hearing to defend against that assertion.  A recommendation

from the presiding Administrative Law Judge ("ALJ") in the Investigation –Dee Lord–

recommending that this Court issue the Letters of Request is attached as Addendum A.[1]

For at least the foregoing reasons and the reasons set forth in more detail in the accompanying memorandum of law, Google respectfully requests that this Court grant this Motion and issue Google's Letters of Request in accordance with ALJ Lord's recommendation.  Google also respectfully requests that, if necessary, this Court schedule a hearing to expedite issuance of the Letters of Request so that Google has sufficient time to obtain the requested information within the compact procedural schedule of the Investigation.  No party to the Investigation opposes the relief sought by Google in this Motion.

Dated: November 25, 2020

Respectfully submitted,

*/s/ Shamita Etienne-Cummings*
Shamita Etienne-Cummings (D.C. Bar No. 467197)
WHITE & CASE LLP
701 Thirteenth Street, N.W.
Washington, D.C.  20005
Telephone:  (202) 626-3600
Facsimile:   (202) 639-9355
Email:  setienne@whitecase.com

---

[1] Google's Letters of Request for Mr. Mustonen and Mr. Rytivaara and Finish translation of Google's Letters of Request are attached to Addendum A as Attachments A through D, respectively.  ALJ Lord's Order granting Google's Motion for a Recommendation to the United States District Court for the District of Columbia is attached as Addendum B.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NOKIA TECHNOLOGIES OY AND NOKIA CORPORATION, | ) ) ) ) |
| Plaintiff (Complainant), | ) Case No.  1:20-mc-_____ |
| v. | ) Assigned to:  _____ |
| GOOGLE LLC, | ) Description:  Miscellaneous |
| Defendant (Intervenor). | ) ) ) |

**MEMORANDUM IN SUPPORT OF GOOGLE LLC'S UNOPPOSED EXPEDITED MOTION FOR THE COURT TO ISSUE LETTERS OF REQUEST PURSUANT TO THE HAGUE CONVENTION**

Google LLC ("Google") seeks from this Court Letters of Request for International Judicial Assistance ("Letters of Request") under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (28 U.S.C. § 1782) ("the Hague Convention") to obtain discovery from Mika P. Mustonen and Markku Rytivaara, who reside in Finland.  Specifically, Google requests that this Court grant Google's Motion, execute the attached Letters of Request (Attachments A and C) and Finish Translation of the Letters of Request (Attachments B and D), and return the executed Letters of Request to Google's Counsel for service upon the Central Authority of Finland.

Google's Letters of Request solicit the assistance of the Central Authority of Finland to obtain certain documents and testimony from Mika P. Mustonen and Markku Rytivaara to be used at the evidentiary hearing to defend against the allegations made by Complainants Nokia Technologies Qy and Nokia Corporation (collectively "Nokia") in *Certain Electronic Devices, Including Computers, Tablet Computers, and Components*

*and Modules Thereof*, Investigation No. 337-TA-1208 before the United States International Trade Commission (the "Investigation").  The presiding Administrative Law Judge has issued an Initial Determination on September 4, 2020, adding Google to the Investigation as an intervenor without limitation.  *See Certain Electronic Devices, Including Computers, Tablet Computers, and Components and Modules Thereof*, Inv. No. 337-TA-1208, Order No. 5 (Sep. 29, 2020).

The information sought is relevant to, *inter alia*, the invalidity, non-infringement, and unenforceability of U.S. Patent No. 7,412,706 ("the '706 Patent"), for which Mika P. Mustonen and Markku Rytivaara are the named inventors.  Google is unable to obtain such information, or its substantial equivalent, by other means.  Thus, Google respectfully requests this Court grant Google's Motion and issue Google's Letters of Request in accordance with the recommendation of the Administrative Law Judge presiding over the Investigation.

## I.    BACKGROUND

This Investigation was instituted on August 4, 2020, and the ALJ issued an order on August 11, 2020, setting Friday, December 10, 2021 as the target date for this Investigation.  *See Certain Electronic Devices, Including Computers, Tablet Computers, and Components and Modules Thereof*, Inv. No. 337-TA-1208, Order No. 3 (Aug. 11, 2020).  On September 4, 2020, Google was added to the Investigation as an intervenor without limitation.  *See Id.* Order No. 5 (Sep. 4, 2020)

Mr. Mustonen and Mr. Rytivaara are the only named inventors of one of the patents asserted in this Investigation—U.S. Patent No. 8,583,706 ("the '706 Patent").  Mr. Mustonen is a former Nokia employee who is the first named inventor of the '706 Patent and was the R&D Research Engineer at Nokia at the time of the alleged invention

of that patent.  Mr. Rytivaara is a former Nokia employee who is the second named inventor of the '706 Patent and was the Senior Research Engineer, SW Specialist at Nokia at the time of the alleged invention of that patent.  Google has made reasonable efforts to obtain this discovery without burdening judicial authorities in other jurisdictions.  Specifically, Google's counsel attempted to work with Nokia's counsel to serve Mr. Mustonen and Mr. Rytivaara with appropriate subpoenas.  On November 12, 2020, Nokia's counsel in this Investigation confirmed that they do not represent Mr. Mustonen and Mr. Rytivaara relating to this Investigation and cannot accept service on behalf of Mr. Mustonen or Mr. Rytivaara.

The close of fact discovery is January 28, 2021; initial expert reports are due February 4, 2021; rebuttal expert reports are due February 18, 2021; and the evidentiary hearing is scheduled to begin on May 3, 2021.  *See Id.* Order No. 6 (Sep. 11, 2020). Judicial assistance therefore is necessary to ensure that Google has a full and fair opportunity to gather documents and testimony from Mr. Mustonen and Mr. Rytivaara.

## II.    APPLICABLE LAW

### A.    The Hague Convention

The Hague Convention provides that "[i]n civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provision of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act."[2]  Both the United States and Finland are signatories (*i.e.*, Contracting States) to the Hague Convention. Finland ratified the Hague Convention on April 7, 1976.[3]  Thus, a Letter of Request

---

[2] Hague Convention, Art. 1.
[3] *See* Hague Conf. on Private Int'l Law, *Status Table*,

pursuant to the Hague Convention is an appropriate means for seeking documents and deposition testimony from a nonparty foreign national located outside the United States.

### B.    Authority of the District Court for the District of Columbia

The purpose of the Hague Convention is to establish a system, based on international comity, that enables a requesting state to obtain evidence abroad in a manner "tolerable" to the state executing the request.  *See Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct.*, 482 U.S. 522, 530 (1987).  Accordingly, the Hague Convention authorizes the District Court for the District of Columbia to issue the Letter of Request.  *See* 28 U.S.C. § 1781(b)(2) (permitting "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner" and reproducing the Hague Convention); *Societe Nationale* at 535 ("a judicial authority in one contracting state 'may' forward a letter of request to the competent authority in another contracting state for the purpose of obtaining evidence").

When such a request is required in an administrative case, it may be issued by a district court under the All Writs Act (28 U.S.C. § 1651) at the request of an Administrative Law Judge.  *See Apple, Inc. v. Cambridge Silicon Radio Int'l, PLC*, 12-mc-00313-RC, Slip Op. at 2 (D.D.C. Aug. 10, 2012); *LSI Corporation and Agere Systems, Inc. v. Funai Electric Company, Ltd., Funai Corporation Inc., P&F USA, Inc., Funai Service Corporation, MediaTek Inc., MediaTek USA, Inc., MediaTek Wireless, Inc. (USA), Ralink Technology Corporation (USA), and Realtek Semiconductor Corporation*, 12-mc-00456-JEB, Slip Op. at 1 (D.D.C. Sept. 4, 2012).

---

http://www.hcch.net/index_en.php?act=conventions.status&cid=82 (last updated April 4, 2020).

## III.    ARGUMENT

The issuance of the Letters of Request to the Central Authority of Finland is warranted for three reasons: 1) the information sought is highly relevant to Google's defenses in this Investigation; 2) the Letters of Request are narrowly tailored to minimize the burden on Mr. Mustonen and Mr. Rytivaara; and 3) Google is unable to obtain the requested information by any other means.

### A.    The Information Sought is Highly Relevant to Google's Defenses in This Investigation.

As the sole named inventors of the '706 Patent, Mr. Mustonen was the R&D Research Engineer at Nokia and Mr. Rytivaara was the Senior Research Engineer, SW Specialist at Nokia at the time of the alleged invention of that patent.  Mr. Mustonen and Mr. Rytivaara are in possession of information related to the conception and reduction to practice of the alleged invention of the '706 Patent; the construction of the claim terms and the embodiments of the alleged invention of the '706 patent; relevant prior art to the '706 Patent; and the prosecution history of the '706 Patent.  Google has also asserted that the '706 Patent may be unenforceable because of the inequitable conduct of the two inventors, Mr. Mustonen and Mr. Rytivaara, for their failure to disclose to the United States Patent and Trademark Office ("USPTO") publications material to the prosecution of the application leading to the issuance of the '706 Patent.

### B.    The Letters of Request are Narrowly Tailored to Minimize the Burden on Mr. Mustonen and Mr. Rytivaara.

Google's document requests and deposition topics are narrowly tailored to elicit documents and testimony that Google has reason to believe are in Mr. Mustonen and Mr. Rytivaara's possession, and that are unavailable from other sources.  Google's document requests and deposition topics also are narrowly tailored to only address the specific

categories of evidence required to prove Google's defenses, and to authenticate Mr.

Mustonen and Mr. Rytivaara's documents that Google was only able to obtain indirectly.

The narrow scope of Google's document requests and deposition topics is particularly

reasonable in light of the importance of the evidence that they seek.

      **C.**      **Google is Unable to Obtain the Requested Information by Any Other Means.**

Google has made reasonable efforts to obtain this discovery without burdening

judicial authorities in other jurisdictions.  Specifically, Google's counsel attempted to

work with Nokia's counsel to serve Mr. Mustonen and Mr. Rytivaara with appropriate

subpoenas.  However, on November 12, 2020, Nokia's counsel confirmed that they do

not represent Mr. Mustonen and Mr. Rytivaara in this Investigation and cannot accept

service on behalf of Mr. Mustonen or Mr. Rytivaara.

**IV.**      **CONCLUSION.**

For the foregoing reasons, Google respectfully requests that this Court grant

Google's Motion and issue Google's Letters of Request in accordance with the

recommendation of the Administrative Law Judge presiding over the Investigation.

Google also respectfully requests that, if necessary, this Court schedule a hearing to

expedite issuance of the Letters of Request so that Google has sufficient time to obtain

the requested information within the compact procedural schedule of the Investigation.

Dated: November 25, 2020

Respectfully submitted,

*/s/ Shamita Etienne-Cummings*
Shamita Etienne-Cummings (D.C. Bar No. 467197)
WHITE & CASE LLP
701 Thirteenth Street, N.W.
Washington, D.C.  20005

Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355
Email:  setienne@whitecase.com

# ADDENDUM A

## UNITED STATES INTERNATIONAL TRADE COMMISSION

### Washington, D.C.

---

**In the Matter of**

**CERTAIN ELECTRONIC DEVICES, INCLUDING COMPUTERS, TABLET COMPUTERS, AND COMPONENTS AND MODULES THEREOF**

Inv. No.  337-TA-1208

---

### RECOMMENDATION TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA TO ISSUE LETTERS OF REQUEST FOR JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

(November 24, 2020)

The undersigned Administrative Law Judge finds that the evidence that Intervenor Google LLC ("Google") seeks from Mika P. Mustonen and Markku Rytivaara pursuant to its Proposed Letters of Request is reasonably necessary to investigate fully their defenses to a claim of violation of section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, in the above-captioned matter before the United States International Trade Commission.  Accordingly, the undersigned recommends that the District Court for the District of Columbia issue, under its seal and signature, the attached Letters of Request to the appropriate Central Authority in Finland.

Letters of Request are the appropriate method of gathering the necessary requested evidence outside the United States.  Google must transmit the Letters of Request with a District Court Judge's signature and the District Court's seal to the appropriate Central Authority in Finland.  The Proposed Letters of Request meet the standards set forth by the Hague Convention

regarding the Republic of Finland.  *See* U.S. Department of State, Finland Judicial Assistance Information (last updated Nov. 15, 2013).[1]

In order to comply with the statutory time limitations on International Trade Commission investigations, the undersigned respectfully requests the Court to assign a judge and schedule a hearing to expedite the issuance of the Letters of Request.

Respectfully Submitted,

*Dee Lord*

Dee Lord
Administrative Law Judge
U.S. International Trade Commission
500 E Street, S.W.
Washington, DC 20436

Address for Return of Issued Letter of Request:

Shamita D. Etienne-Cummings
David Markoff
701 13th Street NW
Washington, DC 20005-3807
Telephone:  202.626.3600
Facsimile:   202.639.9355
Email: WCGoogleITC1208@whitecase.com

---

[1] *Available at* https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Finland.html.

CERTAIN ELECTRONIC DEVICES, INCLUDING
COMPUTERS, TABLET COMPUTERS, AND
COMPONENTS AND MODULES THEREOF

Inv. No. 337-TA-1208

## PUBLIC CERTIFICATE OF SERVICE

I, Lisa R. Barton, hereby certify that the attached **ORDER** has been served via EDIS
upon the Commission Investigative Attorney, **Todd P. Taylor, Esq.** and the following parties
as indicated, on **November 24, 2020.**

Lisa R. Barton, Secretary
U.S. International Trade Commission
500 E Street, SW, Room 112
Washington, DC  20436

### On Behalf of Complainants Nokia Technologies Oy and Nokia Corporation:

| | |
|---|---|
| Adam D. Swain, Esq. | ☐ Via Hand Delivery |
| **ALSTON & BIRD LLP** | ☐ Via Express Delivery |
| One Atlantic Center | ☐ Via First Class Mail |
| 1201 West Peachtree Street | ☒ Other: Email Notification |
| Atlanta, GA 30309 | of Availability for Download |
| Email:adam.swain@alston.com | |

### On Behalf of Respondents Lenovo (United States) Inc., Lenovo Group Limited, Lenovo (Beijing) Limited, Lenovo PC HK Limited, Lenovo (Shanghai) Electronics Technology Co. Ltd., Lenovo Information Products Shenzhen Co. Ltd., Lenovo Mobile Communication, Lenovo Corporation, and Lenovo Centro Tecnologico S. de RL CV:

| | |
|---|---|
| Kate Saxton, Esq. | ☐ Via Hand Delivery |
| **WILMER CUTLER PICKERING HALL AND DORR LLP** | ☐ Via Express Delivery |
| 60 State Street | ☐ Via First Class Mail |
| Boston, MA 02109 | ☒ Other: Email Notification |
| Email: Kate.Saxton@wilmerhale.com | of Availability for Download |

### On Behalf of Intervenor Google Inc.:

| | |
|---|---|
| Shamita D. Etienne-Cummings, Esq. | ☐ Via Hand Delivery |
| **WHITE & CASE LLP** | ☐ Via Express Delivery |
| 701 13th Street NW | ☐ Via First Class Mail |
| Washington, DC 20007 | ☒ Other: Email Notification |
| Email: setienne@whitecase.com | of Availability for Download |

# ATTACHMENT A

**UNITED STATES INTERNATIONAL TRADE COMMISSION
WASHINGTON, DC**

Before the Honorable Dee Lord
Administrative Law Judge

| | |
|---|---|
| In the Matter of | Investigation No. 337-TA-1208 |
| CERTAIN ELECTRONIC DEVICES, INCLUDING COMPUTERS, TABLET COMPUTERS, AND COMPONENTS AND MODULES THEREOF | |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF
EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS (28
U.S.C. § 1782)**

TO:     Ministry of Justice
        Unit for International Judicial Cooperation
        P.O. Box 25
        FIN-00023 Government
        Finland
        Phone: +358 (9) 1606 7628
        Email: central.authority@om.fi

FROM:  The Honorable _____
        The United States District Court for the District of Columbia
        333 Constitution Avenue N.W.
        Washington, D.C.  20001
        Phone: +1 (202) 354-3000

The United States District Court for the District of Columbia presents its compliments

to the Central Authority of Finland, or other office as is appropriate, and requests international

judicial assistance to obtain evidence to be used in the above-captioned investigation

("Investigation").  It has been demonstrated to us that justice cannot completely be done

amongst the parties without the taking of evidence from Mika P. Mustonen, who resides in

Finland and within your jurisdiction.  In conformity with Article 3 of the Hague Convention

1

on the Taking of Evidence Abroad in Civil or Commercial Matters (28 U.S.C. § 1782) ("the

Hague Convention"), the undersigned applicant has the honor to submit the following request:

| | |
|---|---|
| 1. Sender: | The Honorable _____<br>United States District Court for the District of Columbia<br>333 Constitution Avenue N.W.<br>Washington, D.C.  20001<br>Telephone: +1 (202) 354-3000 |
| 2. Central Authority of the Requested State: | Ministry of Justice<br>Unit for International Judicial Cooperation<br>P.O. Box 25<br>FIN-00023 Government<br>Finland<br>Telephone:  +358 (9) 1606 7628<br>Email: central.authority@om.fi |
| 3. Person to whom the executed request is to be returned: | Eric Lancaster<br>WHITE & CASE, LLP<br>3000 El Camino Real<br>2 Palo Alto Square, Suite 900<br>Palo Alto, CA  94306<br>Telephone:  650.213.0300<br>Email: WCGoogleITC1208@whitecase.com |
| 4. Specification of date by which the requesting authority requires receipt of the response to the letter of request: | A response is requested by December 28, 2020, or as soon as practicable before that date, in order to ensure the evidence may be obtained before the period for fact discovery concludes on January 28, 2021 and is available for use at trial on May 3, 2021.  Expedient treatment of this request will allow the parties and the witness to arrange a mutually agreeable date for testimony and avoid disruption to the witness's business or personal plans. |
| 5. In conformity with Article 3 of the Hague Convention, the undersigned applicant has the honor to submit the following request: | |
| a.  Requesting judicial authority: | United States District Court for the District of Columbia<br>333 Constitution Avenue N.W.<br>Washington, D.C.  20001 |
| b.  To the competent authority of: | Finland |
| c.  Names of the case and any identifying number | *In the Matter of Certain Electronic Devices, Including Computers, Tablet Computers, and Components and Modules Thereof*; Inv. No. 337-TA-1208 (U.S. International Trade Commission) |
| 6. Names and addresses of the parties and their representatives: | |

| | |
|---|---|
| a.  Plaintiffs:<br>(Complainants) | **Nokia Technologies Oy**<br>**Nokia Corporation**<br>Karakaari 7A<br>FIN-02610<br>Espoo, Finland<br>Telephone:   358 (0) 7180-08000<br><br><u>**Representatives:**</u><br>Adam D. Swain<br>ALSTON & BIRD<br>The Atlantic Building<br>950 F Street, NW<br>Washington, DC  20004-1404<br>Lenovo.A&B@alston.com<br><br>Theodore Stevenson III<br>Warren Lipschitz<br>Richard A. Kamprath<br>McKOOL SMITH, P.C.<br>300 Crescent Court, Suite 1500<br>Dallas, TX  75201<br>Nokia_Lenovo_ITC@McKoolSmith.com |
| b.  Defendants:<br>(Respondents) | **Lenovo Group Limited; Lenovo (United States) Inc.;**<br>**Lenovo (Beijing) Limited.; Lenovo PC HK Limited;**<br>**Lenovo (Shanghai) Electronics Technology Co. Ltd.;**<br>**Lenovo Information Products (Shenzhen) Co. Ltd.;**<br>**Lenovo Mobile Communication Import and Export**<br>**(Wuhan) Co. Ltd.; Lenovo Centro Tecnologico S. de**<br>**RL CV**<br><br>**Representatives:**<br>William F. Lee<br>Joseph J. Mueller<br>Richard W. O'Neill<br>Sarah R. Frazier<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>60 State Street<br>Boston, MA  02109<br>Telephone:  (617) 526-6000<br>WHLenovo-Nokia1208servicelist@WilmerHale.com<br><br>Michael D. Esch<br>Todd Zubler<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>1875 Pennsylvania Avenue, NW<br>Washington, DC  20006 |

| | |
|---|---|
| | Telephone:  (202) 663-6000<br>WHLenovo-Nokia1208servicelist@WilmerHale.com |
| c.   Intervenor | **Google LLC.**<br>1600 Amphitheatre Parkway<br>Mountain View, CA  94043<br>United States<br><br>**Representatives:**<br>Shamita D. Etienne-Cummings<br>David Markoff<br>701 13th Street NW<br>Washington, DC  20005-3807<br>Telephone:  202.626.3600<br>Facsimile:  202.639.9355<br>WCGoogleITC1208@whitecase.com<br><br>Eric Lancaster<br>Don Zhe Nan Wang<br>Emily Yang<br>3000 El Camino Real<br>2 Palo Alto Square, Suite 900<br>Palo Alto, CA  94306<br>Telephone:  650.213.0300<br>Facsimile:  650.213.8158 |
| d.   Other parties<br>International Trade<br>Commission Investigative<br>Attorney:<br>(Party to the Investigation) | **Representative:**<br>Todd P. Taylor, Esq.<br>Office of Unfair Import Investigations<br>500 E Street, S.W., Suite 401<br>Washington D.C.  20436<br>Email:  todd.taylor@usitc.gov<br>Email:  jeffrey.hsu@usitc.gov<br>Telephone:  (202) 205-2221 |
| 7. Nature and purpose of the<br>proceedings, summary of the<br>complaint and summary of<br>defense and counterclaim: | **a.  Nature of the proceedings**<br><br>The matter *In the Matter of Certain Electronic Devices,*<br>*Including Computers, Tablet Computers, and*<br>*Components and Modules Thereof* is an investigation of<br>alleged patent infringement under Section 337 of the<br>Tariff Act of 1920.  On July 2, 2020,<br>Plaintiff/Complainant Nokia Technologies Oy and Nokia<br>Corporation (collectively "Nokia") filed a complaint with<br>the U.S. International Trade Commission, alleging |

infringement of five patents:  U.S. Patent No. 8,144,764 ("'764 patent"), U.S. Patent No. 7,532,808 ("'808 patent"), U.S. Patent No. 6,950,469 ("'469 patent"), U.S. Patent No. 7,724,818 ("'818 patent"), and U.S. Patent No. 8,583,706 ("'706 patent").  The Complaint identifies the following parties as Respondents:  Lenovo Group Limited; Lenovo (United States), Inc.; Lenovo (Beijing Limited); Lenovo PC HK Limited; Lenovo (Shanghai) Electronics Technology Co. Ltd.; Lenovo Information Products Shenzhen Co. Ltd.; Lenovo Mobile Communication; Lenovo Corporation; Lenovo Centro Tecnologico S. de RL CV (collectively "Respondents" or "Lenovo").

The Commission instituted the Investigation on August 4, 2020.  This matter has been assigned to the Honorable Dee Lord.  On September 4, 2020, Google LLC was added to the Investigation as an intervenor without limitation.  The presiding Administrative Law Judge has entered a protective order, attached as Exhibit A covering the use of confidential material in this Investigation.  The presiding Administrative Law Judge also issued a scheduling order that requires completion of fact discovery by January 28, 2021 and sets a hearing (trial) date for May 3-7, 2021.  Discovery, including documentary disclosure and depositions, is ongoing.  Because the U.S. International Trade Commission is an administrative body, to ensure compliance with the Hague Convention, its usual practice is to request that the U.S. District Court for the District of Columbia review, sign, and seal a Letter of Request on its behalf.

**b. Summary of the complaint**

Nokia alleges that Lenovo infringes U.S. Patent No. 8,144,764 ("'764 patent"), U.S. Patent No. 7,532,808 ("'808 patent"), U.S. Patent No. 6,950,469 ("'469 patent"), U.S. Patent No. 7,724,818 ("'818 patent"), and U.S. Patent No. 8,583,706 ("'706 patent").  According to the Complaint, the Lenovo devices accused of infringing the '706 patent infringe by way of their incorporation of the Google Assistant functionality.  In addition, the Complaint identifies Samsung devices that utilize Google Assistant functionality as "Domestic Industry Products" alleging that they "practice at least Claim 6 of the '706 Patent."  The '706 Patent names Mika P. Mustonen, Finland as the inventor.

| | |
|---|---|
| | **c. Summary of defense and counterclaim**<br><br>Several defenses have been raised against Nokia's allegations of patent infringement, including the defenses of invalidity of the patents; noninfringement of the patents; U.S. government sales being outside the scope of the proceeding; estoppel, waiver, unclean hands, and/or other equitable doctrines; license; patent exhaustion; lack of domestic industry; and Nokia's demands for relief being against public interest.  This Letter of Request is intended to obtain information particularly relevant to invalidity, non-infringement and prosecution estoppel of the '706 Patent. |
| 8. Evidence to be obtained or other judicial act to be performed and purpose of the evidence sought: | This Court requests that Mika P. Mustonen be compelled to appear for deposition (the giving of testimony, out of court, before a "court reporter").  This Court also requests that Mika P. Mustonen be compelled to produce all documents within his possession, custody, or control covered by the schedule attached as Exhibit B.<br><br>Mr. Mustonen is the first named inventor of the '706 Patent and was the R&D Research Engineer at Nokia at the time of the alleged invention of that patent.  Mr. Mustonen is in possession of information related to the conception and reduction to practice of the alleged invention of the '706 Patent; the construction of the claim terms and the embodiments of the alleged invention of the '706 patent; relevant prior art to the '706 Patent; and the prosecution history of the '706 Patent.  Google has also asserted that the '706 Patent may be unenforceable because of the inequitable conduct of the two inventors, Mr. Mustonen and Mr. Rytivaara, for their failure to disclose to the United States Patent and Trademark Office ("USPTO") publication materials to the prosecution of the application leading to the issuance of the '706 Patent. |
| 9. Identity and address of any person to be examined: | Mika P. Mustonen<br>Polar Electro Oy<br>Professorintie 5<br>90440<br>Kempele, Finland |

| | |
|---|---|
| 10.    Questions to be put to the person to be examined or statement of the subject matter about which he is to be examined: | *See* Exhibit B. |
| 11.    Documents or other property to be inspected: | *See* Exhibit B. |
| 12.    Any requirement that the evidence be given on oath or affirmation and any specific form to be used: | This Court requests that the witness listed in Section 9 above should be examined under oath or affirmation, or in the alternative, should be instructed of the consequences for the giving of untruthful and false answers under the law of Finland. |
| 13.    Special methods or procedure to be followed: | This Court respectfully requests as follows:<br>a.   That the testimony of the witness be taken according to the United States practice, *i.e.*, having the witness's oral testimony recorded by stenographic means, and that a transcript be promptly made and authenticated in accordance with the procedure in Finland, or alternatively that the parties be allowed access to a digital recording of the proceeding from which they can make their certified copy of the proceedings;<br>b.   That the testimony of the witness be taken remotely;<br>c.   That Google's representative be permitted to ask questions on the topics described in Section 10 for a total of six hours, that Nokia's representative be permitted to ask questions of the witness for one hour on the same topics, after which Google's representative may use the remainder of the six-hour period;<br>d.   That counsel for the parties be permitted to attend the taking of the testimony of the witness and to ask questions of the witness (through the appointment of an interpreter, if necessary);<br>e.   That the witness produce documents in his procession, custody, or control as described in Section 11, three weeks prior to the deposition at a |

| | |
|---|---|
| | time and place to be fixed by the Ministry of Justice, with each of Google and Nokia's representatives being allowed an opportunity to inspect and copy these documents.  Documents designated by the witness as "Confidential" shall be protected from disclosure pursuant to the terms of the Protective Order, which is attached as Exhibit A;<br><br>f.   That the appointed Finish Court or appropriate personnel forward the record of the testimony and/or any digital copies of the proceedings for use in this Investigation to the representatives indicated in Sections 3 and 6 above at the addresses listed. |
| 14.     Request for notification of the time and place for the execution of the Letter of Request and identity and address of any person to be notified: | This Court requests that the legal representatives for the parties (listed in Section 6 above) be informed as soon as practicable of the time and place for the deposition of the witness. |
| 15.     Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request: | None. |
| 16.     Specification of privilege or duty to refuse to give evidence under the law of the state of original: | The witness may refuse to give evidence only insofar as they have a legal privilege or duty to refuse to give evidence under the laws of the United States or the laws of Finland.<br><br>Any legal privilege to refuse to give evidence under United States law is contained in the United States Federal Rules of Civil Procedure, Federal Rules of Evidence, and other applicable United States laws.  Specifically, the witness must answer all questions unless the witness is appropriately directed by counsel not to answer the question.  Such an instruction is appropriate only when necessary to preserve a legal privilege, to enforce a limitation directed by a court, or to support a motion to cease testimony due to harassment of the witness. |

| 17. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Hague Convention will be borne by: | Google and/or its counsel identified above in Section 6B. |
|---|---|
| Attachments:<br>Exhibit A: Protective Order<br>Exhibit B: Request for Production and Deposition Topics | |

**Exhibit A**

# UNITED STATES INTERNATIONAL TRADE COMMISSION

## Washington, D.C.

---

In the Matter of

**CERTAIN ELECTRONIC DEVICES,**          Inv. No.  337-TA-1208
**INCLUDING COMPUTERS, TABLET**
**COMPUTERS, AND COMPONENTS AND**
**MODULES THEREOF**

---

**ORDER NO. 1:          PROTECTIVE ORDER**

(August 6, 2020)

WHEREAS, documents and information may be sought, produced or exhibited by and among the parties to the above captioned proceeding, which materials relate to trade secrets or other confidential research, development or commercial information, as such terms are used in the Commission's Rules, 19 C.F.R. § 210.5;

IT IS HEREBY ORDERED THAT:

1.       Confidential business information is information which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, or other information of commercial value, the disclosure of which is likely to have the effect of either (i) impairing the Commission's ability to obtain such information as is necessary to perform its statutory functions; or (ii) causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained, unless the Commission is required by law to disclose such

information.  The term "confidential business information" includes "proprietary information" within the meaning of section 777(b) of the Tariff Act of 1930 (19 U.S.C. § 1677f(b)).

2(a).    Any information submitted, in pre-hearing discovery or in a pleading, motion, or response to a motion either voluntarily or pursuant to order, in this investigation, which is asserted by a supplier to contain or constitute confidential business information shall be so designated by such supplier in writing, or orally at a deposition, conference or hearing, and shall be segregated from other information being submitted.  Documents shall be clearly and prominently marked on their face with the legend:  "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER" or a comparable notice.  Such information, whether submitted in writing or in oral testimony, shall be treated in accordance with the terms of this protective order.

(b).    The Administrative Law Judge or the Commission may determine that information alleged to be confidential is not confidential, or that its disclosure is necessary for the proper disposition of the proceeding, before, during or after the close of a hearing herein.  If such a determination is made by the Administrative Law Judge or the Commission, opportunity shall be provided to the supplier of such information to argue its confidentiality prior to the time of such ruling.

3.    In the absence of written permission from the supplier or an order by the Commission or the Administrative Law Judge, any confidential documents or business information submitted in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than:  (i) outside counsel for parties to this investigation, including necessary secretarial and support personnel assisting such counsel; (ii) qualified persons taking testimony involving such documents or information and necessary stenographic and clerical

2

personnel thereof; (iii) technical experts and their staff who are employed for the purposes of this

litigation (unless they are otherwise employed by, consultants to, or otherwise affiliated with a

non-governmental party, or are employees of any domestic or foreign manufacturer, wholesaler,

retailer, or distributor of the products, devices or component parts that are the subject of this

investigation); (iv) the Commission, the Administrative Law Judge, the Commission staff, and

personnel of any governmental agency as authorized by the Commission; (v) the Commission, its

employees, and contract personnel who are acting in the capacity of Commission employees, for

developing or maintaining the records of this investigation or related proceedings for which this

information is submitted, or in internal audits and investigations relating to the programs and

operations of the Commission pursuant to 5 U.S.C. Appendix 3; and (vi) by U.S. government

employees and contract personnel, solely for cybersecurity purposes.[1]

    4.    Confidential business information submitted in accordance with the provisions of

paragraph 2 above shall not be made available to any person designated in paragraph 3(i)[2] and

(iii) unless he or she shall have first read this order and shall have agreed, by letter filed with the

Secretary of this Commission:  (i) to be bound by the terms thereof; (ii) not to reveal such

confidential business information to anyone other than another person designated in paragraph 3;

(iii) to utilize such confidential business information solely for purposes of this investigation;

and (iv) including the following acknowledgment:

> I, the undersigned, acknowledge that information submitted in response to this
> request for information and throughout this investigation or other proceeding may
> be disclosed to and used:
>
> (i) by the Commission, its employees and Offices, and contract personnel (a) for
> developing or maintaining the records of this or a related proceeding, or (b) in
> internal investigations, audits, reviews, and evaluations relating to the programs,

---

[1] *See* Commission Administrative Order 16-01 (Nov. 7, 2015).
[2] Necessary secretarial and support personnel assisting counsel need not sign onto the protective order themselves because they are covered by counsel's signing onto the protective order.

personnel, and operations of the Commission including under 5 U.S.C. Appendix 3; or

(ii) by U.S. government employees and contract personnel, solely for cybersecurity purposes. I understand that all contract personnel will sign appropriate nondisclosure agreements.

5.      If the Commission or the Administrative Law Judge orders, or if the supplier and all parties to the investigation agree, that access to, or dissemination of information submitted as confidential business information shall be made to persons not included in paragraph 3 above, such matter shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this order, and such persons shall be considered subject to it, unless the Commission or the Administrative Law Judge finds that the information is not confidential business information as defined in paragraph 1 hereof.

6(a).    Any confidential business information submitted to the Commission or the Administrative Law Judge in connection with a motion or other proceeding within the purview of this investigation shall be submitted under seal pursuant to paragraph 2 above.  Any portion of a transcript in connection with this investigation containing any confidential business information submitted pursuant to paragraph 2 above shall be bound separately and filed under seal.  When any confidential business information submitted in accordance with paragraph 2 above is included in an authorized transcript of a deposition or exhibits thereto, arrangements shall be made with the court reporter taking the deposition to bind such confidential portions and separately label them "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER."  Before a court reporter or translator receives any such information, he or she shall have first read this order and shall have agreed in writing to be bound by the terms thereof.  Alternatively, he or she shall sign the agreement included as Attachment A hereto.

Copies of each such signed agreement shall be provided to the supplier of such confidential business information and the Secretary of the Commission.

(b)      Suppliers of confidential business information are strongly encouraged to encrypt nonpublic documents that are electronically transmitted to the Commission to protect your sensitive information from unauthorized disclosure. The USITC secure drop-box system and the Electronic Document Information System (EDIS) use Federal Information Processing Standards (FIPS) 140-2 cryptographic algorithms to encrypt data in transit. Submitting your nonpublic documents by a means that does not use these encryption algorithms (such as by email) may subject your firm's nonpublic information to unauthorized disclosure during transmission. If you choose a non-encrypted method of electronic transmission, the Commission warns you that the risk of such possible unauthorized disclosure is assumed by you and not by the Commission.

7.      The restrictions upon, and obligations accruing to, persons who become subject to this order shall not apply to any information submitted in accordance with paragraph 2 above to which the person asserting the confidential status thereof agrees in writing, or the Commission or the Administrative Law Judge rules, after an opportunity for hearing, was publicly known at the time it was supplied to the receiving party or has since become publicly known through no fault of the receiving party.

8.      The Commission, the Administrative Law Judge, and the Commission investigative attorney acknowledge that any document or information submitted as confidential business information pursuant to paragraph 2 above is to be treated as such within the meaning of 5 U.S.C. § 552(b)(4) and 18 U.S.C. § 1905, subject to a contrary ruling, after hearing, by the Commission or its Freedom of Information Act Officer, or the Administrative Law Judge.  When such information is made part of a pleading or is offered into the evidentiary record, the data set

forth in 19 C.F.R. § 201.6 must be provided except during the time that the proceeding is

pending before the Administrative Law Judge.  During that time, the party offering the

confidential business information must, upon request, provide a statement as to the claimed basis

for its confidentiality.

      9.      Unless a designation of confidentiality has been withdrawn, or a determination

has been made by the Commission or the Administrative Law Judge that information designated

as confidential, is no longer confidential, the Commission, the Administrative Law Judge, and

the Commission investigative attorney shall take all necessary and proper steps to preserve the

confidentiality of, and to protect each supplier's rights with respect to, any confidential business

information designated by the supplier in accordance with paragraph 2 above, including, without

limitation:  (a) notifying the supplier promptly of (i) any inquiry or request by anyone for the

substance of or access to such confidential business information, other than those authorized

pursuant to this order, under the Freedom of Information Act, as amended (5 U.S.C. § 552) and

(ii) any proposal to redesignate or make public any such confidential business information; and

(b) providing the supplier at least seven days after receipt of such inquiry or request within which

to take action before the Commission, its Freedom of Information Act Officer, or the

Administrative Law Judge, or otherwise to preserve the confidentiality of and to protect its rights

in, and to, such confidential business information.

      10.     If while an investigation is before the Administrative Law Judge, a party to this

order who is to be a recipient of any business information designated as confidential and

submitted in accordance with paragraph 2 disagrees with respect to such a designation, in full or

in part, it shall notify the supplier in writing, and they will thereupon confer as to the status of the

subject information proffered within the context of this order.  If prior to, or at the time of such a

conference, the supplier withdraws its designation of such information as being subject to this order, but nonetheless submits such information for purposes of the investigation, such supplier shall express the withdrawal, in writing, and serve such withdrawal upon all parties and the Administrative Law Judge.  If the recipient and supplier are unable to concur upon the status of the subject information submitted as confidential business information within ten days from the date of notification of such disagreement, any party to this order may raise the issue of the designation of such a status to the Administrative Law Judge who will rule upon the matter.  The Administrative Law Judge may *sua sponte* question the designation of the confidential status of any information and, after opportunity for hearing, may remove the confidentiality designation.

11.     No less than 10 days (or any other period of time designated by the Administrative Law Judge) prior to the initial disclosure to a proposed expert of any confidential information submitted in accordance with paragraph 2, the party proposing to use such expert shall submit in writing the name of such proposed expert and his or her educational and detailed employment history to the supplier.  If the supplier objects to the disclosure of such confidential business information to such proposed expert as inconsistent with the language or intent of this order or on other grounds, it shall notify the recipient in writing of its objection and the grounds therefore prior to the initial disclosure.  If the dispute is not resolved on an informal basis within ten days of receipt of such notice of objections, the supplier shall submit immediately each objection to the Administrative Law Judge for a ruling by filing a motion for a protective order pursuant to Commission Rule 210.34.  If the investigation is before the Commission the matter shall be submitted to the Commission for resolution.  The submission of such confidential business information to such proposed expert shall be withheld pending the ruling of the Commission or the Administrative Law Judge.  The terms of this paragraph shall be inapplicable

to experts within the Commission or to experts from other governmental agencies who are consulted with or used by the Commission.

12.     If confidential business information submitted in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this protective order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the supplier and the Administrative Law Judge and, without prejudice to other rights and remedies of the supplier, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

13.     Nothing in this order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Commission, its Freedom of Information Act Officer, or the Administrative Law Judge concerning the issue of the status of confidential business information.

14.     Upon final termination of this investigation, each recipient of confidential business information that is subject to this order shall assemble and return to the supplier all items containing such information submitted in accordance with paragraph 2 above, including all copies of such matter which may have been made.  Alternatively, the parties subject to this order may, with the written consent of the supplier, destroy all items containing confidential business information and certify to the supplier (or his counsel) that such destruction has taken place. This paragraph shall not apply to the Commission, including its investigative attorney, and the Administrative Law Judge, which shall retain such material pursuant to statutory requirements and for other recordkeeping purposes, but may destroy such material (including electronic media containing such information) in its possession which it regards as surplusage.

Notwithstanding the above paragraph, confidential business information may be transmitted to a district court pursuant to Commission Rule 210.5(c).

15.     If any confidential business information which is supplied in accordance with paragraph 2 above is supplied by a nonparty to this investigation, such a nonparty shall be considered a "supplier" as that term is used in the context of this order.

16.     Each nonparty supplier shall be provided a copy of this order by the party seeking information from said supplier.

17.     The Secretary shall serve a copy of this order upon all represented parties by electronic service, and Complainants shall complete service on unrepresented parties, pursuant to Ground Rule 1.5.

**SO ORDERED.**

_____
Dee Lord
Administrative Law Judge

Attachment A

NONDISCLOSURE AGREEMENT FOR REPORTER/STENOGRAPHER/TRANSLATOR

I, _____ , do solemnly swear or affirm that I will not divulge any information communicated to me in any confidential portion of the investigation or hearing in the matter of *Certain Electronic Devices, Including Computers, Tablet Computers, and Components and Modules Thereof*, Investigation No. 337-TA-1208, except as permitted in the protective order issued in this case.  I will not directly or indirectly use, or allow the use of such information for any purpose other than that directly associated with my official duties in this case.

Further, I will not by direct action, discussion, recommendation, or suggestion to any person reveal the nature or content of any information communicated during any confidential portion of the investigation or hearing in this case.

I also affirm that I do not hold any position or official relationship with any of the participants in said investigation.

I am aware that the unauthorized use or conveyance of information as specified above is a violation of the Federal Criminal Code and punishable by a fine of up to $10,000, imprisonment of up to ten (10) years, or both.


Signed

Dated

Firm or affiliation

**CERTAIN ELECTRONIC DEVICES, INCLUDING**　　　　**Inv. No. 337-TA-1208**
**COMPUTERS, TABLET COMPUTERS, AND**
**COMPONENTS AND MODULES THEREOF**

## PUBLIC CERTIFICATE OF SERVICE

     I, Lisa R. Barton, hereby certify that the attached **ORDER** has been served by EDIS upon the Commission Investigative Attorney, **Todd P. Taylor, Esq.** and the following parties as indicated, on **August 6, 2020.**

                                   Lisa R. Barton, Secretary
                s                     U.S. International Trade Commission
                                   500 E Street, SW, Room 112
                                   Washington, DC  20436

**On Behalf of Complainants Nokia Technologies Oy and Nokia Corporation:**

| | |
|---|---|
| Adam D. Swain, Esq. | ☐ Via Hand Delivery |
| **ALSTON & BIRD LLP** | ☐ Via Express Delivery |
| One Atlantic Center | ☐ Via First Class Mail |
| 1201 West Peachtree Street | ☒ Other: Email Notification |
| Atlanta, GA 30309 | of Availability for Download |
| Email: adam.swain@alston.com | |

**Respondents:**

| | |
|---|---|
| Lenovo (United States), Inc. | ☐ Via Hand Delivery |
| 8001 Development Drive | ☐ Via Express Delivery |
| Morrisville, NC 27560 | ☐ Via First Class Mail |
| | ☒ Other: Service to Be |
| | Completed by Complainants |
| | |
| Lenovo Group Limited | ☐ Via Hand Delivery |
| Lincoln House, 23rd Floor, Taikoo Place | ☐ Via Express Delivery |
| 979 King's Road | ☐ Via First Class Mail |
| Quarry Bay, Hong Kong | ☒ Other: Service to Be |
| | Completed by Complainants |
| | |
| Lenovo (Beijing) Limited | ☐ Via Hand Delivery |
| 6 Chuangye Road | ☐ Via Express Delivery |
| Shangdi Haidian District | ☐ Via First Class Mail |
| 100085 Beijing | ☒ Other: Service to Be |
| China | Completed by Complainants |

**CERTAIN ELECTRONIC DEVICES, INCLUDING**           Inv. No. 337-TA-3466
**COMPUTERS, TABLET COMPUTERS, AND**
**COMPONENTS AND MODULES THEREOF**

Certificate of Service – Page 2

Lenovo (Shanghai) Electronics Technology Co. Ltd.          ☐ Via Hand Delivery
No. 696 Songtao Road          ☐ Via Express Delivery
200000 Shanghai          ☐ Via First Class Mail
China          ☒ Other: Service to Be
Completed by Complainants

Lenovo PC HK Limited          ☐ Via Hand Delivery
Lincoln House, 23rd Floor, Taikoo Place          ☐ Via Express Delivery
979 King's Road, Quarry Bay          ☐ Via First Class Mail
Hong Kong          ☒ Other: Service to Be
Completed by Complainants

Lenovo Information Products Shenzhen Co. Ltd.          ☐ Via Hand Delivery
No. 30 Tao Hua Road, Free Trade Zone, FuTian District          ☐ Via Express Delivery
Shenzhen City, Guangdong Province          ☐ Via First Class Mail
518038 Zhenzhen          ☒ Other: Service to Be
China          Completed by Complainants

Lenovo Mobile Communication          ☐ Via Hand Delivery
No. 19, Gaoxin 4th Road          ☐ Via Express Delivery
East Lake New Technology Development          ☐ Via First Class Mail
Zone, Hubei, 430079 Wuhan          ☒ Other: Service to Be
China          Completed by Complainants

Lenovo Corporation          ☐ Via Hand Delivery
No. 2088 Pangjin Road, Wujiang City, Jiangsu          ☐ Via Express Delivery
215217 Wujiang          ☐ Via First Class Mail
China          ☒ Other: Service to Be
Completed by Complainants

Lenovo Centro Tecnologico S. de RL CV          ☐ Via Hand Delivery
Blvd. Escobedo No. 316          ☐ Via Express Delivery
Parque Industrial Technology          ☐ Via First Class Mail
66600 Apodaca, Nuevo Leon          ☒ Other: Service to Be
Mexico          Completed by Complainants

## Exhibit B

### DEFINITIONS

1.      The definitions set forth herein have the broadest possible meaning under Commission Rule 210.27, 19 C.F.R. § 210.27.

2.      "Complaint" means the complaint filed in the United States International Trade Commission ("ITC") on July 2, 2020 by Nokia Technologies Oy and Nokia Corp. ("Nokia").

3.      "ITC" or "Commission" means the United States International Trade Commission.

4.      "Investigation" means ITC Investigation No. 337-TA-1208, as instituted by the Commission on August 4, 2020 and captioned "Certain Electronic Devices, Including Computers, Tablet Computers, and Components and Modules Thereof."

5.      "The '706 Patent" means United States Patent No. 8,583,706.

6.      "Related Application" means any and all applications related to the '706 Patent by claiming the benefit of the filing date of any patent application whose benefit is claimed by the '706 Patent, including all provisional, non-provisional, continuation, continuation-in-part, divisional, interferences, reexamination, reissue, and foreign counterpart applications.

7.      "Related Patent" means any and all patents based upon or issuing from any Related Application, including any patents that may have been opposed, reexamined, reissued, reviewed, or subjected to any validity or nullity proceeding.

8.      "Related Cases" means any and all cases where any Asserted Patent was alleged to be infringed, including but not limited to *Nokia Technologies Oy, v. Lenovo (Shanghai) Electronics Technology Co., Ltd., Lenovo Group, Ltd., Lenovo Beijing, Ltd., Lenovo PC HK Limited, and Lenovo (United States), Inc.*, No. 19-cv-0427 (E.D.N.C.).

9.      "You," "Your," and "Yourself" means Mika P. Mustonen (i) any other person or entity acting on Mr. Mustonen's behalf or on whose behalf Mr. Mustonen acted; (ii) any person or entity that owes a duty, contractual or otherwise, to communicate with Mr. Mustonen regarding any facts, or provide any documents, relating to the '706 Patent, and the history thereof; and (iii) any other person or entity otherwise subject to Mr. Mustonen's control.

10.      "Respondents" means the Respondents named by Nokia in ITC Investigation No. 337-TA-1208:  Lenovo Group Limited; Lenovo (United States), Inc.; Lenovo (Beijing Limited); Lenovo PC HK Limited; Lenovo (Shanghai) Electronics Technology Co. Ltd.; Lenovo Information Products Shenzhen Co. Ltd.; Lenovo Mobile Communication; Lenovo Corporation; Lenovo Centro Tecnologico S. de RL CV.

11.       "Nokia" means Nokia Technologies Oy and Nokia Corp.

12.      "Google" or "Intervenor" means Google LLC.

13.      "PTO" means the United States Patent and Trademark Office.

14.      "Domestic Industry" means domestic industry as that term is used in, for example, 19 U.S.C. § 1337(a)(3)(A), 19 C.F.R. § 210.12(a)(6)(i), and as alleged in Section XI of the Complaint.

15.      "Prior Art" refers to anything that satisfies the definition of 35 U.S.C. § 102 and/or that may be applied under 35 U.S.C. §§ 102 and/or 103, or that anyone at any time has alleged may be applied under 35 U.S.C. §§ 102 and/or 103, and includes any patent, printed publication, knowledge, use, sale, offer for sale, prior invention, or other act or event defined in 35 U.S.C. § 102 (both pre- and post-America Invents Act ("AIA")), taken singly or in combination.

16.     "Named Inventor" means any individual who contributed to or was involved in the inventions disclosed in the '706 Patent, including without limitation, Mika P. Mustonen and Markku Rytivaara.

17.     "Infringe" and "Infringement" refer to any and all types of infringement set forth in 35 U.S.C. § 271 or unlawful acts prescribed by 19 U.S.C. § 1337(a)(1)(B), including direct infringement, contributory infringement, active inducement of infringement, literal infringement, and/or infringement under the doctrine of equivalents.

18.     "Document" has the meaning prescribed in Commission Rule 210.30, 19 C.F.R. § 210.30, and Federal Rule of Civil Procedure 34.  The term "Document" includes documents in any form, including Documents stored electronically.  Any comment or notation appearing in any Document, and not part of the original text, is to be considered a separate "Document."

19.     "Thing" has the meaning prescribed in Commission Rule 210.30, 19 C.F.R. § 210.30, and Federal Rule of Civil Procedure 34.  "Thing" specifically includes without limitation any disk, tape, or other electronic media storage device, any product, and any model, prototype, or experimental device, or part or assembly thereof.

20.     "Communication" means every manner or method of the disclosure, transfer, or exchange of information, whether orally, electronically, or by hard copy, and whether face-to-face or by telephone, mail, facsimile, email, Internet message, Internet chat, or Internet post, or otherwise.

21.     "Date" means the exact day, month, and year if ascertainable, or if not, then the subpoenaed party's best approximation thereof.

22.     "Person" refers to both a natural person and entity, such as an organization, firm, corporation, or other legal entity.  The acts "of" a Person are defined to include the acts of directors, officers, members, employees, agents, or attorneys acting on the Person's behalf.

23.     "Relate to" or "Relating to," when used in reference to a particular subject, shall be construed in the most inclusive sense, and shall be considered a request that You identify and produce Documents that refer to, discuss, summarize, reflect, constitute, contain, embody, pertain to, mention, show, comment on, evidence, or in any other manner concern the referenced subject matter.

24.     To "Identify" or provide the "Identity" or "Identification" of a Person who is a natural person means to state for that person: the person's full name, present or last known address, present or last known telephone number, present or last known employer and that employer's address, and present or last known job title.  To "Identify" or provide the "Identity" or "Identification" of a Person that is an entity means to state for that entity: the entity's full name, present or last known address, present or last known telephone number, all known names under which the entity has operated in the past, and all known addresses at which the entity has conducted business in the past.

25.     To "Identify" or provide the "Identity" or "Identification" of any Document or Thing means:

    a.    To provide a brief description of such Document or Thing sufficient to support a Request for Production;

    b.    To specify the place where the Document or Thing may be Inspected; and

     c.   If a copy of the Document or Thing has been previously supplied, to so state and specifically identify the previously supplied copy by reference to production number(s) or other identifying information, such as a litigation control number.

26.     To "Identify" an event means to provide a description of the event, the date of the event, the location of the event, and the Persons participating in the event.

27.     As used herein, the singular includes the plural and the present tense includes the past tense.

28.     "And/or," "and," and "or" shall be construed in the conjunctive or disjunctive, whichever makes the Request more inclusive.

29.     "Any" includes "all;" and "all" includes "any."

30.     Definitions and terminology used herein are used for convenience, and do not intend or imply any particular technical meaning or meaning for any term or phrase of any patent.

31.     "Analysis" means an opinion, evaluation, study, review, and/or determination whether or not a conclusion was reached.

## INSTRUCTIONS

The following instructions are applicable to terms in each discovery request unless otherwise explicitly stated:

1.      In producing the documents and things requested, You shall furnish all documents and things known or  available to You within Your possession, custody, or control, wherever located, regardless of whether such documents or things are possessed directly by You or by any of Your agents, officers, employees, attorneys, representatives or those acting on Your behalf.

2.      If any documents responsive to these requests are withheld from production under a claim of privilege or other immunity from discovery You shall preserve such withheld documents and provide a privilege log identifying each document separately, specifying for each document at least: (1) the date; (2) sender(s); (3) recipient(s); and ( 4) general subject matter of the document. If the sender or the recipient is an attorney or a foreign patent agent, he or she should be so identified. The type of privilege claimed must also be stated, together with a certification that all elements of the claimed privilege have been met and have not been waived with respect to each document.

3.      If, after exercising due diligence, You are unable to determine the existence of any documents or things falling within a discovery request requesting identification of documents or things, You shall so state in Your written response.

4.      Where an identified document or any portion of a document is in a language other than English, state whether an English translation of such document or a portion of such document exists and, if so, identify and provide both documents.  "Electronically stored information" or "ESI" must be produced in the following format, barring mutual agreement by the parties:

a.      Single-page group IV TIFFs in at least 600 dpi for black and white images, or .JPG for images produced in color, images shall be produced using a unique file name that will be the production number of that page (e.g., ABC000001.TIFF).  The production number shall appear on the face of the image;

b.      Searchable text files at the document level (one text file for each document, rather than one text file for each page of a document) for each document bearing the name of the beginning production number for each document (text of native files to be extracted directly from native files where possible; OCR for paper documents), productions that contain foreign language documents shall be Unicode compliant, document level text files with a .txt extension will be provided where available. The text file name will correspond to the beginning production number of the image or native file. A field will be included in the DAT with the path to the corresponding text file;

c.      Database load files and cross reference files, e.g., Concordance default delimited file (metadata) and an Opticon-delimited file (image reference files), and including the following fields (to the extent the metadata is available): Beg Bates No.; End Bates No.; Bates Range; Bates ParentID; Attach Begin; Attach End; Page Count; From/Author; To/Recipient(s); CC; Bcc; Email Date Sent; Email Time Sent; Email Date Received; Email Time Received; Email Subject; Custodian; File Name; Document Created Date; Document Last Modified Date; Document Last Accessed Date; File Type; Location/Source; Text Link (path to text), Native Link (path to native file);

d.      MS Excel, MS PowerPoint, MS Access, and comparable spreadsheet, presentation, and database files, and audio and video files, shall be produced in native format to the extent they do not include privileged redactions. Respondents may make reasonable requests

to receive additional documents in their native format. For documents that are produced as native files, include in the set of image (PDF or TIFF) documents a slip-sheet where the native file would otherwise have been produced indicating the production number of the native file or other document and the confidentiality designation. In addition, native files shall be produced using a name that bears the production number, for example: ABC000002.xls.  Indicate any confidentiality designation in the produced filename where possible; and

       e.     for responsive information existing within a database or other compilation of data, include a field mapping explaining the type and format of data that exists in each location within the database.

       5.     Documents that exist only in paper or hard-copy format should be scanned and processed according to the instructions above regarding ESI.

       6.     No discovery request or part thereof shall be construed as a limitation on any other discovery request or part of a request.

## REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1.

All Documents relating to the identification, selection, or determination of the proper Named Inventors for the '706 Patent.

## REQUEST FOR PRODUCTION NO. 2.

All Documents relating to communications between You and any other Named Inventor relating to the claimed subject matter of the '706 Patent, any alleged infringement of the '706 Patent, this Investigation, or the Related Cases.

## REQUEST FOR PRODUCTION NO. 3.

All Documents relating to communications between You and any third party relating to the claimed subject matter of the '706 Patent, any alleged infringement of the '706 Patent, this Investigation, or the Related Cases.

## REQUEST FOR PRODUCTION NO. 4.

All Documents relating to the conception, diligence, reduction-to-practice, design, development, and/or commercialization of the '706 Patent, including.invention disclosure statements, lab notebooks, source code, schematics, flow charts, artwork, and other Documents making any reference to, or referring in any way to, the conception, design, development activities, reduction-to-practice, or commercialization of the subject matter of each claim of the '706 Patent, including all Documents that were created on or before the date of application for the '706 Patent, or the claimed priority dates, whichever is earlier, evidencing the conception, reduction-to-practice, design, and development of any claimed invention.

**REQUEST FOR PRODUCTION NO. 5.**

All Documents relating to any problem allegedly solved by any invention disclosed or claimed in the '706 Patent.

**REQUEST FOR PRODUCTION NO. 6.**

All Documents referring or relating to any experimentation or testing of the claimed subject matter of the '706 Patent before the issuance of the '706 Patent.

**REQUEST FOR PRODUCTION NO. 7.**

All Documents referring or relating to the contributions of each person involved in the activities that resulted in the issuance of the '706 Patent, including, but not limited to, all files of each such person that relate in any way to the claimed subject matter of the '706 Patent.

**REQUEST FOR PRODUCTION NO. 8.**

All Documents referring or relating to drawings or written descriptions of the claimed subject matter of the '706 Patent.

**REQUEST FOR PRODUCTION NO. 9.**

All Documents referring or relating to any commercial success of the claimed subject matter of the '706 Patent, including any efforts to sell or license such technology and any connection between the purported commercial success of such technology and any alleged invention.

**REQUEST FOR PRODUCTION NO. 10.**

All Documents referring or relating to disclosures to any person of any aspect of the development of the claimed subject matter of the '706 Patent, including the first disclosure, whether oral or written, of any invention disclosed or claimed in the '706 Patent.

**REQUEST FOR PRODUCTION NO. 11.**

All Documents referring or relating to all known prior art that pertains to the claimed subject matter of the '706 Patent, whether or not cited to the U.S. Patent and Trademark Office, including all prior art known to You, the Named Inventors of the '706 Patent, or the prosecuting attorneys of the '706 Patent.

**REQUEST FOR PRODUCTION NO. 12.**

All Documents referring or relating to, or reflecting, when You became aware of each and every reference cited or disclosed to the PTO during prosecution of the '706 Patent.

**REQUEST FOR PRODUCTION NO. 13.**

All Documents and Communications referring or relating to any decision to disclose or not to disclose a reference to the PTO during prosecution of the '706 Patent.

**REQUEST FOR PRODUCTION NO. 14.**

All Documents relating to the level of skill in the art relevant to any claim of the '706 Patent.

**REQUEST FOR PRODUCTION NO. 15.**

All Documents relating to the meaning or construction of any claim, claim limitation, claim term, or phrase used in any claim of the '706 Patent, including but not limited to all Documents that You believe may support the proper meaning or construction of any claim, claim limitation, claim term, or phrase used in any claim of the '706 Patent.

**REQUEST FOR PRODUCTION NO. 16.**

All Communications with Nokia regarding this Investigation, any Related Cases, Google, or any Respondent.

**REQUEST FOR PRODUCTION NO. 17.**

All Documents relating to all agreements, whether or not in writing, between You and Nokia.

**REQUEST FOR PRODUCTION NO. 18.**

All Documents relating to any ownership interest or investment You have in Nokia.

**REQUEST FOR PRODUCTION NO. 19.**

All Documents relating to any financial or pecuniary interest You have in the '706 Patent or the outcome of this Investigation or the Related Cases.

**REQUEST FOR PRODUCTION NO. 20.**

All Documents and Communications relating to the creation and inception of Nokia, your past and current relationship or involvement with Nokia, and any financial interests or compensation received by you or due to you from Nokia.

**REQUEST FOR PRODUCTION NO. 21.**

All Documents regarding any seminars, industry meetings, research groups, collaborations, or meetings with any third party regarding intelligent assistance technology or any other subject matter of the '706 Patent.

**REQUEST FOR PRODUCTION NO. 22.**

All published or unpublished articles, papers, manuscripts, technical reports, conference papers or other publications, including patents, that were authored, co-authored, written or co-written by any Named Inventor concerning any subject matter described or claimed in the '706 Patent.

**REQUEST FOR PRODUCTION NO. 23.**

Documents sufficient to show Your compensation for any assistance rendered that relates to the '706 Patent, this Investigation or the Related Cases.

**REQUEST FOR PRODUCTION NO. 24.**

All Documents relating to the preparation, filing, decisions to prepare, decisions to file, or prosecution of any applications which led to or issued as the '706 Patent or Related Patent.

**REQUEST FOR PRODUCTION NO. 25.**

All Documents relating to any license, covenant not to sue, assignment, conveyance, or any other transfer of rights offered, solicited, or executed relating to the '706 Patent or Related Patent.

**REQUEST FOR PRODUCTION NO. 26.**

All Documents relating to any consideration paid or received in connection with any license, covenant not to sue, assignment, conveyance, or any other transfer of rights in the '706 Patent or Related Patent.

**REQUEST FOR PRODUCTION NO. 27.**

All Documents relating to any valuation of the '706 Patent or any Related Patent, or any product that embodies any alleged invention described in the '706 Patent or Related Patent.

**REQUEST FOR PRODUCTION NO. 28.**

Your current curriculum vitae or resume.

## DEPOSITION TOPICS

**TOPIC NO. 1.** Information relating to the identification, selection, or determination of the proper Named Inventors for the '706 Patent.

**TOPIC NO. 2.** Information relating to communications between You and any other

Named Inventor relating to the claimed subject matter of the '706 Patent, any alleged infringement of the '706 Patent, this Investigation, or the Related Cases.

**TOPIC NO. 3.** Information relating to communications between You and any third party relating to the claimed subject matter of the '706 Patent, any alleged infringement of the '706 Patent, this Investigation, or the Related Cases.

**TOPIC NO. 4**. Information relating to the conception, diligence, design, development activities, reduction-to-practice, or commercialization of the subject matter of each claim of the '706 Patent.

**TOPIC NO. 5.** Information relating to any problem allegedly solved by any invention disclosed or claimed in the '706 Patent.

**TOPIC NO. 6.** Information relating to any experimentation or testing of the claimed subject matter of the '706 Patent before the issuance of the '706 Patent.

**TOPIC NO. 7.** Information relating to the contributions of each person involved in the activities that resulted in the issuance of the '706 Patent.

**TOPIC NO. 8.** Information relating to any commercial success of the claimed subject matter of the '706 Patent, including any efforts to sell or license such technology and any connection between the purported commercial success of such technology and any alleged invention.

**TOPIC NO. 9.** Information relating to disclosures to any person of any aspect of the development of the claimed subject matter of the '706 Patent, including the first disclosure, whether oral or written, of any invention disclosed or claimed in the '706 Patent.

**TOPIC NO. 10.** Information relating to all known prior art that pertains to the claimed

subject matter of the '706 Patent, whether or not cited to the U.S. Patent and Trademark Office, including all prior art known to You, the Named Inventors of the '706 Patent, or the prosecuting attorneys of the '706 Patent.

**TOPIC NO. 11.** Information regarding when You became aware of each and every reference cited or disclosed to the PTO during prosecution of the '706 Patent.

**TOPIC NO. 12.** Information relating to any decision to disclose or not to disclose a reference to the PTO during prosecution of the '706 Patent.

**TOPIC NO. 13.** Information relating to the level of skill in the art relevant to any claim of the '706 Patent.

**TOPIC NO. 14.** Information relating to the meaning or construction of any claim, claim limitation, claim term, or phrase used in any claim of the '706 Patent, including but not limited to all information that You believe may support the proper meaning or construction of any claim, claim limitation, claim term, or phrase used in any claim of the '706 Patent.

**TOPIC NO. 15.** Information relating to all Communications with Nokia regarding this Investigation, any Related Cases, Google, or any Respondent.

**TOPIC NO. 16.** Information relating to all agreements, whether or not in writing, between You and Nokia.

**TOPIC NO. 17.** Information relating to any ownership interest or investment You have in Nokia.

**TOPIC NO. 18.** Information relating to any financial or pecuniary interest You have in the '706 Patent or the outcome of this Investigation or the Related Cases.

**TOPIC NO. 19.** Information relating to the creation and inception of Nokia, your past

and current relationship or involvement with Nokia, and any financial interests or compensation received by you or due to you from Nokia.

**TOPIC NO. 20.** Information regarding any seminars, industry meetings, research groups, collaborations, or meetings with any third party regarding intelligent assistance technology or any other subject matter related to the '706 Patent.

**TOPIC NO. 21.** Information relating to articles, papers, manuscripts, technical reports, conference papers or other publications, including patents, that were authored, co-authored, written or co-written by any Named Inventor concerning any subject matter described or claimed in the '706 Patent.

**TOPIC NO. 22.** Information relating to Your compensation for any assistance rendered that relates to the '706 Patent, this Investigation, or the Related Cases.

**TOPIC NO. 23.** Information relating to the preparation, filing, decisions to prepare, decisions to file, or prosecution of any applications which led to or issued as the '706 Patent or Related Patent.

**TOPIC NO. 24.** Information relating to any license, covenant not to sue, assignment, conveyance, or any other transfer of rights offered, solicited, or executed relating to the '706 Patent or Related Patent.

**TOPIC NO. 25.** Information relating to any consideration paid or received in connection with any license, covenant not to sue, assignment, conveyance, or any other transfer of rights in the '706 Patent or Related Patent.

**TOPIC NO. 26.** Information relating to any valuation of the '706 Patent or any Related Patent, or any product that embodies any alleged invention described in the '706 Patent or

Related Patent.

**TOPIC NO. 27.** Information about Your current curriculum vitae or resume.

# ATTACHMENT B



City of New York, State of New York, County of New York

I, Jacqueline Yorke, hereby certify that the document "**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS (28 U.S.C. § 1782)**" is, to the best of my knowledge and belief, a true and accurate translation from English into Finnish.


Jacqueline Yorke
(Currently situated in the County of New York)


Sworn to before me remotely this
November 20, 2020


Signature, Notary Public
(Currently situated in the County of New York)

WENDY POON
NOTARY
NO. 01PO6356754
QUALIFIED IN
QUEENS COUNTY
COMM. EXP.
04-03-2021
PUBLIC
STATE OF NEW YORK

Stamp, Notary Public

**YHDYSVALTOJEN KANSAINVÄLINEN KAUPPAKOMISSIO
WASHINGTON, DC**

Arvoisan hallinto-oikeuden
tuomarin, Dee Lordin, edessä

| | |
|---|---|
| Koskien | Tutkinnan numero 337-TA-1208 |
| TIETTYJÄ ELEKTRONISIA LAITTEITA, SISÄLTÄEN TIETOKONEITA, TABLET-LAITTEITA SEKÄ NIIDEN OSIA JA MODUULEJA. | |

**PYYNTÖ SAADA KANSAINVÄLISTÄ OIKEUSAPUA TODISTEIDEN
VASTAANOTTAMISTA ULKOMAILLA SIVIILI- TAI
KAUPPAOIKEUDELLISISSA ASIOISSA KOSKEVAN HAAGIN
YLEISSOPIMUKSEN MUKAISESTI (28 U.S.C. § 1782)**

Vastaanottaja: Oikeusministeriö
     Kansainvälisen oikeusavun yksikkö (This was "Unit for International Judicial Cooperation" in the English version, but such a unit could not be found.)
     PL 25
     FIN-00023 Valtioneuvosto
     Suomi
     Puhelinnumero: +358 (9) 1606 7628
     Sähköposti: central.authority@om.fi

LÄHETTÄJÄ:Honorable _____
     United States District Court for the District of Columbia
     333 Constitution Avenue N.W.
     Washington, D.C. 20001
     Puhelinnumero: +1 (202) 354-3000

United States District Court for the District of Columbia (Yhdysvaltain Columbian piirikunnan piirioikeus) tervehtii kunnioittavasti Suomen keskusviranomaista, tai muuta virastoa soveltuvin osin, ja pyytää kansainvälistä oikeusapua edellä mainitussa tutkimuksessa ("tutkimus") käytettävien todisteiden hankkimiseen.  Meille on osoitettu, että oikeutta ei voida täysin toteuttaa osapuolten keskuudessa käyttämättä Suomessa ja lainkäyttöalueellanne asuvan Mika P. Mustosen todisteita.  Todisteiden vastaanottamista ulkomailla siviili- ja

kauppaoikeudellisissa asioissa koskevan Haagin yleissopimuksen 3 artiklan (28 U.S.C. §

1782) ("Haagin yleissopimus") mukaisesti allekirjoittaneella hakijalla on kunnia lähettää

seuraava pyyntö:

| 1. Lähettäjä: | Honorable _____<br>United States District Court for the District of Columbia<br>(Yhdysvaltain Columbian piirikunnan piirioikeus)<br>333 Constitution Avenue N.W.<br>Washington, D.C. 20001 |
|---|---|
| 2. Pyynnön vastaanottavan valtion keskusviranomainen: | Oikeusministeriö<br>Kansainvälisen oikeusavun yksikkö (This was "Unit for International Judicial Cooperation" in the English version, but such a unit could not be found.)<br>PL 25<br>FIN-00023 Valtioneuvosto<br>Suomi<br>Puhelin:  +358 (9) 1606 7628<br>Sähköposti: central.authority@om.fi |
| 3. Henkilö, jolle täytetty pyyntö palautetaan: | Eric Lancaster<br>WHITE & CASE, LLP<br>3000 El Camino Real<br>2 Palo Alto Square, Suite 900<br>Palo Alto, CA  94306<br>Puhelin:  650.213.0300<br>Sähköposti: WCGoogleITC1208@whitecase.com |
| 4. Päivämäärä, johon mennessä pyynnön esittävän viranomaisen tulee saada vastaus pyyntökirjelmään: | Vastausta pyydetään 28. joulukuuta 2020 mennessä tai niin pian kuin on käytännössä mahdollista sitä ennen, jotta voidaan varmistaa, että todisteet voidaan hankkia ennen kuin tosiseikkojen selvittämiseen annettu aika päättyy 28. tammikuuta 2021 ja ne ovat käytettävissä oikeudenkäynnissä 3. toukokuuta 2021.  Tämän pyynnön ripeä käsittely mahdollistaa sen, että osapuolet ja todistaja järjestävät molemmin puolin sopivan ajankohdan todistajanlausuntoa varten niin, että todistajan työ- tai henkilökohtaisten suunnitelmien keskeytyminen vältetään. |
| 5. Haagin yleissopimuksen 3 artiklan mukaisesti allekirjoittaneella hakijalla on kunnia esittää seuraava pyyntö: | |
|     a.  Pyynnön esittävä oikeusviranomainen: | United States District Court for the District of Columbia<br>(Yhdysvaltain Columbian piirikunnan piirioikeus)<br>333 Constitution Avenue N.W. |
|     b.  Seuraavan toimivaltaiselle viranomaiselle: | Suomi |

| | |
|---|---|
| c.  Asian otsikko ja tunnusnumero | *Asiassa tietyt sähköiset laitteet, mukaan lukien tietokoneet, tablettitietokoneet sekä niiden komponentit ja moduulit (In the Matter of Certain Electronic Devices, Including Computers, Tablet Computers, and* |
| 6.  Osapuolten sekä heidän edustajiensa nimet ja osoitteet: ||
| a.  Kantajat: (Asianomistajat) | **Nokia Technologies Oy** <br> **Nokia Corporation** <br> Karakaari 7A <br> FIN-02610 <br> Espoo <br> Puhelin:   358 (0) 7180-08000 <br><br> **Edustajat:** <br> Adam D. Swain <br> ALSTON & BIRD <br> The Atlantic Building <br> 950 F Street, NW <br> Washington, DC 20004-1404 <br> Lenovo.A&B@alston.com <br><br> Theodore Stevenson III <br> Warren Lipschitz <br> Richard A. Kamprath <br> McKOOL SMITH, P.C. <br> 300 Crescent Court, Suite 1500 <br> Dallas, TX 75201 <br> Nokia_Lenovo_ITC@McKoolSmith.com |
| b.  Syytetyt: (Vastaajat) | **Lenovo Group Limited; Lenovo (United States) Inc.; Lenovo (Beijing) Limited.; Lenovo PC HK Limited; Lenovo (Shanghai) Electronics Technology Co. Ltd.; Lenovo Information Products (Shenzhen) Co. Ltd.; Lenovo Mobile Communication Import and Export (Wuhan) Co. Ltd.; Lenovo Centro Tecnologico S. de RL CV** <br><br> **Edustajat:** <br> William F. Lee <br> Joseph J. Mueller <br> Richard W. O'Neill <br> Sarah R. Frazier <br> WILMER CUTLER PICKERING HALE AND DORR LLP <br> 60 State Street <br> Boston, MA 02109 <br> Puhelin:  (617) 526-6000 <br> WHLenovo-Nokia1208servicelist@WilmerHale.com |

| | |
|---|---|
| | Michael D. Esch<br>Todd Zubler<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>1875 Pennsylvania Avenue, NW<br>Washington, DC 20006<br>Puhelin:  (202) 663-6000<br>WHLenovo-Nokia1208servicelist@WilmerHale.com |
| c.   Väliintulija | **Google LLC.**<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043<br>Yhdysvallat<br><br>**Edustajat:**<br>Shamita D. Etienne-Cummings<br>David Markoff<br>701 13th Street NW<br>Washington, DC 20005-3807<br>Puhelin:  202.626.3600<br>Faksi:  202.639.9355<br>WCGoogleITC1208@whitecase.com<br><br>Eric Lancaster<br>Don Zhe Nan Wang<br>Emily Yang<br>3000 El Camino Real<br>2 Palo Alto Square, Suite 900<br>Palo Alto, CA  94306<br>Puhelin:  650.213.0300<br>Faksi:  650.213.8158 |
| d.   Muut osapuolet<br>Kansainvälisen kaupan<br>komission asiamies:<br>(Tutkimuksen osapuoli) | **Edustaja:**<br>Todd P. Taylor, Esq.<br>Office of Unfair Import Investigations<br>500 E Street, S.W., Suite 401<br>Washington D.C. 20436<br>Sähköposti:  todd.taylor@usitc.gov<br>Sähköposti:  jeffrey.hsu@usitc.gov<br>Puhelin:  (202) 205-2221 |

| | |
|---|---|
| 7. Prosessin luonne ja tarkoitus, kanteen tiivistelmä sekä puolustuksen ja vastakanteen tiivistelmä: | **a. Prosessin luonne**<br><br>Asia *Asiassa tietyt sähköiset laitteet, mukaan lukien tietokoneet, tablettitietokoneet sekä niiden komponentit ja moduulit (In the Matter of Certain Electronic Devices, Including Computers, Tablet Computers, and Components and Modules Thereof)* on tutkimus väitetystä patenttiloukkauksesta vuoden 1920 Tariff Act -lain 337 pykälän nojalla.  2. heinäkuuta 2020 kantaja/asianomistaja Nokia Technologies Oy ja Nokia Corporation (yhdessä "Nokia") nosti Yhdysvaltain kansainvälisen kaupan komissiolle kanteen väitetystä viiden patentin loukkauksesta:  Yhdysvaltain patentti Nro 8,144,764 ("764-patentti"), Yhdysvaltain patentti Nro 7,532,808 ("808-patentti"), Yhdysvaltain patentti Nro 6,950,469 ("469-patentti"), Yhdysvaltain patentti Nro 7,724,818 ("818-patentti") ja Yhdysvaltain patentti Nro 8,583,706 ("706-patentti").  Kanteessa määritetään seuraavat osapuolet vastaajiksi:  Lenovo Group Limited; Lenovo (United States), Inc.; Lenovo (Beijing Limited); Lenovo PC HK Limited; Lenovo (Shanghai) Electronics Technology Co. Ltd.; Lenovo Information Products Shenzhen Co. Ltd.; Lenovo Mobile Communication; Lenovo Corporation; Lenovo Centro Tecnologico S. de RL CV (yhdessä "vastaajat" tai "Lenovo").<br><br>Komissio aloitti tutkimuksen 4. elokuuta 2020.  Henkilö, jolle tämän asian käsittely on annettu tehtäväksi, on Honorable Dee Lord.  4. syyskuuta 2020 Google LLC lisättiin tutkimukseen väliintulijaksi rajoituksetta. Puheenjohtajana toimiva hallinto-oikeuden tuomari on antanut suojamääräyksen, joka on liitteenä esimerkkikappaleena A ja joka kattaa luottamuksellisen aineiston käytön tässä tutkimuksessa.  Puheenjohtajana toimiva hallinto-oikeuden tuomari on antanut myös aikataulumääräyksen, jossa edellytetään, että tosiseikkojen selvittäminen saadaan päätökseen 28. tammikuuta 2021 mennessä, ja asetetaan käsittelypäiväksi (oikeudenkäyntipäiväksi) 3.–7. toukokuuta 2021. Selvitys, mukaan lukien asiakirjatodisteiden julkistaminen ja valaehtoiset todistukset, on käynnissä. Koska Yhdysvaltain kansainvälisen kaupan komissio on hallintoelin, sen tavanomaisena käytäntönä on – jotta yhdenmukaisuus Haagin yleissopimuksen kanssa voidaan varmistaa – pyytää Yhdysvaltain Columbian piirikunnan piirioikeutta tarkastamaan, allekirjoittamaan ja vahvistamaan pyyntökirjelmän sen puolesta. |

| | |
|---|---|
| | **b. Kanteen tiivistelmä**<br><br>Nokia väittää, että Lenovo loukkaa Yhdysvaltain patenttia Nro 8,144,764 (''764-patentti''), Yhdysvaltain patenttia Nro 7,532,808 (''808-patentti''), Yhdysvaltain patenttia Nro 6,950,469 (''469-patentti''), Yhdysvaltain patenttia Nro 7,724,818 (''818-patentti'') ja Yhdysvaltain patenttia Nro 8,583,706 (''706-patentti'').  Kanteen mukaan Lenovon laitteet, joiden väitetään loukkaavan '706-patenttia, loukkaavat sitä sisältämällä Google Assistant -toiminnon.  Lisäksi kanteessa määritetään Google Assistant -toimintoa hyödyntävät Samsung-laitteet ''kotimaisiksi teollisuustuotteiksi'' väittäen, että ne ''toteuttavat ainakin '706-patentin vaatimusta 6''.  '706-patentissa nimetään keksijäksi Mika P. Mustonen Suomesta.<br><br>**c.  Puolustuksen ja vastakanteen tiivistelmä**<br><br>Nokian esittämiä patenttiloukkausväitteitä vastaan on esitetty monia puolustuksia, mukaan lukien patenttien pätemättömyyttä koskevat puolustukset; patenttien loukkaamattomuus; Yhdysvaltain hallinnon myynnin oleminen prosessin soveltamisalan ulkopuolella; vastaväitteiden rajoittaminen, luopuminen, vilpillisyys ja/tai muut equity-oikeuden doktriinit; lisenssi; patentin sammuminen; kotimaisen teollisuuden puute; ja Nokian vapautusvaatimusten oleminen julkisen edun vastaista.  Tällä pyyntökirjelmällä on tarkoitus hankkia tietoja, jotka ovat erityisen merkityksellisiä '706-patentin pätemättömyyden, loukkaamattomuuden ja syytteeseenpanon vastaväitteiden rajoittamisen kannalta. |
| 8.  Hankittavat todisteet tai muu suoritettava oikeustoimi ja etsittyjen todisteiden tarkoitus: | Tämä tuomioistuin pyytää, että Mika P. Mustonen on velvoitettu saapumaan antamaan valaehtoinen todistus (todistajanlausunnon antaminen tuomioistuimen ulkopuolella ''tuomioistuimen kirjurin'' edessä).  Tämä tuomioistuin pyytää myös, että Mika P. Mustonen on velvoitettu esittämään kaikki omistuksessaan, hallussaan tai hallinnassaan olevat asiakirjat, jotka esimerkkikappaleeksi B liitetty luettelo kattaa.<br><br>Mika P. Mustonen on '706-patentin ensimmäisenä mainittu keksijä, ja hän toimi tutkimuksen ja tuotekehityksen tutkimusinsinöörinä Nokialla kyseisen patentin väitetyn keksimisen aikaan.  Mika P. Mustonen omistaa '706-patentin väitetyn keksimisen syntymiseen ja |

| | |
|---|---|
| | toteutuksen yksinkertaistamiseen liittyviä tietoja; '706-patentin väitetyn keksimisen vaatimusehtojen rakenteeseen ja sovellutusmuotoihin liittyviä tietoja; '706-patentin asianmukaisen tekniikan tasoon liittyviä tietoja; ja '706-patentin syytteeseenpanohistoriaan liittyviä tietoja.  Google on lisäksi esittänyt, että patentti 706 saattaa olla täytäntöönpanokelvoton sen kahden nimetyn keksijän, hra Mustosen ja hra Rytivaaran epäoikeudenmukaisen toiminnan vuoksi, sillä he eivät ole luovuttaneet Yhdysvaltojen patentti- ja tavaramerkkivirastolle ("USPTO") julkaisumateriaaleja patentin 706 myöntämiseen johtaneen hakemuksen syytteeseen asettamista varten. |
| 9.  Kuulusteltavan henkilön henkilöllisyys ja osoite: | Mika P. Mustonen<br>Polar Electro Oy<br>Professorintie 5<br>90440<br>Kempele, Suomi |
| 10.     Kuulusteltavalle henkilölle esitettävät kysymykset tai lausuma aiheesta, jota koskien häntä kuulustellaan: | *Katso* esimerkkikappale B. |
| 11.     Asiakirjat tai muu tutkittava omaisuus: | *Katso* esimerkkikappale B. |
| 12.     Vaatimus siitä, että todisteet on annettava valan tai vakuutuksen alaisina, ja käytettävä erityismuoto: | Tämä tuomioistuin pyytää, että edellä osiossa 9 mainittu todistaja tulisi kuulustella valan tai vakuutuksen alaisena tai vaihtoehtoisesti hänelle tulisi kertoa seurauksista, joita totuudenvastaisten ja väärien vastausten antamisella on Suomen lainsäädännön nojalla. |

| 13.  Erikoismenetelmät tai noudatettava menettelytapa: | Tämä tuomioistuin pyytää kunnioittavasti seuraavaa: |
|---|---|
|  | a. Todistajan antama todistajanlausunto otetaan Yhdysvaltain käytännön mukaisesti, *ts.* todistajan suullinen todistajanlausunto tallennetaan pikakirjoituksella ja transkriptio tehdään viipymättä ja todistetaan oikeaksi Suomen menettelytavan mukaisesti, tai vaihtoehtoisesti osapuolilla on käytössään menettelyn digitaalinen tallenne, josta he voivat tehdä oman sertifioidun kopionsa prosessista. |
|  | b. Todistajan antama todistajanlausunto otetaan etänä. |
|  | c. Googlen edustajan sallitaan esittävän kysymyksiä osiossa 10 kuvatuista aiheista yhteensä kuuden tunnin ajan, Nokian edustajan sallitaan esittävän kysymyksiä todistajalle tunnin ajan samoista aiheista, minkä jälkeen Googlen edustaja voi käyttää kuuden tunnin jakson jäljellä olevan ajan. |
|  | d. Osapuolten neuvonantajan sallitaan osallistuvan todistajan todistajanlausunnon ottamiseen ja esittävän todistajalle kysymyksiä (nimeämällä tarvittaessa tulkin). |
|  | e. Todistaja esittää omistuksessaan, hallussaan tai hallinnassaan olevat asiakirjat, kuten on kuvattu osiossa 11, kolme viikkoa ennen valaehtoista todistusta oikeusministeriön määräämänä kellonaikana ja määräämässä paikassa, niin että kullekin Googlen ja Nokian edustajalle annetaan mahdollisuus tarkastaa ja kopioida nämä asiakirjat. Asiakirjat, jotka todistaja on nimennyt "luottamuksellisiksi", suojataan julkistamiselta esimerkkikappaleeksi A liitetyn suojamääräyksen ehtojen mukaisesti. |
|  | f. Nimetty Suomen tuomioistuin tai asianmukainen henkilöstö toimittaa eteenpäin todistajanlausunnon tallenteen ja/tai mahdolliset prosessin digitaaliset kopiot tässä tutkimuksessa käytettäviksi edellä osioissa 3 ja 6 mainituille edustajille lueteltuihin osoitteisiin. |
| 14.  Pyyntö ilmoittaa pyyntökirjelmän täytäntöönpanon kellonaika ja paikka sekä sellaisen henkilön henkilöllisyys tai osoite, jolle on annettava ilmoitus: | Tämä tuomioistuin pyytää, että osapuolten (lueteltu edellä osiossa 6) laillisille edustajille ilmoitetaan niin pian kuin on käytännössä mahdollista todistajan valaehtoisen todistuksen antamisen kellonaika ja paikka. |

| | |
|---|---|
| 15.    Pyyntö pyynnön esittävän viranomaisen oikeudellisen henkilöstön läsnäolosta tai osallistumisesta pyyntökirjelmän täytäntöönpanoon: | Ei ole. |
| 16.    Selitelmä erioikeudesta tai velvollisuudesta kieltäytyä todisteiden antamisesta alkuperävaltion lainsäädännön nojalla: | Todistaja voi kieltäytyä todisteiden antamisesta vain siltä osin kuin hänellä on laillinen erioikeus tai velvollisuus kieltäytyä antamasta todisteita Yhdysvaltain lakien tai Suomen lakien nojalla.

Mahdollinen laillinen erioikeus kieltäytyä antamasta todisteita Yhdysvaltain lainsäädännön nojalla sisältyy Yhdysvaltain liittovaltion siviiliprosessisääntöihin (Federal Rules of Civil Procedure), liittovaltion todistussääntöihin (Federal Rules of Evidence) ja muihin sovellettaviin Yhdysvaltain lakeihin.  Erityisesti todistajan on vastattava kaikkiin kysymyksiin, ellei neuvonantaja asiaankuuluvasti ohjeista olemaan vastaamatta kysymykseen.  Kyseinen ohje on asiaankuuluva vain, jos on tarpeen säilyttää laillinen erioikeus, panna rajoitus täytäntöön tuomioistuimen antaman ohjeen mukaan tai tukea aloitetta todistajanlausunnosta luopumiseksi todistajan häiritsemisen vuoksi. |
| 17.    Aiheutuneet maksut ja kustannukset, jotka ovat korvattavia Haagin yleissopimuksen 14 artiklan toisen kappaleen tai 26 artiklan nojalla, maksaa seuraava: | Google ja/tai sen edellä osiossa 6B määritetty neuvonantaja. |

Liitteet:
Esimerkkikappale A: Suojamääräys
Esimerkkikappale B: Pyyntö esittämisen ja valaehtoisen todistuksen aiheista



**TRANSPERFECT**

City of New York, State of New York, County of New York

I, Jacqueline Yorke, hereby certify that the document "**2020-08-06 Order No. 1 - Protective Order**" is, to the best of my knowledge and belief, a true and accurate translation from English into Finnish.

Jacqueline Yorke
(Currently situated in the County of New York)

Sworn to before me remotely this
November 20, 2020

Signature, Notary Public
(Currently situated in the County of New York)

WENDY POON
NOTARY
NO. 01PO6356754
QUALIFIED IN
QUEENS COUNTY
COMM. EXP.
04-03-2021
PUBLIC
STATE OF NEW YORK

Stamp, Notary Public

**EXHIBIT A – TRANSLATION**

**YHDYSVALTOJEN KANSAINVÄLISEN KAUPAN KOMISSIO**

**Washington, D.C.**

| | |
|---|---|
| **Asiassa** | |
| **TIETYT SÄHKÖISET LAITTEET, MUKAAN LUKIEN TIETOKONEET, TABLETIT JA NIIDEN KOMPONENTIT JA MODUULIT** | **Tutkinta nro 337-TA-1208** |

**MÄÄRÄYSNRO 1:    SUOJAMÄÄRÄYS**

(6. elokuuta 2020)

TODETTAKOON, että edellä mainitun menettelyn osapuolien toimesta ja kesken voidaan pyytää, tuottaa ja esittää asiakirjoja ja tietoja, jotka liittyvät liikesalaisuuksiin tai muihin luottamuksellisiin tutkimus-, kehitys- tai kaupallisiin tietoihin, joiden merkitykset määritellään komission säännöksessä 19 C.F.R. § 210.5.

TÄTEN MÄÄRÄTÄÄN, ETTÄ

1.      Luottamukselliset liiketoimintatiedot ovat tietoja, jotka koskevat liikesalaisuuksia, prosesseja, toimintoja, työtapoja, laitteita, tuotantoa, myyntiä, toimituksia, hankintoja, siirtoja, asiakkaiden tunnistamista, varastoja tai jonkin henkilön, yrityksen, kumppanuuden, yhtiön tai muun organisaation tulojen, voittojen, tappioiden tai kulujen määrää tai lähdettä tai liittyvät edellä mainittuihin, tai ovat muita kaupallisesti arvokkaita tietoja, joiden paljastuminen todennäköisesti joko (i) haittaa komission mahdollisuuksia saada tällaisia tietoja tarvittavalla tavalla sen lakisääteisten tehtävien hoitamiseksi tai (ii) aiheuttaa olennaista haittaa sen henkilön, yrityksen, kumppanuuden, yhtiön tai muun organisaation kilpailuasemalle, jolta tiedot saatiin, ellei laki edellytä komission paljastavan tällaisia tietoja. Termi "luottamukselliset liiketoimintatiedot" kattaa vuoden 1930 tariffilain (Tariff Act of 1930) kohdassa 777(b) (19 U.S.C. § 1677f[b]) tarkoitetut "omistusoikeudelliset tiedot".

2(a).    Kaikki tiedot, joita tämän tutkinnan yhteydessä annetaan kuulemista edeltävässä

tietojen saannissa tai kirjelmissä, esityksessä tai vastauksessa esitykseen joko vapaaehtoisesti tai

määräyksen nojalla ja joiden toimittaja vakuuttaa sisältävän tai olevan luottamuksellisia

liiketoiminnallisia tietoja, on tällaisen toimittajan määriteltävä sellaisiksi kirjallisesti tai suullisesti

valaehtoista todistusta annettaessa, neuvottelussa tai kuulemisessa ja erotettava muista annettavista

tiedoista. Asiakirjojen etusivulle on selkeästi ja näkyvästi lisättävä seuraava tai vastaava merkintä:

"SUOJAMÄÄRÄYKSEN PIIRIIN KUULUVIA LUOTTAMUKSELLISIA

LIIKETOIMINTATIETOJA". Tällaisia tietoja, olipa ne annettu kirjallisesti tai suullisessa todistuksessa,

on kohdeltava tämän suojamääräyksen ehtojen mukaisesti.

(b).    Hallinto-oikeuden tuomari tai komissio voi määrittää, että luottamuksellisiksi väitetyt

tiedot eivät ole luottamuksellisia tai että niiden paljastaminen on tarpeen menettelyn asianmukaiseksi

toimittamiseksi ennen asiaa koskevaa kuulemista, sen aikana tai sen päättymisen jälkeen. Jos hallinto-

oikeuden tuomari tai komissio näin määrittää, tällaisten tietojen toimittajalle on annettava tilaisuus

perustella tietojen luottamuksellisuutta ennen tällaisen ratkaisun tekemistä.

3.    Ilman toimittajan antamaa kirjallista lupaa tai komission tai hallinto-oikeuden

tuomarin määräystä edellä olevan kohdan 2 määräysten mukaisesti annettuja luottamuksellisia asiakirjoja

tai liiketoimintaa koskevia tietoja ei saa paljastaa kenellekään muulle kuin (i) tämän tutkinnan osapuolten

ulkopuoliselle asiamiehille, mukaan lukien tällaista asiamiestä avustava tarpeellinen sihteeri- ja

tukihenkilökunta, (ii) tällaisia asiakirjoja tai tietoja koskevaa todistusta vastaanottaville päteville

henkilöille ja heidän tarpeelliselle pikakirjoitus- ja toimistohenkilökunnalleen, (iii) teknisille

asiantuntijoille ja heidän henkilökunnalleen, jotka on palkattu tätä riita-asiaa varten (elleivät he ole

muuten ei-valtiollisen tahon palkkaamia tai sellaisen konsultteja tai muuten kytköksissä sellaiseen tai ole

tämän tutkinnan kohteena olevien tuotteiden, laitteiden tai komponenttiosien jonkin kotimaisen tai

ulkomaisen valmistajan, tukkukauppiaan, vähittäismyyjän tai jakelijan työntekijöitä), (iv) komissiolle,

hallinto-oikeuden tuomarille, komission henkilökunnalle tai minkä tahansa komission valtuuttaman

valtiollisen viraston henkilökunnalle, (v) komissiolle, sen työntekijöille ja komission työntekijöiden

ominaisuudessa toimivalle sopimussuhteiselle henkilökunnalle, tämän tutkinnan tai siihen liittyvien menettelyiden, joita varten nämä tiedot annetaan, asiakirjojen laatimiseksi tai ylläpitämiseksi tai työntekijöille ja sopimussuhteiselle henkilökunnalle sisäisissä tarkastuksissa ja arvioinneissa, jotka liittyvät komission ohjelmiin ja toimintaan 5 U.S.C:n liitteen 3 mukaisesti ja (vi) Yhdysvaltain valtion työntekijöille tai sopimussuhteiselle henkilökunnalle ainoastaan kyberturvallisuuteen liittyviä tarkoituksia varten.[4]

4.       Edellä olevan kohdan 2 määräysten mukaisesti annettuja luottamuksellisia liiketoimintatietoja ei saa antaa kenellekään kohdissa 3(i)[5] ja (iii) määritellylle henkilölle, ellei hän ole ensin lukenut tätä määräystä ja antanut komission sihteerille toimitetulla kirjeellä suostumustaan siihen, että (i) määräyksen ehdot sitovat häntä, (ii) hän ei paljasta tällaisia luottamuksellisia liiketoimintatietoja kenellekään muulle kuin toiselle kohdassa 3 määritellylle henkilölle, (iii) hän käyttää näitä luottamuksellisia liiketoimintatietoja vain tämän tutkinnan tarkoituksia varten ja (iv) liittää mukaan seuraavan vakuutuksen:

> Minä, allekirjoittanut, ymmärrän, että tietopyyntöön vastauksena toimitetut tiedot voidaan tämän tutkinnan tai muun menettelyn yhteydessä paljastaa seuraaville ja niitä voidaan käyttää seuraavien toimesta:
>
> (i) komissio, sen työntekijät ja sopimussuhteinen henkilökunta (a) tämän tutkinnan tai siihen liittyvien menettelyiden asiakirjojen laatimiseksi tai ylläpitämiseksi (b) sisäisissä tarkastuksissa ja arvioinneissa, jotka liittyvät komission ohjelmiin ja toimintaan 5 U.S.C:n liitteen 3 mukaisesti tai
>
> (ii) Yhdysvaltain valtion työntekijät tai sopimussuhteinen henkilökunta ainoastaan kyberturvallisuuteen liittyviä tarkoituksia varten. Ymmärrän, että sopimussuhteinen henkilökunta allekirjoittaa asianmukaiset salassapitosopimukset.

5.       Jos komissio tai hallinto-oikeuden tuomari määrää tai jos toimittaja ja kaikki tutkinnan osapuolet sopivat, että luottamuksellisina liiketoimintatietoina toimitettuja tietoja saa antaa tai levittää

---

[4] *Katso* komission hallinnollinen määräys 16-01 (7. marraskuuta 2015).
[5] Asiamiestä avustavan tarpeellisen sihteeri- ja tukihenkilökunnan ei tarvitse itse allekirjoittaa suojamääräystä, sillä asiamiehen allekirjoitus kattaa myös heidät.

henkilöille, jotka eivät sisälly edellä olevaan kohtaan 3, tällainen aineisto voidaan antaa tai levittää

tällaisille henkilöille vain tämän määräyksen ehtojen ja tästä määräyksestä johtuvien velvoitteiden

mukaisesti, ja tällaisten henkilöiden katsotaan kuuluvan määräyksen piiriin, ellei komissio tai hallinto-

oikeuden tuomari katso, että tiedot eivät ole kohdassa 1 määriteltyjä luottamuksellisia liiketoimintatietoja.

6(a).    Kaikki luottamukselliset liiketoimintatiedot, jotka annetaan komissiolle tai hallinto-

oikeuden tuomarille tämän tutkinnan piiriin kuuluvan esityksen tai muun menettelyn yhteydessä, on

annettava sinetöityinä edellä olevan kohdan 2 mukaisesti. Kaikki tähän tutkintaan liittyvän

puhtaaksikirjoituksen osat, jotka sisältävät edellä olevan kohdan 2 mukaisesti annettuja luottamuksellisia

liiketoimintatietoja, on sidottava erikseen ja toimitettava sinetöityinä. Kun jotkin luottamukselliset

liiketoimintatiedot, jotka on annettu edellä olevan kohdan 2 mukaisesti, sisältyvät sitä koskevan

valaehtoisen todistuksen tai sen todistuskappaleiden auktorisoituun puhtaaksikirjoitukseen, on tehtävä

järjestelyitä, joilla valaehtoisen todistuksen vastaanottava tuomioistuimen raportoija sitoo tällaiset

luottamukselliset osat ja lisää niihin erikseen merkinnän "SUOJAMÄÄRÄYKSEN PIIRIIN KUULUVIA

LUOTTAMUKSELLISIA LIIKETOIMINTATIETOJA". Ennen kuin tuomioistuimen raportoija tai

kääntäjä vastaanottaa mitään sellaisia tietoja, hänen on ensin luettava tämä määräys ja annettava

kirjallinen suostumuksensa siihen, että sen ehdot sitovat häntä. Vaihtoehtoisesti hän voi allekirjoittaa

sopimuksen, joka sisältyy tähän määräykseen liitteenä A. Jäljennökset kustakin tällaisesta allekirjoitetusta

sopimuksesta on toimitettava tällaisten luottamuksellisten liiketoimintatietojen toimittajalle ja komission

sihteerille.

(b)    Luottamuksellisten liiketoimintatietojen toimittajia kehotetaan painokkaasti salaamaan

ei-julkiset asiakirjat, jotka lähetetään komissiolle sähköisesti, jotta arkaluontoisia tietoja voitaisiin suojella

luvattomalta paljastumiselta. Yhdysvaltojen kansainvälisen kaupan komission turvallisessa

pudotusruutujärjestelmässä ja sähköisessä asiakirjatietojärjestelmässä (Electronic Document Information

System, EDIS) käytetään FIPS-standardin (Federal Information Processing Standards) 140-2 mukaisia

salausalgoritmeja tietojen salaamiseen siirron aikana. Ei-julkisten asiakirjojen lähettäminen tavalla, jossa

ei käytetä näitä salausalgoritmeja (esim. sähköposti), saattaa altistaa yrityksesi ei-julkiset tiedot

luvattomalle paljastumiselle siirron aikana. Jos päätät käyttää salaamatonta sähköistä tiedonsiirtoa, komissio varoittaa sinua siitä, että sinä kannat tällaisen mahdollisen luvattoman paljastumisen riskin, ei komissio.

7.      Tämän määräyksen alaisiksi tulevia henkilöitä koskevia rajoituksia ja velvoitteita ei sovelleta sellaisiin edellä olevan kohdan 2 mukaisesti annettuihin tietoihin, joiden osalta henkilö, joka vakuuttaa niiden olevan luottamuksellisia, suostuu kirjallisesti siihen, tai joiden osalta komissio tai hallinto-oikeuden tuomari päättää annettuaan kuulemismahdollisuuden, että ne olivat julkisesti tiedossa silloin, kun ne toimitettiin vastaanottavalle osapuolelle tai että ne ovat sen jälkeen tulleet julkisesti tietoon vastaanottavasta osapuolesta riippumattomasta syystä.

8.      Komissio, hallinto-oikeuden tuomari ja komission tutkiva asianajaja tunnustavat, että kaikkia asiakirjoja tai tietoja, jotka on annettu luottamuksellisina liiketoimintatietoina edellä olevan kohdan 2 mukaisesti, on kohdeltava sellaisina 5 U.S.C:n pykälän 552(b)(4) ja 18 U.S.C:n pykälän 1905 mukaisesti, ellei komissio tai sen tiedonvapauslakivirkailija tai hallinto-oikeuden tuomari päätä toisin kuulemisen jälkeen. Kun tällaisista tiedoista tehdään osa kirjelmää tai niitä tarjotaan todisteasiakirjoihin, 19 C.F.R:n pykälässä 201.6 esitetyt tiedot on toimitettava, paitsi sinä aikana, kun menettely on vireillä hallinto-oikeuden tuomarin käsittelyssä. Tuona aikana luottamuksellisia liiketoimintatietoja tarjoavan osapuolen on pyynnöstä annettava lausunto tietojen luottamuksellisuuden väitetyistä perusteista.

9.      Ellei luottamukselliseksi määrittelyä ole peruutettu tai komissio tai hallinto-oikeuden tuomari ole määrittänyt, että luottamuksellisiksi määritellyt tiedot eivät enää ole luottamuksellisia, komission, hallinto-oikeuden tuomarin ja komission tutkivan asianajajan on ryhdyttävä kaikkiin tarvittaviin ja asianmukaisiin toimenpiteisiin säilyttääkseen kaikkien toimittajan edellä olevan kohdan 2 mukaisesti määrittelemien luottamuksellisten liiketoimintatietojen luottamuksellisuuden ja suojatakseen kunkin toimittajan niihin kohdistuvia oikeuksia, mukaan lukien muun muassa (a) ilmoittamalla toimittajalle viipymättä (i) kaikista tällaisten luottamuksellisten liiketoimintatietojen olennaista sisältöä tai niiden saantia koskevista tiedusteluista tai pyynnöistä muilta tahoilta kuin niiltä, joilla on niihin valtuudet tämän määräyksen nojalla tiedonvapauslain ("Freedom of Information Act") (muutoksineen) (5 U.S.C.

552 §) mukaisesti, ja (ii) kaikista ehdotuksista määritellä uudelleen tai julkistaa joitakin tällaisia

luottamuksellisia liiketoimintatietoja, ja (b) antamalla toimittajalle vähintään seitsemän päivää aikaa

tällaisen tiedustelun tai pyynnön vastaanottamisesta ryhtyä toimenpiteisiin komission tai sen

tiedonvapauslakivirkailijan tai hallinto-oikeuden tuomarin edessä tai muuten säilyttää tällaisten

liiketoimintaa koskevien luottamuksellisten tietojen luottamuksellisuus ja suojata oikeuksiaan niihin.

10.     Jos sinä aikana, kun tutkinta on käynnissä hallinto-oikeuden tuomarin edessä, tämän

määräyksen osapuoli, jonka on määrä vastaanottaa joitakin liiketoimintatietoja, jotka on määritelty

luottamuksellisiksi ja annettu kohdan 2 mukaisesti, on kokonaan tai osittain eri mieltä tällaisesta

määrittelystä, hänen on ilmoitettava siitä toimittajalle kirjallisesti, ja osapuolet neuvottelevat tämän

jälkeen tämän määräyksen yhteydessä tarjottujen tietojen asemasta. Jos toimittaja ennen tällaista

neuvottelua tai sen aikana peruuttaa määrittelynsä tällaisten tietojen kuulumisesta tämän määräyksen

piiriin, mutta siitä huolimatta antaa tällaiset tiedot tutkinnan tarkoituksia varten, toimittajan on ilmaistava

peruutus kirjallisesti ja annettava kyseinen peruutus tiedoksi kaikille osapuolille ja hallinto-oikeuden

tuomarille. Elleivät vastaanottaja ja toimittaja kykene sopimaan luottamuksellisina liiketoimintatietoina

annettujen tietojen asemasta kymmenen päivän kuluessa tällaisen erimielisyyden ilmoituspäivästä, kuka

tahansa tämän määräyksen osapuoli voi viedä tällaisen aseman määrittelyä koskevan asian ratkaistavaksi

hallinto-oikeuden tuomarille, joka tekee päätöksen asiassa. Hallinto-oikeuden tuomari voi viran puolesta

(*sua sponte*) kyseenalaistaa minkä tahansa tietojen luottamuksellisen aseman määrittelyn ja, annettuaan

mahdollisuuden tulla kuulluksi, poistaa luottamukselliseksi määrittelyn.

11.     Vähintään 10 päivää (tai jokin muu hallinto-oikeuden tuomarin määrittelemä

ajanjakso) ennen kuin kohdan 2 mukaisesti annetut luottamukselliset tiedot paljastetaan ensimmäistä

kertaa ehdotetulle asiantuntijalle, osapuolen, joka ehdottaa tällaisen asiantuntijan käyttämistä, on

toimitettava ehdotetun asiantuntijan nimi, koulutushistoria ja yksityiskohtainen työhistoria kirjallisina

toimittajalle. Jos toimittaja vastustaa tällaisten luottamuksellisten liiketoimintatietojen paljastamista

kyseiselle ehdotetulle asiantuntijalle tämän määräyksen sanamuodon tai tarkoituksen vastaisena tai muilla

perusteilla, hänen on ilmoitettava vastaanottajalle kirjallisesti vastalauseensa ja sen perustelut ennen

tietojen ensimmäistä paljastamista. Ellei erimielisyyttä ratkaista epämuodollisesti kymmenen päivän kuluessa tällaisen vastalauseilmoituksen vastaanottamisesta, toimittajan on välittömästi annettava kukin vastalause hallinto-oikeuden tuomarin ratkaistavaksi jättämällä suojamääräyshakemus komission säännöksen 210.34 mukaisesti. Jos tutkinta on käynnissä komissiossa, asia on annettava komission ratkaistavaksi. Tällaisia luottamuksellisia liiketoimintatietoja on pidättäydyttävä antamasta kyseiselle ehdotetulle asiantuntijalle sen aikaa, kun komission tai hallinto-oikeuden tuomarin ratkaisua odotetaan. Tämän kohdan ehtoja ei sovelleta komission asiantuntijoihin tai komission konsultoimiin tai käyttämiin asiantuntijoihin muista valtion virastoista.

12.    Jos kohdan 2 mukaisesti annettuja luottamuksellisia liiketoimintatietoja paljastetaan jollekin henkilölle muuten kuin tämän suojamääräyksen valtuuttamalla tavalla, paljastamisesta vastuussa olevan osapuolen on välittömästi saatettava tällaiseen paljastamiseen liittyvät merkitykselliset tosiseikat toimittajan ja hallinto-oikeuden tuomarin tietoon ja, tämän vaikuttamatta toimittajan muihin oikeuksiin ja oikeussuojakeinoihin, pyrittävä kaikin tavoin estämään lisäpaljastukset omalta taholtaan tai tällaisten tietojen vastaanottajan taholta.

13.    Mikään tässä määräyksessä mainittu ei rajoita kenenkään henkilön oikeutta käyttää oikeussuojakeinoja tai ryhtyä muihin asianmukaisiin oikeustoimiin luottamuksellisten liiketoimintatietojen asemaa koskevan komission, sen tiedonvapauslakivirkailijan tai hallinto-oikeuden tuomarin ratkaisun osalta.

14.    Kun tämä tutkinta päättyy lopullisesti, jokaisen tämän määräyksen piiriin kuuluvan luottamuksellisten liiketoimintatietojen vastaanottajan on koottava ja palautettava toimittajalle kaikki kohteet, jotka sisältävät tällaisia, edellä olevan kohdan 2 mukaisesti annettuja tietoja, mukaan lukien kaikki tällaisesta aineistosta mahdollisesti tehdyt jäljennökset. Tämän määräyksen piiriin kuuluvat osapuolet voivat vaihtoehtoisesti toimittajan kirjallisella suostumuksella tuhota kaikki luottamuksellisia liiketoimintatietoja sisältävät kohteet ja todistaa toimittajalle (tai hänen asiamiehelleen), että tällainen tuhoaminen on suoritettu. Tätä kohtaa ei sovelleta komissioon, mukaan lukien sen tutkivaan asianajajaan, eikä hallinto-oikeuden tuomariin, joiden on säilytettävä tällaista aineistoa lakisääteisten vaatimusten

mukaisesti ja muita arkistointitarkoituksia varten, mutta he voivat tuhota sellaisen hallussaan olevan

aineiston (mukaan lukien tällaisia tietoja sisältävät sähköiset tietovälineet), jonka he katsovat olevan

ylimääräistä.

Edellisestä kappaleesta huolimatta luottamukselliset liiketoimintatiedot voidaan lähettää piirituomioistuimeen komission säännöksen 210.5(c) mukaisesti.

15.    Jos edellä olevan kohdan 2 mukaisesti toimitettavia luottamuksellisia liiketoimintatietoja toimittaa taho, joka ei ole tämän tutkinnan osapuoli, kyseinen tutkinnan ulkopuolinen osapuoli katsotaan "toimittajaksi" siinä merkityksessä, jossa termiä käytetään tämän määräyksen yhteydessä.

16.    Kukin osapuoli, joka pyytää tietoja tällaiselta tutkinnan ulkopuoliselta osapuolelta, toimittaa kyseiselle tutkinnan ulkopuoliselle osapuolelle kopion tästä määräyksestä.

17.    Sihteeri antaa jäljennöksen tästä määräyksestä tiedoksi kaikille osapuolille sähköisesti, ja kantajan on suoritettava tiedonanto edustusta vailla oleville osapuolille perussäännön 1.5 mukaisesti.

**NÄIN MÄÄRÄTÄÄN.**

[allekirjoitus]
Dee Lord
Hallinto-oikeuden tuomari

19

Liite A

RAPORTOIJAN/PIKAKIRJOITTAJAN/KÄÄNTÄJÄN SALASSAPITOSOPIMUS

Minä, _____, vannon tai vakuutan, että en paljasta mitään tietoja, joita

saan tutkinnan tai kuulemisen luottamuksellisessa osassa asiassa *Tietyt sähköiset laitteet, mukaan lukien*

*tietokoneet, tabletit ja niiden komponentit ja moduulit,* tutkinta nro 337-TA-1208, paitsi siten kuin se tässä

asiassa annetun suojamääräyksen mukaisesti on sallittua. En suoraan tai välillisesti käytä tällaisia tietoja

tai salli niitä käytettävän mihinkään muuhun tarkoitukseen kuin siihen, joka liittyy suoraan virallisiin

tehtäviini tässä asiassa.

Lisäksi en suoralla toiminnalla, keskustelulla, kenellekään esitetyllä suosituksella tai

ehdotuksella paljasta minkään tässä asiassa suoritetun tutkinnan tai kuulemisen luottamuksellisen osan

yhteydessä annettujen tietojen luonnetta tai sisältöä.

Vakuutan myös, että minulla ei ole mitään asemaa kyseisen tutkinnan osapuolissa eikä mitään

virallista suhdetta niihin.

Olen tietoinen siitä, että edellä määritettyjen tietojen luvaton käyttö tai välittäminen on

liittovaltion rikoslain ("Federal Criminal Code") vastaista ja että siitä voidaan määrätä enintään 10 000

Yhdysvaltain dollarin sakkorangaistus, enintään kymmenen (10) vuoden vankeusrangaistus tai

molemmat.


Allekirjoitus

Päiväys

Yritys tai kytkös

**TIETYT SÄHKÖISET LAITTEET, MUKAAN LUKIEN**        **Tutkinta nro 337-TA-1208**
**TIETOKONEET, TABLETIT JA**
**NIIDEN KOMPONENTIT JA MODUULIT**

## <u>JULKINEN TODISTUS TIEDOKSIANNOSTA</u>

Minä, Lisa R. Barton, todistan täten, että liitteenä oleva MÄÄRÄYS on annettu EDISin kautta tiedoksi komission tutkivalle asianajajalle Todd P. Taylorille sekä ilmoitetuilla tavoilla seuraaville osapuolille 6. elokuuta 2020.

[allekirjoitus]
Lisa R. Barton, sihteeri
U.S. International Trade Commission
500 E Street, SW, Room 112
Washington, DC 20436

s

**<u>Kantajien Nokia Technologies Oy ja Nokia</u>**
**<u>Corporation puolesta:</u>**

Adam D. Swain, asianajaja
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309
Sähköposti: adam.swain@alston.com

☐ Henkilökohtaisesti
☐ Pikalähetyksenä
☐ Ensimmäisen luokan postina
☒ Muu: sähköposti-ilmoitus saatavuudesta ladattavassa muodossa

**<u>Vastaajat:</u>**

Lenovo (United States), Inc.
8001 Development Drive
Morrisville, NC 27560

☐ Henkilökohtaisesti
☐ Pikalähetyksenä
☐ Ensimmäisen luokan postina
☒ Muu: kantajat vastaavat tiedonannosta

Lenovo Group Limited
Lincoln House, 23rd Floor, Taikoo Place
979 King's Road
Quarry Bay, Hong Kong

☐ Henkilökohtaisesti
☐ Pikalähetyksenä
☐ Ensimmäisen luokan postina
☒ Muu: kantajat vastaavat tiedonannosta

Lenovo (Beijing) Limited
6 Chuangye Road
Shangdi Haidian District
100085 Beijing
China

☐ Henkilökohtaisesti
☐ Pikalähetyksenä
☐ Ensimmäisen luokan postina
☒ Muu: kantajat vastaavat tiedonannosta

Todistus tiedonannosta – Sivu 2

Lenovo (Shanghai) Electronics Technology Co. Ltd.
No. 696 Songtao Road
200000 Shanghai
China

☐ Henkilökohtaisesti
☐ Pikalähetyksenä
☐ Ensimmäisen luokan postina
☒ Muu: kantajat vastaavat tiedonannosta


Lenovo PC HK Limited
Lincoln House, 23rd Floor, Taikoo Place
979 King's Road, Quarry Bay
Hong Kong

☐ Henkilökohtaisesti
☐ Pikalähetyksenä
☐ Ensimmäisen luokan postina
☒ Muu: kantajat vastaavat tiedonannosta


Lenovo Information Products Shenzhen Co. Ltd.
No. 30 Tao Hua Road, Free Trade Zone, FuTian District
Shenzhen City, Guangdong Province
518038 Zhenzhen
China

☐ Henkilökohtaisesti
☐ Pikalähetyksenä
☐ Ensimmäisen luokan postina
☒ Muu: kantajat vastaavat tiedonannosta


Lenovo Mobile Communication
No. 19, Gaoxin 4th Road
East Lake New Technology Development
Zone, Hubei, 430079 Wuhan
China

☐ Henkilökohtaisesti
☐ Pikalähetyksenä
☐ Ensimmäisen luokan postina
☒ Muu: kantajat vastaavat tiedonannosta


Lenovo Corporation
No. 2088 Pangjin Road, Wujiang City, Jiangsu
215217 Wujiang
China

☐ Henkilökohtaisesti
☐ Pikalähetyksenä
☐ Ensimmäisen luokan postina
☒ Muu: kantajat vastaavat tiedonannosta


Lenovo Centro Tecnologico S. de RL CV
Blvd. Escobedo No. 316
Parque Industrial Technology
66600 Apodaca, Nuevo Leon
Mexico

☐ Henkilökohtaisesti
☐ Pikalähetyksenä
☐ Ensimmäisen luokan postina
☒ Muu: kantajat vastaavat tiedonannosta

**Esimerkkikappale B**

**MÄÄRITELMÄT**

1.      Tässä esitetyillä määritelmillä on laajin mahdollinen merkitys komission säännön 210.27, 19 C.F.R. § 210.27 mukaisesti.

2.      "Kanne" tarkoittaa kannetta, jonka Nokia Technologies Oy ja Nokia Corp. ("Nokia") nostivat Yhdysvaltain kansainvälisen kaupan komissiolle (International Trade Commission, "ITC") 2. heinäkuuta 2020.

3.      "ITC" tai "komissio" tarkoittaa Yhdysvaltain kansainvälisen kaupan komissiota (United States International Trade Commission).

4.      "Tutkimus" tarkoittaa ITC:n tutkimusta Nro 337-TA-1208, jonka komissio aloitti 4. elokuuta 2020 ja jonka otsikko on "Tietyt sähköiset laitteet, mukaan lukien tietokoneet, tablettitietokoneet sekä niiden komponentit ja moduulit" ("Certain Electronic Devices, Including Computers, Tablet Computers, and Components and Modules Thereof").

5.      "'706-patentti" tarkoittaa Yhdysvaltain patenttia Nro 8,583,706.

6.      "Liittyvä hakemus" tarkoittaa mitä tahansa ja kaikkia '706-patenttiin liittyviä hakemuksia hakemalla minkä tahansa sellaisen patenttihakemuksen jättöpäivän etua, jonka etua vaaditaan '706-patentilla, mukaan lukien kaikki väliaikaiset, ei-väliaikaiset, jatko-, osittaiset jatko-, jakamalla erotetut, törmäävät, uudelleenkäsittely-, uudelleenjulkaisu- ja ulkomaisen vastapuolen hakemukset.

7.      "Liittyvä patentti" tarkoittaa mitä tahansa ja kaikkia patentteja, jotka perustuvat liittyvään hakemukseen tai ovat lähtöisin siitä, mukaan lukien kaikki patentit, joita on voitu vastustaa, uudelleenkäsitellä, uudelleenjulkaista, tarkistaa tai asettaa pätevyys- tai mitättömyysprosessin kohteeksi.

8.      "Liittyvät asiat" tarkoittavat mitä tahansa ja kaikkia asioita, joissa minkä tahansa väitetyn patentin väitettiin loukatun, mukaan lukien rajoituksetta *Nokia Technologies Oy, v. Lenovo (Shanghai) Electronics Technology Co., Ltd., Lenovo Group, Ltd., Lenovo Beijing, Ltd., Lenovo PC HK Limited ja Lenovo (United States), Inc.*, Nro 19-cv-0427 (E.D.N.C.).

9.      "Sinä" eri muodoissaan tarkoittaa henkilöä Mika P. Mustonen, (i) ketä tahansa muuta henkilöä tai mitä tahansa yhteisöä, joka toimii Mika P. Mustosen puolesta tai jonka puolesta Mika P. Mustonen toimi; (ii) ketä tahansa henkilöä tai mitä tahansa yhteisöä, jolla on velvollisuus, sopimuksen perusteella tai muutoin, viestiä Mika P. Mustosen kanssa mistä tahansa tosiseikoista tai toimittaa mitä tahansa asiakirjoja, jotka liittyvät '706-patenttiin ja sen historiaan; ja (iii) ketä tahansa muuta henkilöä tai mitä tahansa muuta yhteisöä, joka on muutoin Mika P. Mustosen valvonnan alaisena.

10.     "Vastaajat" tarkoittavat vastaajia, jotka Nokia nimesi ITC:n tutkimuksessa Nro 337-TA-1208:  Lenovo Group Limited; Lenovo (United States), Inc.; Lenovo (Beijing Limited); Lenovo PC HK Limited; Lenovo (Shanghai) Electronics Technology Co. Ltd.; Lenovo Information Products Shenzhen Co. Ltd.; Lenovo Mobile Communication; Lenovo Corporation; Lenovo Centro Tecnologico S. de RL CV.

11.      "Nokia" tarkoittaa yrityksiä Nokia Technologies Oy ja Nokia Corp.

12.     "Google" tai "Väliintulija" tarkoittaa Google LLC.

13.     "PTO" tarkoittaa Yhdysvaltain patentti- ja rekisterihallitusta United States Patent and Trademark Office.

14.     "Kotimainen teollisuus" tarkoittaa kotimaista teollisuutta, siten kuin termiä käytetään säännöksissä 19 U.S.C. § 1337(a)(3)(A), 19 C.F.R. § 210.12(a)(6)(i) ja valituksen kohdassa XI.

15.     "Aikaisempi taso" tarkoittaa mitä tahansa, mikä täyttää määritelmän, joka on säännöksessä 35 U.S.C. § 102 ja/tai jota voidaan hakea säännösten 35 U.S.C. §§ 102 ja/tai 103 perusteella tai jota kuka tahansa on milloin tahansa väittänyt voitavan hakea säännösten 35 U.S.C. §§ 102 ja/tai 103 perusteella, ja sisältää minkä tahansa patentin, painojulkaisun, tiedon, käytön, myynnin, myyntitarjouksen, aikaisemman keksinnön tai minkä tahansa muun toimen tai tapahtuman, joka määritellään säännöksessä 35 U.S.C. § 102 (sekä ennen säädöstä America Invents Act ("AIA")) tai sen jälkeen, yksin tai yhdessä ymmärrettynä.

16.      "Nimetty keksijä" tarkoittaa ketä tahansa yksilöä, joka osaltaan vaikutti keksintöihin, jotka on julkistettu '706 Patentissa, mukaan luettuina rajoituksetta Mika P. Mustonen ja Markku Rytivaara.

17.     "Rikkoa" ja "rikkominen" viittaa mihin tahansa ja kaikkiin rikkomustyyppeihin, jotka on esitetty säännöksessä 35 U.S.C. § 271, tai lainvastaisiin tekoihin, joista on säädetty säännöksessä 19 U.S.C. § 1337(a)(1)(B), mukaan luettuina suora rikkomus, edesauttava rikkominen, rikkomisen aktiivinen aikaansaaminen, kirjaimellinen rikkominen ja/tai vastaavuusopin mukainen rikkomus.

18.     "Asiakirja" on merkitykseltään määräysten Commission Rule 210.30, 19 C.F.R. § 210.30 ja Federal Rule of Civil Procedure 34 mukainen.  Termi "Asiakirja" sisältää asiakirjat missä tahansa muodossa, mukaan luettuina elektronisesti tallennetut Asiakirjat.  Missä tahansa Asiakirjassa esiintyvä mikä tahansa kommentti tai huomautus, joka ei ole osa alkuperäistä tekstiä, on katsottava erilliseksi "Asiakirjaksi".

19.     "Asia" on merkitykseltään määräysten Commission Rule 210.30, 19 C.F.R. § 210.30 ja Federal Rule of Civil Procedure 34 mukainen.  "Asia" sisältää nimenomaisesti rajoituksetta minkä tahansa levykkeen, nauhan tai muun elektronisen mediatallennuslaitteen,

minkä tahansa tuotteen ja minkä tahansa mallin, prototyypin tai kokeellisen laitteen tai niiden

osan tai kokoonpanon.

20.     "Viestintä" tarkoittaa jokaista julkistamisen, siirron tai tiedonvaihdon tapaa tai

menetelmää, riippumatta siitä, tapahtuuko se suullisesti, elektronisesti tai kovalevyllä ja

kasvokkain tai puhelimitse, postitse, faksilla, sähköpostilla, Internet-viestillä, Internet-chatissä tai

Internet-postilla tai muuten.

21.     "Päivämäärä" tarkoittaa tarkkaa päivää, kuukautta ja vuotta, jos se on todettavissa,

ja jos ei ole, haastetun osapuolen parasta arviota siitä.

22.     "Henkilö" tarkoittaa sekä luonnollista henkilöä että oikeushenkilöä, kuten

organisaatiota, yritystä, yhtiötä tai muuta oikeudellista entiteettiä.  Henkilön toimet määritellään

siten, että ne sisältävät johtajien, vastuuhenkilöiden, jäsenten, työntekijöiden, asiamiesten tai

asianajajien toimet Henkilön puolesta.

23.     "Liittyy" tai "Liittyen", kun sitä käytetään viitaten tiettyyn aiheeseen, tulkitaan

mahdollisimman laajassa mielessä ja katsotaan pyynnöksi, jonka Te yksilöitte ja esitätte

Asiakirjat, jotka viittaavat, käsittelevät, tiivistävät, pohtivat, muodostavat, sisältävät, ilmentävät,

koskevat, mainitsevat, näyttävät, kommentoivat, todistavat tai muulla tavoin koskevat aihetta,

johon viitataan.

24.     "Yksilöidä" tai esittää luonnollisen Henkilön "Yksilöllisyys" tai "Yksilöinti"

tarkoittaa kyseisen henkilön osalta: henkilön koko nimi, nykyinen ja viimeinen tunnettu osoite,

nykyinen tai viimeinen tunnettu puhelinnumero, nykyinen tai viimeinen tunnettu työnantaja ja

kyseisen työnantajan osoite sekä nykyinen ja viimeinen tunnettu työnimike.  "Yksilöidä" tai

esittää oikeushenkilön "Yksilöllisyys" tai "Yksilöinti" tarkoittaa kyseisen oikeushenkilön osalta:

sen koko nimi, nykyinen ja viimeinen tunnettu osoite, nykyinen tai viimeinen tunnettu

puhelinnumero, kaikki tunnetut nimet, joilla se on toiminut aikaisemmin ja kaikki tunnetut

osoitteet, joissa se on harjoittanut aikaisemmin liiketoimintaa.

25.    "Yksilöidä" tai esittää Asiakirjan tai Asian "Yksilöllisyys" tai "Yksilöinti"

tarkoittaa:

        a.   Esittää kyseisestä Asiakirjasta tai Asiasta lyhyt kuvaus, joka riittää tukemaan

            Esittämispyyntöä;

        b.   Osoittaa paikan, jossa Asiakirja tai Asia voidaan katselmoida; ja

        c.   Jos Asiakirjan tai Asian kopio on toimitettu aikaisemmin, todeta se ja yksilöidä

            nimenomaan aikaisemmin toimitettu kopio viittaamalla tuotantonumeroihin tai

            muihin yksilöintitietoihin, kuten oikeusjutun kontrollinumeroon.

26.    "Yksilöidä" tapahtuma tarkoittaa sitä, että esitetään tapahtuman kuvaus,

tapahtuman päivämäärä, tapahtuman paikka sekä tapahtumaan osallistuvat Henkilöt.

27.    Tässä käytettynä kieliopillinen yksikkö sisältää monikon ja preesens sisältää

imperfektin.

28.    "Ja/tai", "ja" sekä "tai" tulkitaan konjunktiiviseksi tai disjunktiiviseksi, sen

mukaan, kumpi tekee Pyynnöstä kattavamman.

29.    "Mikä tahansa" sisältää "kaikki"; ja "kaikki" sisältää "minkä tahansa".

30.    Tässä käytettyjä määritelmiä ja terminologiaa käytetään mukavuussyistä, eikä

niillä tarkoiteta tai anneta ymmärtää mitään tiettyä teknistä tarkoitusta tai minkä tahansa patentin

mitään termiä tai ilmaisua.

31.    "Analyysi" tarkoittaa mielipidettä, arviota, tutkimusta, tarkastelua ja/tai

määrittelyä, riippumatta siitä, päästiinkö johtopäätökseen.

## OHJEET

Seuraavat ohjeet soveltuvat termeihin jokaisessa selvityspyynnössä, jollei toisin nimenomaan todeta:

1.      Esitettäessä pyydetyt asiakirjat ja asiat, te toimitatte kaikki asiakirjat ja asiat, jotka ovat Teidän tiedossanne ja saatavillanne, omistuksessanne, hallinnassanne tai valvonnassanne, riippumatta sijaintipaikasta ja siitä, ovatko kyseiset asiakirjat tai asiat Teidän tai asiamiestenne, vastuuhenkilöidenne, työntekijöidenne, asianajajienne, edustajienne tai Teidän puolestanne toimivien suoranaisessa hallinnassa.

2.      Jos mitään asiakirjoja, jotka vastaavat näitä pyyntöjä, pidättäydytään esittämästä vedoten salassapitovelvollisuuteen tai muuhun selvitykseen liittyvään immuniteettiin, Teidän on säilytettävä näin pidätetyt asiakirjat ja toimitettava salassapitoloki, jossa yksilöidään kukin asiakirja erikseen ja määritetään kullekin asiakirjalle vähintään: (1) päivämäärä; (2) lähettäjät; (3) vastaanottajat; ja (4) asiakirjan yleinen aihealue. Jos lähettäjä tai vastaanottaja on lakimies tai ulkomainen patenttiasiamies, hänet on sellaiseksi yksilöitävä. Myös väitetyn salassapitovelvollisuuden tyyppi on todettava ja on vakuutettava, että kaikki väitetyn salassapitovelvollisuuden elementit on täytetty eikä niistä ole luovuttu kunkin asiakirjan yhteydessä.

3.      Jos asianmukaista huolellisuutta noudatettuannekaan Te ette pysty määrittämään asiakirjojen tai asioiden yksilöintiä koskevan selvityspyynnön soveltamisalaan kuuluvien asiakirjojen tai asioiden olemassaoloa, Teidän on niin todettava kirjallisessa vastauksessanne.

4.      Kun yksilöity asiakirja tai asiakirjan osa on toisella kielellä kuin englanniksi, ilmoittakaa, onko kyseisestä asiakirjasta tai sen osasta olemassa englanninkielistä käännöstä, ja jos on, yksilöikää ja esittäkää molemmat asiakirjat.  "Elektronisesti tallennettu informaatio" eli "ESI" on esitettävä seuraavassa muodossa, jollei osapuolten kesken ole muuta sovittu:

a.      Yksisivuinen ryhmän IV TIFF:t vähintään 600 dpi mustavalkoisille kuville tai .JPG väreinä tuotetuille kuville, kuvat on esitettävä käyttäen yksilöityä tiedostonimeä, joka on kyseisen sivun tuotantonumero (esim. ABC000001.TIFF).  Tuotantonumeron on esiinnyttävä kuvan etupuolella;

b.      Hakukelpoiset tekstitiedostot asiakirjatasolla (yksi tekstitiedosto kullekin asiakirjalle eikä yksi tekstitiedosto asiakirjan kullekin sivulle) kullekin asiakirjalle, jolla on kunkin asiakirjan alkavan tuotantonumeron nimi (natiivitiedostojen teksti, joka saadaan suoraan natiivitiedostoista, jos mahdollista; OCR paperiasiakirjoille), tuotantojen, jotka sisältävät vieraskielisiä asiakirjoja, on oltava Unicoden mukaisia, asiakirjatasoisia tekstitiedostoja, joilla on .ext-tunniste, esitetään, jos sellaisia on saatavilla. Tekstitiedosto vastaa kuvan tai natiivitiedoston alkavaa tuotantonumeroa. Kenttä sisällytetään DAT:iin polkuineen vastaavaan tekstitiedostoon;

c.      Tietokannan lataustiedostot ja ristiviitetiedostot, esim. Concordancen oletusarvoinen rajoitetut kentät sisältävä tiedosto (metatieto) ja Opticonin rajoitetut kentät sisältävä tiedosto (kuvaviitetiedostot) ja mukaan luettuina seuraavat kentät (sikäli kuin metatiedot ovat saatavilla):  Beg Bates No.; End Bates No.; Bates Range; Bates ParentID; Attach Begin; Attach End; Page Count; From/Author; To/Recipient(s); CC; Bcc; Email Date Sent; Email Time Sent; Email Date Received; Email Time Received; Email Subject; Custodian; File Name; Document Created Date; Document Last Modified Date; Document Last Accessed Date; File Type; Location/Source; Text Link (polku tekstiin), Native Link (polku natiivitiedostoon);

d.      MS Excel, MS PowerPoint, MS Access ja vastaavat taulukkotiedosto-, esitys- ja tietokantatiedostot sekä audio- ja videotiedostot, esitetään natiivimuodossa sikäli, kuin ne eivät sisällä salassapidettäviä sensuroituja kohtia. Vastaajat voivat esittää kohtuullisia pyyntöjä saadaksen muita asiakirjoja natiivimuodossaan. Jos on kyse asiakirjoista, jotka tuotetaan natiivitiedostoina, sisällyttäkää kuvatiedostoihin (PDF tai TIFF) välilehti, jossa natiivitiedosto olisi muuten tuotettu, osoittaen natiivitiedoston tai muun asiakirjan tuotantonumeron ja salassapitoilmoituksen. Lisäksi natiivitiedostot

tuotetaan käyttäen nimeä, jossa on tuotantonumero, esimerkiksi: ABC000002.xls.  Osoittakaa

mahdollinen salassapitoilmoitus tuotetussa tiedostonimessä, jos mahdollista; ja

e.       kun kyse on responsiivisista tiedoista, jotka ovat tiedokannassa tai muussa

tietokokoelmassa, sisällyttäkää kenttäkartta, joka esittää tietokannan kussakin sijaintipaikassa olevien

tietojen tyypin ja muodon.

5.       Asiakirjat, jotka ovat ainoastaan paperilla tai tulostemuodossa, on skannattava ja

käsiteltävä edellä olevien ESI-ohjeiden mukaisesti.

6.       Minkään tutkintapyynnön tai sen osan ei voida katsoa rajoittavan mitään muuta

tutkintapyyntöä tai pyynnön osaa.

## PYYDETTY AINEISTO

## ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 1.

Kaikki asiakirjat, jotka liittyvät '706 patentin asianmukaisten nimettyjen keksijöiden tunnistamiseen, valintaan tai määrittämiseen.

## ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 2.

Kaikki asiakirjat, jotka liittyvät Teidän ja kenenkään toisen nimetyn keksijän väliseen kommunikaatioon, joka liittyy '706 patentin kohteeseen, mihinkään '706 patentin väitettyyn rikkomiseen, tähän tutkintaan tai vastaaviin tapauksiin.

## ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 3.

Kaikki asiakirjat, jotka liittyvät Teidän ja kenenkään kolmannen osapuolen väliseen kommunikaatioon, joka liittyy '706 patentin kohteeseen, mihinkään '706 patentin väitettyyn rikkomiseen, tähän tutkintaan tai vastaaviin tapauksiin.

## ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 4.

Kaikki asiakirjat, jotka liittyvät '706 patentin laatimiseen, tarkasteluun, täytäntöönpanoon, suunnitteluun, kehittämiseen ja/tai kaupallistamiseen, mukaan lukien keksintöilmoitukset, laboratorion muistikirjat, lähdekoodi, kaaviot, vuokaaviot, taide ja muut asiakirjat, jotka viittaavat millään lailla jokaisen '706 patentin kohteen laatimiseen, suunnitteluun, kehitystoimiin, täytäntöönpanoon tai kaupallistamiseen, mukaan lukien kaikki asiakirjat, jotka on luotu '706 patentin soveltamispäivänä tai aiemmin, tai ilmoitettuina etuoikeuspäivinä riippuen siitä, kumpi ajankohta on aikaisempi, ja jotka todistavat minkään patentissa tarkoitetun keksinnön laatimista, täytäntöönpanoa, suunnittelua ja kehittämistä.

## ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 5.

Kaikki asiakirjat, jotka liittyvät mihinkään ongelmaan, jonka mikä tahansa '706 patentissa ilmoitettu tai tarkoitettu keksintö on ratkaissut.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 6.**

Kaikki asiakirjat, jotka viittaavat tai liittyvät '706 patentin kohteen minkäänlaiseen kokeiluun tai testaukseen ennen '706 patentin liikkeeseenlaskua.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 7.**

Kaikki asiakirjat, jotka viittaavat tai liittyvät jokaisen '706 patentin liikkeeseenlaskuun johtaneisiin toimiin osallistuneen henkilön osuuteen, mukaan lukien kaikki näiden henkilöiden asiakirjat, jotka liittyvät millään lailla '706 patentin kohteeseen.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 8.**

Kaikki asiakirjat, jotka viittaavat tai liittyvät '706 patentin kohdetta esittäviin piirustuksiin tai kirjallisiin kuvauksiin.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 9.**

Kaikki asiakirjat, jotka viittaavat tai liittyvät minkäänlaiseen '706 patentin kohteen kaupalliseen menestykseen, mukaan lukien kaikki yritykset myydä tai lisensoida tällaista teknologiaa sekä kaikenlaiset yhteydet tällaisen teknologian väitetyn kaupallisen menestyksen ja minkään väitetyn keksinnön välillä.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 10.**

Kaikki asiakirjat, jotka viittaavat tai liittyvät kenelle tahansa henkilölle annettuihin ilmoituksiin '706 patentin kohteen kehittämisestä, mukaan lukien ensimmäinen suullinen tai kirjallinen ilmoitus mistä '706 patentissa ilmoitetusta tai tarkoitetusta keksinnöstä.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 11.**

Kaikki asiakirjat, jotka viittaavat tai liittyvät kaikkeen '706 patentin kohdetta koskevaan tunnettuun tekniikkaan riippumatta siitä, onko sitä esitetty Yhdysvaltain patentti- ja tavaramerkkivirastolle, mukaan lukien kaikki Teidän, '706 patentin nimettyjen keksijöiden, tai syyttäjän tiedossa ollut tekniikka.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 12.**

Kaikki asiakirjat, jotka viittaavat tai liittyvät ajankohtaan, tai kuvastavat ajankohtaa, jolloin tulitte tietoisiksi jokaisesta patentti- ja tavaramerkkivirastolle esitetystä tai ilmoitetusta viitteestä '706 patentin syytteeseenpanon aikana.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 13.**

Kaikki asiakirjat ja tiedonannot, jotka viittaavat tai liittyvät mihinkään päätökseen ilmoittaa tai olla ilmoittamatta viitettä patentti- ja tavaramerkkivirastolle '706 patentin syytteeseenpanon aikana.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 14.**

Kaikki asiakirjat, jotka liittyvät mihinkään '706 patentin vaatimukseen liittyvän tekniikan taitotasoon.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 15.**

Kaikki asiakirjat, jotka liittyvät minkään vaatimuksen, vaatimuksen rajoituksen, vaatimustermin tai missään '706 patentin vaatimuksessa käytetyn ilmauksen merkitykseen ja rakenteeseen, mukaan lukien kaikki asiakirjat, joiden uskotte tukevan minkään vaatimuksen, vaatimuksen rajoituksen, vaatimustermin tai missään '706 patentin vaatimuksessa käytetyn ilmauksen asianmukaista merkitystä ja rakennetta.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 16.**

Kaikki Nokian kanssa käyty kommunikaatio, joka liittyy tähän tutkintaan, mihinkään vastaaviin tapauksiin, Googleen tai mihinkään vastaajaan.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 17.**

Kaikki asiakirjat, jotka liittyvät kaikkiin kirjallisiin ja ei-kirjallisiin sopimuksiin Teidän ja Nokian välillä.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 18.**

Kaikki asiakirjat, jotka liittyvät omistusosuuteen tai investointiin, joka Teillä on Nokiassa.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 19.**

Kaikki asiakirjat, jotka liittyvät rahoitukselliseen etuun tai rahalliseen vastikkeeseen, jonka saatte '706 patentista tai tämän tutkinnan tai vastaavien tapausten tuloksesta.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 20.**

Kaikki asiakirjat ja tiedonannot, jotka liittyvät Nokian luontiin ja käynnistämiseen, teidän aiempaan ja nykyiseen suhteeseenne tai osallisuutteenne Nokian kanssa sekä rahoitukselliseen etuun tai korvaukseen, jonka saatte tai tulette saamaan Nokialta.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 21.**

Kaikki asiakirjat, jotka koskevat mitään seminaareja, alan kokouksia, tutkimusryhmiä, yhteistyötä tai minkään kolmannen osapuolen kanssa käytyjä tapaamisia, jotka koskevat älykästä aputekniikkaa tai mitään muuta '706 patentin kohdetta.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 22.**

Kaikki julkaistut tai julkaisemattomat artikkelit, esitelmät, käsikirjoitukset, tekniset raportit, konferenssiesitelmät tai muut julkaisut, mukaan lukien patentit, joiden laatimiseen tai

kirjoittamiseen on osallistunut kuka tahansa nimetty keksijä, ja jotka käsittelevät mitään '706 patentissa kuvattua tai tarkoitettua kohdetta.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 23.**

Asiakirjat, jotka riittävät näyttämään korvauksenne mistä tahansa annetusta avusta, joka liittyy '706 patenttiin, tähän tutkintaan tai vastaaviin tapauksiin.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 24.**

Kaikki asiakirjat, jotka liittyvät '706 patenttiin tai vastaavaan patenttiin johtaneiden tai niihin laskettavien hakemusten valmisteluun, kirjaamiseen, valmistelupäätöksiin, kirjaamispäätöksiin tai syytteeseenpanoon.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 25.**

Kaikki asiakirjat, jotka liittyvät mihinkään lisenssiin, sopimukseen olla nostamatta kannetta, oikeuden luovutukseen, kauppakirjaan tai mihinkään muuhun '706 patenttiin tai vastaavaan patenttiin liittyvien tarjottujen, annettujen tai toimeenpantujen oikeuksien siirtoon.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 26.**

Kaikki asiakirjat, jotka liittyvät mihinkään maksettuun tai saatuun summaan yhteydessä mihinkään lisenssiin, sopimukseen olla nostamatta kannetta, oikeuden luovutukseen, kauppakirjaan tai mihinkään muuhun '706 patenttiin tai vastaavaan patenttiin liittyvien tarjottujen, annettujen tai toimeenpantujen oikeuksien siirtoon.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 27.**

Kaikki asiakirjat, jotka liittyvät mihinkään '706 patentin tai vastaavaan patentin tai minkään '706 patentissa tai vastaavassa patentissa kuvattua väitettyä keksintöä ilmentävän tuotteen arviointiin.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 28.**

Nykyinen ansioluettelonne.

## TODISTAJANLAUSUNNON AIHEET

**AIHE NRO. 1.** Tieto, joka liittyy '706 patentin asianmukaisten nimettyjen keksijöiden tunnistamiseen, valintaan tai määrittämiseen.

**AIHE NRO. 2.** Tieto, joka liittyy Teidän ja kenenkään toisen nimetyn keksijän väliseen kommunikaatioon, joka liittyy '706 patentin kohteeseen, mihinkään '706 patentin väitettyyn rikkomiseen, tähän tutkintaan tai vastaaviin tapauksiin

**AIHE NRO. 3.** Tieto, joka liittyy Teidän ja kenenkään kolmannen osapuolen väliseen kommunikaatioon, joka liittyy '706 patentin kohteeseen, mihinkään '706 patentin väitettyyn rikkomiseen, tähän tutkintaan tai vastaaviin tapauksiin.

**AIHE NRO. 4.** Tieto, joka liittyy '706 patentin jokaisen vaatimuksen kohteen laatimiseen, tarkasteluun, kehitystoimiin, täytäntöönpanoon tai kaupallistamiseen.

**AIHE NRO. 5.** Tieto, joka liittyy mihinkään ongelmaan, jonka mikä tahansa '706 patentissa ilmoitettu tai tarkoitettu keksintö on ratkaissut.

**AIHE NRO. 6.** Tieto, joka liittyy '706 patentin kohteen minkäänlaiseen kokeiluun tai testaukseen ennen '706 patentin liikkeeseenlaskua.

**AIHE NRO. 7.** Tieto, joka liittyy jokaisen '706 patentin liikkeeseenlaskuun johtaneisiin toimiin osallistuneen henkilön osuuteen.

**AIHE NRO. 8.** Tieto, joka liittyy minkäänlaiseen '706 patentin kohteen kaupalliseen menestykseen, mukaan lukien kaikki yritykset myydä tai lisensoida tällaista teknologiaa sekä kaikenlaiset yhteydet tällaisen teknologian väitetyn kaupallisen menestyksen ja minkään väitetyn keksinnön välillä.

**AIHE NRO. 9.** Tieto, joka liittyy kenelle tahansa henkilölle annettuihin ilmoituksiin '706 patentin kohteen kehittämisestä, mukaan lukien ensimmäinen suullinen tai kirjallinen ilmoitus mistä tahansa '706 patentissa ilmoitetusta tai tarkoitetusta keksinnöstä.

**AIHE NRO. 10.** Tieto, joka liittyy kaikkeen '706 patentin kohdetta koskevaan tunnettuun tekniikkaan riippumatta siitä, onko sitä esitetty Yhdysvaltain patentti- ja tavaramerkkivirastolle, mukaan lukien kaikki Teidän,  '706 patentin nimettyjen keksijöiden, tai syyttäjän tiedossa ollut tekniikka.

**AIHE NRO. 11.** Tieto ajankohdasta, jolloin tulitte tietoisiksi jokaisesta patentti- ja tavaramerkkivirastolle esitetystä tai ilmoitetusta viitteestä '706 patentin syytteeseenpanon aikana.

**AIHE NRO. 12.** Tieto, joka liittyy mihinkään päätökseen ilmoittaa tai olla ilmoittamatta viitettä patentti- ja tavaramerkkivirastolle '706 patentin syytteeseenpanon aikana.

**AIHE NRO. 13.** Tieto, joka liittyy mihinkään '706 patentin vaatimukseen liittyvän tekniikan taitotasoon.

**AIHE NRO. 14.** Tieto, joka liittyy minkään vaatimuksen, vaatimuksen rajoituksen, vaatimustermin tai missään '706 patentin vaatimuksessa käytetyn ilmauksen merkitykseen ja rakenteeseen, mukaan lukien kaikki tiedot, joiden uskotte tukevan minkään vaatimuksen, vaatimuksen rajoituksen, vaatimustermin tai missään '706 patentin vaatimuksessa käytetyn ilmauksen asianmukaista merkitystä ja rakennetta.

**AIHE NRO. 15.** Tieto, joka liittyy kaikkeen Nokian kanssa käytyyn kommunikaatioon, joka liittyy tähän tutkintaan, mihinkään vastaaviin tapauksiin, Googleen tai mihinkään vastaajaan.

**AIHE NRO. 16.** Tieto, joka liittyy kaikkiin kirjallisiin ja ei-kirjallisiin sopimuksiin Teidän ja Nokian välillä.

**AIHE NRO. 17.** Tieto, joka liittyy omistusosuuteen tai investointiin, joka Teillä on Nokiassa.

**AIHE NRO. 18.** Tieto, joka liittyy rahoitukselliseen etuun tai rahalliseen vastikkeeseen, jonka saatte '706 patentista tai tämän tutkinnan tai vastaavien tapausten tuloksesta.

**AIHE NRO. 19.** Tieto, joka liittyy Nokian luontiin ja käynnistämiseen, teidän aiempaan ja nykyiseen suhteeseenne tai osallisuutteenne Nokian kanssa sekä rahoitukselliseen etuun tai korvaukseen, jonka saatte tai tulette saamaan Nokialta.

**AIHE NRO. 20.** Tieto, joka koskee mitään seminaareja, alan kokouksia, tutkimusryhmiä, yhteistyötä tai minkään kolmannen osapuolen kanssa käytyjä tapaamisia, jotka koskevat älykästä aputekniikkaa tai mitään muuta '706 patentin kohdetta.

**AIHE NRO. 21.** Tieto, joka liittyy artikkeleihin, esitelmiin, käsikirjoituksiin, teknisiin raportteihin, konferenssiesitelmiin tai muihin julkaisuihin, mukaan lukien patentit, joiden laatimiseen tai kirjoittamiseen on osallistunut kuka tahansa nimetty keksijä, ja jotka käsittelevät mitään '706 patentissa kuvattua tai tarkoitettua kohdetta.

**AIHE NRO. 22.** Tieto, joka liittyy korvaukseenne mistä tahansa annetusta avusta, joka liittyy '706 patenttiin, tähän tutkintaan tai vastaaviin tapauksiin.

**AIHE NRO. 23.** Tieto, joka liittyy '706 patenttiin tai vastaavaan patenttiin johtaneiden tai niihin laskettavien hakemusten valmisteluun, kirjaamiseen, valmistelupäätöksiin,

kirjaamispäätöksiin tai syytteeseenpanoon .

**AIHE NRO. 24.** Tieto, joka liittyy mihinkään lisenssiin, sopimukseen olla nostamatta kannetta, oikeuden luovutukseen, kauppakirjaan tai mihinkään muuhun '706 patenttiin tai vastaavaan patenttiin liittyvien tarjottujen, annettujen tai toimeenpantujen oikeuksien siirtoon.

**AIHE NRO. 25.** Tieto, joka liittyy mihinkään maksettuun tai saatuun summaan yhteydessä mihinkään lisenssiin, sopimukseen olla nostamatta kannetta, oikeuden luovutukseen, kauppakirjaan tai mihinkään muuhun '706 patenttiin tai vastaavaan patenttiin liittyvien tarjottujen, annettujen tai toimeenpantujen oikeuksien siirtoon.

**AIHE NRO. 26.** Tieto, joka liittyy mihinkään '706 patentin tai vastaavaan patentin tai minkään '706 patentissa tai vastaavassa patentissa kuvattua väitettyä keksintöä ilmentävän tuotteen arviointiin.

**AIHE NRO. 27.** Tiedot nykyisestä ansioluettelostanne.

# ATTACHMENT C

**UNITED STATES INTERNATIONAL TRADE COMMISSION**
**WASHINGTON, DC**

Before the Honorable Dee Lord
Administrative Law Judge

| | |
|---|---|
| In the Matter of | Investigation No. 337-TA-1208 |
| CERTAIN ELECTRONIC DEVICES, INCLUDING COMPUTERS, TABLET COMPUTERS, AND COMPONENTS AND MODULES THEREOF | |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**
**PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF**
**EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS (28**
**U.S.C. § 1782)**

TO:     Ministry of Justice
        Unit for International Judicial Cooperation
        P.O. Box 25
        FIN-00023 Government
        Finland
        Phone: +358 (9) 1606 7628
        Email: central.authority@om.fi

FROM:  The Honorable _____
        The United States District Court for the District of Columbia
        333 Constitution Avenue N.W.
        Washington, D.C.  20001
        Phone: +1 (202) 354-3000

        The United States District Court for the District of Columbia presents its compliments

to the Central Authority of Finland, or other office as is appropriate, and requests international

judicial assistance to obtain evidence to be used in the above-captioned investigation

("Investigation").  It has been demonstrated to us that justice cannot completely be done

amongst the parties without the taking of evidence from Markku Rytivaara, who resides in

Finland and within your jurisdiction.  In conformity with Article 3 of the Hague Convention

on the Taking of Evidence Abroad in Civil or Commercial Matters (28 U.S.C. § 1782) ("the

Hague Convention"), the undersigned applicant has the honor to submit the following request:

| | |
|---|---|
| 1.  Sender: | The Honorable _____<br>United States District Court for the District of Columbia<br>333 Constitution Avenue N.W.<br>Washington, D.C.  20001<br>Telephone:  +1 (202) 354-3000 |
| 2.  Central Authority of the<br>Requested State: | Ministry of Justice<br>Unit for International Judicial Cooperation<br>P.O. Box 25<br>FIN-00023 Government<br>Finland<br>Telephone:  +358 (9) 1606 7628<br>Email: central.authority@om.fi |
| 3.  Person to whom the executed<br>request is to be returned: | Eric Lancaster<br>WHITE & CASE, LLP<br>3000 El Camino Real<br>2 Palo Alto Square, Suite 900<br>Palo Alto, CA  94306<br>Telephone:  650.213.0300<br>Email: WCGoogleITC1208@whitecase.com |
| 4.  Specification of date by which the<br>requesting authority requires<br>receipt of the response to the<br>letter of request: | A response is requested by December 28, 2020, or as soon as practicable before that date, in order to ensure the evidence may be obtained before the period for fact discovery which concludes on January 28, 2021 and is available for use at trial on May 3, 2021.  Expedient treatment of this  request will allow the parties and the witness to arrange a mutually agreeable date for testimony and avoid disruption to the witness's business or personal plans. |
| 5.  In conformity with Article 3 of the Hague Convention, the undersigned applicant has the honor to submit the following request: | |
|     a.  Requesting judicial<br>        authority: | United States District Court for the District of Columbia<br>333 Constitution Avenue N.W.<br>Washington, D.C.  20001 |
|     b.  To the competent<br>        authority of: | Finland |
|     c.  Names of the case and<br>        any identifying number | *In the Matter of Certain Electronic Devices, Including Computers, Tablet Computers, and Components and Modules Thereof*; Inv. No. 337-TA-1208 (U.S. International Trade Commission) |
| 6.  Names and addresses of the parties and their representatives: | |

| a.   Plaintiffs:<br>(Complainants) | **Nokia Technologies Oy**<br>**Nokia Corporation**<br>Karakaari 7A<br>FIN-02610<br>Espoo, Finland<br>Telephone:  358 (0) 7180-08000<br><br>**Representatives:**<br>Adam D. Swain<br>ALSTON & BIRD<br>The Atlantic Building<br>950 F Street, NW<br>Washington, DC  20004-1404<br>Lenovo.A&B@alston.com<br><br>Theodore Stevenson III<br>Warren Lipschitz<br>Richard A. Kamprath<br>McKOOL SMITH, P.C.<br>300 Crescent Court, Suite 1500<br>Dallas, TX  75201<br>Nokia_Lenovo_ITC@McKoolSmith.com |
|---|---|
| b.   Defendants:<br>(Respondents) | **Lenovo Group Limited; Lenovo (United States) Inc.;**<br>**Lenovo (Beijing) Limited.; Lenovo PC HK Limited;**<br>**Lenovo (Shanghai) Electronics Technology Co. Ltd.;**<br>**Lenovo Information Products (Shenzhen) Co. Ltd.;**<br>**Lenovo Mobile Communication Import and Export**<br>**(Wuhan) Co. Ltd.; Lenovo Centro Tecnologico S. de**<br>**RL CV**<br><br>**Representatives:**<br>William F. Lee<br>Joseph J. Mueller<br>Richard W. O'Neill<br>Sarah R. Frazier<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>60 State Street<br>Boston, MA  02109<br>Telephone:  (617) 526-6000<br>WHLenovo-Nokia1208servicelist@WilmerHale.com<br><br>Michael D. Esch<br>Todd Zubler<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>1875 Pennsylvania Avenue, NW<br>Washington, DC  20006 |

| | |
|---|---|
| | Telephone:  (202) 663-6000<br>WHLenovo-Nokia1208servicelist@WilmerHale.com |
| c.   Intervenor | **Google LLC.**<br>1600 Amphitheatre Parkway<br>Mountain View, CA  94043<br>United States<br><br>**Representatives:**<br>Shamita D. Etienne-Cummings<br>David Markoff<br>701 13th Street NW<br>Washington, DC  20005-3807<br>Telephone:  202.626.3600<br>Facsimile:  202.639.9355<br>WCGoogleITC1208@whitecase.com<br><br>Eric Lancaster<br>Don Zhe Nan Wang<br>Emily Yang<br>3000 El Camino Real<br>2 Palo Alto Square, Suite 900<br>Palo Alto, CA  94306<br>Telephone:  650.213.0300<br>Facsimile:  650.213.8158 |
| d.   Other parties<br>International Trade<br>Commission Investigative<br>Attorney:<br>(Party to the Investigation) | **Representative:**<br>Todd P. Taylor, Esq.<br>Office of Unfair Import Investigations<br>500 E Street, S.W., Suite 401<br>Washington D.C.  20436<br>Email:  todd.taylor@usitc.gov<br>Email:  jeffrey.hsu@usitc.gov<br>Telephone:  (202) 205-2221 |
| 7.  Nature and purpose of the<br>proceedings, summary of the<br>complaint and summary of<br>defense and counterclaim: | **a.  Nature of the proceedings**<br><br>The matter *In the Matter of Certain Electronic Devices,*<br>*Including Computers, Tablet Computers, and*<br>*Components and Modules Thereof* is an investigation of<br>alleged patent infringement under Section 337 of the<br>Tariff Act of 1920.  On July 2, 2020,<br>Plaintiff/Complainant Nokia Technologies Oy and Nokia<br>Corporation (collectively "Nokia") filed a complaint with<br>the U.S. International Trade Commission, alleging<br>infringement of five patents:  U.S. Patent No. 8,144,764 |

4

("'764 patent"), U.S. Patent No. 7,532,808 ("'808 patent"), U.S. Patent No. 6,950,469 ("'469 patent"), U.S. Patent No. 7,724,818 ("'818 patent"), and U.S. Patent No. 8,583,706 ("'706 patent").  The Complaint identifies the following parties as Respondents:  Lenovo Group Limited; Lenovo (United States), Inc.; Lenovo (Beijing Limited); Lenovo PC HK Limited; Lenovo (Shanghai) Electronics Technology Co. Ltd.; Lenovo Information Products Shenzhen Co. Ltd.; Lenovo Mobile Communication; Lenovo Corporation; Lenovo Centro Tecnologico S. de RL CV (collectively "Respondents" or "Lenovo").

The Commission instituted the Investigation on August 4, 2020.  This matter has been assigned to the Honorable Dee Lord.  On September 4, 2020, Google LLC was added to the Investigation as an intervenor without limitation.  The presiding Administrative Law Judge has entered a protective order, attached as Exhibit A covering the use of confidential material in this Investigation.  The presiding Administrative Law Judge also issued a scheduling order that requires completion of fact discovery by January 28, 2021 and sets a hearing (trial) date for May 3-7, 2021.  Discovery, including documentary disclosure and depositions, is ongoing.  Because the U.S. International Trade Commission is an administrative body, to ensure compliance with the Hague Convention, its usual practice is to request that the U.S. District Court for the District of Columbia review, sign, and seal a Letter of Request on its behalf.

**b. Summary of the complaint**

Nokia alleges that Lenovo infringes U.S. Patent No. 8,144,764 ("'764 patent"), U.S. Patent No. 7,532,808 ("'808 patent"), U.S. Patent No. 6,950,469 ("'469 patent"), U.S. Patent No. 7,724,818 ("'818 patent"), and U.S. Patent No. 8,583,706 ("'706 patent").  According to the Complaint, the Lenovo devices accused of infringing the '706 patent infringe by way of their incorporation of the Google Assistant functionality.  In addition, the Complaint identifies Samsung devices that utilize Google Assistant functionality as "Domestic Industry Products" alleging that they "practice at least Claim 6 of the '706 Patent)."  The '706 Patent names Markku Rytivaara, Finland as the inventor.

| | |
|---|---|
| | **c. Summary of defense and counterclaim**<br><br>Several defenses have been raised against Nokia's allegations of patent infringement, including the defenses of invalidity of the patents; noninfringement of the patents; U.S. government sales being outside the scope of the proceeding; estoppel, waiver, unclean hands, and/or other equitable doctrines; license; patent exhaustion; lack of domestic industry; and Nokia's demands for relief being against public interest.  This Letter of Request is intended to obtain information particularly relevant to invalidity, non-infringement and prosecution estoppel of the '706 Patent. |
| 8. Evidence to be obtained or other judicial act to be performed and purpose of the evidence sought: | This Court requests that Markku Rytivaara be compelled to appear for deposition (the giving of testimony, out of court, before a "court reporter").  This Court also requests that Markku Rytivaara be compelled to produce all documents within his possession, custody, or control covered by the schedule attached as Exhibit B.<br><br>Mr. Rytivaara is the second named inventor of the '706 Patent and was the Senior Research Engineer, SW Specialist at Nokia at the time of the alleged invention of that patent..  Mr. Rytivaara is in possession of information related to the conception and reduction to practice of the alleged invention of the '706 Patent; the construction of the claim terms and the embodiments of the alleged invention of '706 patent; relevant prior art to the '706 Patent; and the prosecution history of the '706 Patent.  Google has also asserted that the '706 Patent may be unenforceable because of the inequitable conduct of the two inventors, Mr. Mustonen and Mr. Rytivaara, for their failure to disclose to the United States Patent and Trademark Office ("USPTO") publication materials to the prosecution of the application leading to the issuance of the '706 Patent. |
| 9. Identity and address of any person to be examined: | Markku Rytivaara<br>OSAO Ovi<br>Hallituskatu 36 B, 90100<br>Oulu, Finland |

| | |
|---|---|
| 10.    Questions to be put to the person to be examined or statement of the subject matter about which he is to be examined: | *See* Exhibit B. |
| 11.    Documents or other property to be inspected: | *See* Exhibit B. |
| 12.    Any requirement that the evidence be given on oath or affirmation and any specific form to be used: | This Court requests that the witness listed in Section 9 above should be examined under oath or affirmation, or in the alternative, should be instructed of the consequences for the giving of untruthful and false answers under the law of Finland. |
| 13.    Special methods or procedure to be followed: | This Court respectfully requests as follows:<br>a.  That the testimony of the witness be taken according to the United States practice, *i.e.*, having the witness's oral testimony recorded by stenographic means, and that a transcript be promptly made and authenticated in accordance with the procedure in Finland, or alternatively that the parties be allowed access to a digital recording of the proceeding from which they can make their certified copy of the proceedings;<br>b.  That the testimony of the witness be taken remotely;<br>c.  That Google's representative be permitted to ask question on the topics described in Section 10 for a total of six hours, that Nokia's representative be permitted to ask questions of the witness for one hour on the same topics, after which Google's representative may use the remainder of the six-hour period;<br>d.  That counsel for the parties be permitted to attend the taking of the testimony of the witness and to ask questions of the witness (through the appointment of an interpreter, if |

| | necessary) |
|---|---|
| | e. That the witness produce documents in his procession, custody, or control as described in Section 11, three weeks prior to the deposition at a time and place to be fixed by the Ministry of Justice, with each of Google and Nokia's representatives being allowed an opportunity to inspect and copy these documents.  Documents designated by the witness as "Confidential" shall be protected from disclosure pursuant to the terms of the Protective Order, which is attached as Exhibit A; |
| | f. That the appointed Finish Court or appropriate personnel forward the record of the testimony and/or any digital copies of the proceedings for use in this Investigation to the representatives indicated in Sections 3 and 6 above at the addresses listed. |
| 14.      Request for notification of the time and place for the execution of the Letter of Request and identity and address of any person to be notified: | This Court requests that the legal representatives for the parties (listed in Section 6 above) be informed as soon as practicable of the time and place for the deposition of the witness. |
| 15.      Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request: | None. |
| 16.      Specification of privilege or duty to refuse to give evidence under the law of the state of original: | The witness may refuse to give evidence only insofar as they have a legal privilege or duty to refuse to give evidence under the laws of the United States or the laws of Finland.<br><br>Any legal privilege to refuse to give evidence under United States law is contained in the United States Federal Rules of Civil Procedure, Federal Rules of Evidence, and other applicable United States laws.  Specifically, the witness must answer all questions unless the witness is appropriately directed by counsel not to answer the question.  Such an instruction is appropriate only when necessary to preserve a legal privilege, to enforce a limitation directed by a court, or to support a motion to cease testimony due to harassment of the witness. |

| 17. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Hague Convention will be borne by: | Google and/or its counsel identified above in Section 6B. |
|---|---|
| Attachments:<br>Exhibit A: Protective Order<br>Exhibit B: Request for Production and Deposition Topics | |

**Exhibit A**

## UNITED STATES INTERNATIONAL TRADE COMMISSION

### Washington, D.C.

| | |
|---|---|
| **In the Matter of**<br><br>**CERTAIN ELECTRONIC DEVICES,**<br>**INCLUDING COMPUTERS, TABLET**<br>**COMPUTERS, AND COMPONENTS AND**<br>**MODULES THEREOF** | **Inv. No.  337-TA-1208** |

**ORDER NO. 1:        PROTECTIVE ORDER**

(August 6, 2020)

WHEREAS, documents and information may be sought, produced or exhibited by and among the parties to the above captioned proceeding, which materials relate to trade secrets or other confidential research, development or commercial information, as such terms are used in the Commission's Rules, 19 C.F.R. § 210.5;

IT IS HEREBY ORDERED THAT:

1.        Confidential business information is information which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, or other information of commercial value, the disclosure of which is likely to have the effect of either (i) impairing the Commission's ability to obtain such information as is necessary to perform its statutory functions; or (ii) causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained, unless the Commission is required by law to disclose such

information.  The term "confidential business information" includes "proprietary information" within the meaning of section 777(b) of the Tariff Act of 1930 (19 U.S.C. § 1677f(b)).

2(a).    Any information submitted, in pre-hearing discovery or in a pleading, motion, or response to a motion either voluntarily or pursuant to order, in this investigation, which is asserted by a supplier to contain or constitute confidential business information shall be so designated by such supplier in writing, or orally at a deposition, conference or hearing, and shall be segregated from other information being submitted.  Documents shall be clearly and prominently marked on their face with the legend:  "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER" or a comparable notice.  Such information, whether submitted in writing or in oral testimony, shall be treated in accordance with the terms of this protective order.

(b).    The Administrative Law Judge or the Commission may determine that information alleged to be confidential is not confidential, or that its disclosure is necessary for the proper disposition of the proceeding, before, during or after the close of a hearing herein.  If such a determination is made by the Administrative Law Judge or the Commission, opportunity shall be provided to the supplier of such information to argue its confidentiality prior to the time of such ruling.

3.    In the absence of written permission from the supplier or an order by the Commission or the Administrative Law Judge, any confidential documents or business information submitted in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than:  (i) outside counsel for parties to this investigation, including necessary secretarial and support personnel assisting such counsel; (ii) qualified persons taking testimony involving such documents or information and necessary stenographic and clerical

2

personnel thereof; (iii) technical experts and their staff who are employed for the purposes of this

litigation (unless they are otherwise employed by, consultants to, or otherwise affiliated with a

non-governmental party, or are employees of any domestic or foreign manufacturer, wholesaler,

retailer, or distributor of the products, devices or component parts that are the subject of this

investigation); (iv) the Commission, the Administrative Law Judge, the Commission staff, and

personnel of any governmental agency as authorized by the Commission; (v) the Commission, its

employees, and contract personnel who are acting in the capacity of Commission employees, for

developing or maintaining the records of this investigation or related proceedings for which this

information is submitted, or in internal audits and investigations relating to the programs and

operations of the Commission pursuant to 5 U.S.C. Appendix 3; and (vi) by U.S. government

employees and contract personnel, solely for cybersecurity purposes.[1]

     4.     Confidential business information submitted in accordance with the provisions of

paragraph 2 above shall not be made available to any person designated in paragraph 3(i)[2] and

(iii) unless he or she shall have first read this order and shall have agreed, by letter filed with the

Secretary of this Commission:  (i) to be bound by the terms thereof; (ii) not to reveal such

confidential business information to anyone other than another person designated in paragraph 3;

(iii) to utilize such confidential business information solely for purposes of this investigation;

and (iv) including the following acknowledgment:

> I, the undersigned, acknowledge that information submitted in response to this request for information and throughout this investigation or other proceeding may be disclosed to and used:
>
> (i) by the Commission, its employees and Offices, and contract personnel (a) for developing or maintaining the records of this or a related proceeding, or (b) in internal investigations, audits, reviews, and evaluations relating to the programs,

---

[1] *See* Commission Administrative Order 16-01 (Nov. 7, 2015).

[2] Necessary secretarial and support personnel assisting counsel need not sign onto the protective order themselves because they are covered by counsel's signing onto the protective order.

personnel, and operations of the Commission including under 5 U.S.C. Appendix 3; or

(ii) by U.S. government employees and contract personnel, solely for cybersecurity purposes. I understand that all contract personnel will sign appropriate nondisclosure agreements.

5.       If the Commission or the Administrative Law Judge orders, or if the supplier and all parties to the investigation agree, that access to, or dissemination of information submitted as confidential business information shall be made to persons not included in paragraph 3 above, such matter shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this order, and such persons shall be considered subject to it, unless the Commission or the Administrative Law Judge finds that the information is not confidential business information as defined in paragraph 1 hereof.

6(a).    Any confidential business information submitted to the Commission or the Administrative Law Judge in connection with a motion or other proceeding within the purview of this investigation shall be submitted under seal pursuant to paragraph 2 above.  Any portion of a transcript in connection with this investigation containing any confidential business information submitted pursuant to paragraph 2 above shall be bound separately and filed under seal.  When any confidential business information submitted in accordance with paragraph 2 above is included in an authorized transcript of a deposition or exhibits thereto, arrangements shall be made with the court reporter taking the deposition to bind such confidential portions and separately label them "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER."  Before a court reporter or translator receives any such information, he or she shall have first read this order and shall have agreed in writing to be bound by the terms thereof.  Alternatively, he or she shall sign the agreement included as Attachment A hereto.

Copies of each such signed agreement shall be provided to the supplier of such confidential business information and the Secretary of the Commission.

(b)     Suppliers of confidential business information are strongly encouraged to encrypt nonpublic documents that are electronically transmitted to the Commission to protect your sensitive information from unauthorized disclosure. The USITC secure drop-box system and the Electronic Document Information System (EDIS) use Federal Information Processing Standards (FIPS) 140-2 cryptographic algorithms to encrypt data in transit. Submitting your nonpublic documents by a means that does not use these encryption algorithms (such as by email) may subject your firm's nonpublic information to unauthorized disclosure during transmission. If you choose a non-encrypted method of electronic transmission, the Commission warns you that the risk of such possible unauthorized disclosure is assumed by you and not by the Commission.

7.     The restrictions upon, and obligations accruing to, persons who become subject to this order shall not apply to any information submitted in accordance with paragraph 2 above to which the person asserting the confidential status thereof agrees in writing, or the Commission or the Administrative Law Judge rules, after an opportunity for hearing, was publicly known at the time it was supplied to the receiving party or has since become publicly known through no fault of the receiving party.

8.     The Commission, the Administrative Law Judge, and the Commission investigative attorney acknowledge that any document or information submitted as confidential business information pursuant to paragraph 2 above is to be treated as such within the meaning of 5 U.S.C. § 552(b)(4) and 18 U.S.C. § 1905, subject to a contrary ruling, after hearing, by the Commission or its Freedom of Information Act Officer, or the Administrative Law Judge.  When such information is made part of a pleading or is offered into the evidentiary record, the data set

forth in 19 C.F.R. § 201.6 must be provided except during the time that the proceeding is

pending before the Administrative Law Judge.  During that time, the party offering the

confidential business information must, upon request, provide a statement as to the claimed basis

for its confidentiality.

9.      Unless a designation of confidentiality has been withdrawn, or a determination

has been made by the Commission or the Administrative Law Judge that information designated

as confidential, is no longer confidential, the Commission, the Administrative Law Judge, and

the Commission investigative attorney shall take all necessary and proper steps to preserve the

confidentiality of, and to protect each supplier's rights with respect to, any confidential business

information designated by the supplier in accordance with paragraph 2 above, including, without

limitation:  (a) notifying the supplier promptly of (i) any inquiry or request by anyone for the

substance of or access to such confidential business information, other than those authorized

pursuant to this order, under the Freedom of Information Act, as amended (5 U.S.C. § 552) and

(ii) any proposal to redesignate or make public any such confidential business information; and

(b) providing the supplier at least seven days after receipt of such inquiry or request within which

to take action before the Commission, its Freedom of Information Act Officer, or the

Administrative Law Judge, or otherwise to preserve the confidentiality of and to protect its rights

in, and to, such confidential business information.

10.      If while an investigation is before the Administrative Law Judge, a party to this

order who is to be a recipient of any business information designated as confidential and

submitted in accordance with paragraph 2 disagrees with respect to such a designation, in full or

in part, it shall notify the supplier in writing, and they will thereupon confer as to the status of the

subject information proffered within the context of this order.  If prior to, or at the time of such a

conference, the supplier withdraws its designation of such information as being subject to this order, but nonetheless submits such information for purposes of the investigation, such supplier shall express the withdrawal, in writing, and serve such withdrawal upon all parties and the Administrative Law Judge.  If the recipient and supplier are unable to concur upon the status of the subject information submitted as confidential business information within ten days from the date of notification of such disagreement, any party to this order may raise the issue of the designation of such a status to the Administrative Law Judge who will rule upon the matter.  The Administrative Law Judge may *sua sponte* question the designation of the confidential status of any information and, after opportunity for hearing, may remove the confidentiality designation.

11.     No less than 10 days (or any other period of time designated by the Administrative Law Judge) prior to the initial disclosure to a proposed expert of any confidential information submitted in accordance with paragraph 2, the party proposing to use such expert shall submit in writing the name of such proposed expert and his or her educational and detailed employment history to the supplier.  If the supplier objects to the disclosure of such confidential business information to such proposed expert as inconsistent with the language or intent of this order or on other grounds, it shall notify the recipient in writing of its objection and the grounds therefore prior to the initial disclosure.  If the dispute is not resolved on an informal basis within ten days of receipt of such notice of objections, the supplier shall submit immediately each objection to the Administrative Law Judge for a ruling by filing a motion for a protective order pursuant to Commission Rule 210.34.  If the investigation is before the Commission the matter shall be submitted to the Commission for resolution.  The submission of such confidential business information to such proposed expert shall be withheld pending the ruling of the Commission or the Administrative Law Judge.  The terms of this paragraph shall be inapplicable

to experts within the Commission or to experts from other governmental agencies who are consulted with or used by the Commission.

12.      If confidential business information submitted in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this protective order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the supplier and the Administrative Law Judge and, without prejudice to other rights and remedies of the supplier, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

13.      Nothing in this order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Commission, its Freedom of Information Act Officer, or the Administrative Law Judge concerning the issue of the status of confidential business information.

14.      Upon final termination of this investigation, each recipient of confidential business information that is subject to this order shall assemble and return to the supplier all items containing such information submitted in accordance with paragraph 2 above, including all copies of such matter which may have been made.  Alternatively, the parties subject to this order may, with the written consent of the supplier, destroy all items containing confidential business information and certify to the supplier (or his counsel) that such destruction has taken place. This paragraph shall not apply to the Commission, including its investigative attorney, and the Administrative Law Judge, which shall retain such material pursuant to statutory requirements and for other recordkeeping purposes, but may destroy such material (including electronic media containing such information) in its possession which it regards as surplusage.

Notwithstanding the above paragraph, confidential business information may be transmitted to a district court pursuant to Commission Rule 210.5(c).

15.     If any confidential business information which is supplied in accordance with paragraph 2 above is supplied by a nonparty to this investigation, such a nonparty shall be considered a "supplier" as that term is used in the context of this order.

16.     Each nonparty supplier shall be provided a copy of this order by the party seeking information from said supplier.

17.     The Secretary shall serve a copy of this order upon all represented parties by electronic service, and Complainants shall complete service on unrepresented parties, pursuant to Ground Rule 1.5.

**SO ORDERED.**

Dee Lord
Administrative Law Judge

Attachment A

NONDISCLOSURE AGREEMENT FOR REPORTER/STENOGRAPHER/TRANSLATOR

I, _____ , do solemnly swear or affirm that I will not divulge any information communicated to me in any confidential portion of the investigation or hearing in the matter of *Certain Electronic Devices, Including Computers, Tablet Computers, and Components and Modules Thereof*, Investigation No. 337-TA-1208, except as permitted in the protective order issued in this case.  I will not directly or indirectly use, or allow the use of such information for any purpose other than that directly associated with my official duties in this case.

Further, I will not by direct action, discussion, recommendation, or suggestion to any person reveal the nature or content of any information communicated during any confidential portion of the investigation or hearing in this case.

I also affirm that I do not hold any position or official relationship with any of the participants in said investigation.

I am aware that the unauthorized use or conveyance of information as specified above is a violation of the Federal Criminal Code and punishable by a fine of up to $10,000, imprisonment of up to ten (10) years, or both.


Signed

Dated

Firm or affiliation

**CERTAIN ELECTRONIC DEVICES, INCLUDING**                **Inv. No. 337-TA-1208**
**COMPUTERS, TABLET COMPUTERS, AND**
**COMPONENTS AND MODULES THEREOF**

## <u>PUBLIC CERTIFICATE OF SERVICE</u>

     I, Lisa R. Barton, hereby certify that the attached **ORDER** has been served by EDIS upon the Commission Investigative Attorney, **Todd P. Taylor, Esq.** and the following parties as indicated, on **August 6, 2020.**

Lisa R. Barton, Secretary
U.S. International Trade Commission
500 E Street, SW, Room 112
Washington, DC  20436

s

### <u>On Behalf of Complainants Nokia Technologies Oy and Nokia Corporation:</u>

Adam D. Swain, Esq.
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309
Email: adam.swain@alston.com

☐ Via Hand Delivery
☐ Via Express Delivery
☐ Via First Class Mail
☒ Other: Email Notification of Availability for Download

### <u>Respondents:</u>

Lenovo (United States), Inc.
8001 Development Drive
Morrisville, NC 27560

☐ Via Hand Delivery
☐ Via Express Delivery
☐ Via First Class Mail
☒ Other: Service to Be Completed by Complainants

Lenovo Group Limited
Lincoln House, 23rd Floor, Taikoo Place
979 King's Road
Quarry Bay, Hong Kong

☐ Via Hand Delivery
☐ Via Express Delivery
☐ Via First Class Mail
☒ Other: Service to Be Completed by Complainants

Lenovo (Beijing) Limited
6 Chuangye Road
Shangdi Haidian District
100085 Beijing
China

☐ Via Hand Delivery
☐ Via Express Delivery
☐ Via First Class Mail
☒ Other: Service to Be Completed by Complainants

**CERTAIN ELECTRONIC DEVICES, INCLUDING**          Inv. No. 337-TA-3466
**COMPUTERS, TABLET COMPUTERS, AND**
**COMPONENTS AND MODULES THEREOF**

Certificate of Service – Page 2

Lenovo (Shanghai) Electronics Technology Co. Ltd.
No. 696 Songtao Road
200000 Shanghai
China

☐ Via Hand Delivery
☐ Via Express Delivery
☐ Via First Class Mail
☒ Other: Service to Be
Completed by Complainants

Lenovo PC HK Limited
Lincoln House, 23rd Floor, Taikoo Place
979 King's Road, Quarry Bay
Hong Kong

☐ Via Hand Delivery
☐ Via Express Delivery
☐ Via First Class Mail
☒ Other: Service to Be
Completed by Complainants

Lenovo Information Products Shenzhen Co. Ltd.
No. 30 Tao Hua Road, Free Trade Zone, FuTian District
Shenzhen City, Guangdong Province
518038 Zhenzhen
China

☐ Via Hand Delivery
☐ Via Express Delivery
☐ Via First Class Mail
☒ Other: Service to Be
Completed by Complainants

Lenovo Mobile Communication
No. 19, Gaoxin 4th Road
East Lake New Technology Development
Zone, Hubei, 430079 Wuhan
China

☐ Via Hand Delivery
☐ Via Express Delivery
☐ Via First Class Mail
☒ Other: Service to Be
Completed by Complainants

Lenovo Corporation
No. 2088 Pangjin Road, Wujiang City, Jiangsu
215217 Wujiang
China

☐ Via Hand Delivery
☐ Via Express Delivery
☐ Via First Class Mail
☒ Other: Service to Be
Completed by Complainants

Lenovo Centro Tecnologico S. de RL CV
Blvd. Escobedo No. 316
Parque Industrial Technology
66600 Apodaca, Nuevo Leon
Mexico

☐ Via Hand Delivery
☐ Via Express Delivery
☐ Via First Class Mail
☒ Other: Service to Be
Completed by Complainants

**Exhibit B**

**DEFINITIONS**

1.    The definitions set forth herein have the broadest possible meaning under Commission Rule 210.27, 19 C.F.R. § 210.27.

2.    "Complaint" means the complaint filed in the United States International Trade Commission ("ITC") on July 2, 2020 by Nokia Technologies Oy and Nokia Corp. ("Nokia").

3.    "ITC" or "Commission" means the United States International Trade Commission.

4.    "Investigation" means ITC Investigation No. 337-TA-1208, as instituted by the Commission on August 4, 2020 and captioned "Certain Electronic Devices, Including Computers, Tablet Computers, and Components and Modules Thereof."

5.    "The '706 Patent" means United States Patent No. 8,583,706.

6.    "Related Application" means any and all applications related to the '706 Patent by claiming the benefit of the filing date of any patent application whose benefit is claimed by the '706 Patent, including all provisional, non-provisional, continuation, continuation-in-part, divisional, interferences, reexamination, reissue, and foreign counterpart applications.

7.    "Related Application" means any and all applications related to the '706 Patent by claiming the benefit of the filing date of any patent application whose benefit is claimed by the '706 Patent, including all provisional, non-provisional, continuation, continuation-in-part, divisional, interferences, reexamination, reissue, and foreign counterpart applications.

8.    "Related Patent" means any and all patents based upon or issuing from any Related Application, including any patents that may have been opposed, reexamined, reissued, reviewed, or subjected to any validity or nullity proceeding.

9.      "Related Cases" means any and all cases where any Asserted Patent was alleged to be infringed, including but not limited to *Nokia Technologies Oy, v. Lenovo (Shanghai) Electronics Technology Co., Ltd., Lenovo Group, Ltd., Lenovo Beijing, Ltd., Lenovo PC HK Limited, and Lenovo (United States), Inc.*, No. 19-cv-0427 (E.D.N.C.).

10.      "You," "Your," and "Yourself" means Markku Rytivaara (i) any other person or entity acting on Mr. Rytivaara's behalf or on whose behalf Mr. Rytivaara acted; (ii) any person or entity that owes a duty, contractual or otherwise, to communicate with Mr. Rytivaara regarding any facts, or provide any documents, relating to the '706 Patent, and the history thereof; and (iii) any other person or entity otherwise subject to Mr. Rytivaara's control.

11.      "Respondents" means the Respondents named by Nokia in ITC Investigation No. 337-TA-1208:  Lenovo Group Limited; Lenovo (United States), Inc.; Lenovo (Beijing Limited); Lenovo PC HK Limited; Lenovo (Shanghai) Electronics Technology Co. Ltd.; Lenovo Information Products Shenzhen Co. Ltd.; Lenovo Mobile Communication; Lenovo Corporation; Lenovo Centro Tecnologico S. de RL CV.

12.       "Nokia" means Nokia Technologies Oy and Nokia Corp.

13.      "Google" or "Intervenor" means Google LLC.

14.      "PTO" means the United States Patent and Trademark Office.

15.      "Domestic Industry" means domestic industry as that term is used in, for example, 19 U.S.C. § 1337(a)(3)(A), 19 C.F.R. § 210.12(a)(6)(i), and as alleged in Section XI of the Complaint.

16.      "Prior Art" refers to anything that satisfies the definition of 35 U.S.C. § 102 and/or that may be applied under 35 U.S.C. §§ 102 and/or 103, or that anyone at any time has alleged may be applied under 35 U.S.C. §§ 102 and/or 103, and includes any patent, printed publication, knowledge, use, sale, offer for sale, prior invention, or other act or event defined in

35 U.S.C. § 102 (both pre- and post-America Invents Act ("AIA")), taken singly or in combination.

17.     "Named Inventor" means any individual who contributed to or was involved in the inventions disclosed in the '706 Patent, including without limitation, Mika P. Mustonen and Markku Rytivaara.

18.     "Infringe" and "Infringement" refer to any and all types of infringement set forth in 35 U.S.C. § 271 or unlawful acts prescribed by 19 U.S.C. § 1337(a)(1)(B), including direct infringement, contributory infringement, active inducement of infringement, literal infringement, and/or infringement under the doctrine of equivalents.

19.     "Document" has the meaning prescribed in Commission Rule 210.30, 19 C.F.R. § 210.30, and Federal Rule of Civil Procedure 34.  The term "Document" includes documents in any form, including Documents stored electronically.  Any comment or notation appearing in any Document, and not part of the original text, is to be considered a separate "Document."

20.     "Thing" has the meaning prescribed in Commission Rule 210.30, 19 C.F.R. § 210.30, and Federal Rule of Civil Procedure 34.  "Thing" specifically includes without limitation any disk, tape, or other electronic media storage device, any product, and any model, prototype, or experimental device, or part or assembly thereof.

21.     "Communication" means every manner or method of the disclosure, transfer, or exchange of information, whether orally, electronically, or by hard copy, and whether face-to-face or by telephone, mail, facsimile, email, Internet message, Internet chat, or Internet post, or otherwise.

22.     "Date" means the exact day, month, and year if ascertainable, or if not, then the subpoenaed party's best approximation thereof.

23.     "Person" refers to both a natural person and entity, such as an organization, firm, corporation, or other legal entity.  The acts "of" a Person are defined to include the acts of directors, officers, members, employees, agents, or attorneys acting on the Person's behalf.

24.     "Relate to" or "Relating to," when used in reference to a particular subject, shall be construed in the most inclusive sense, and shall be considered a request that You identify and produce Documents that refer to, discuss, summarize, reflect, constitute, contain, embody, pertain to, mention, show, comment on, evidence, or in any other manner concern the referenced subject matter.

25.     To "Identify" or provide the "Identity" or "Identification" of a Person who is a natural person means to state for that person: the person's full name, present or last known address, present or last known telephone number, present or last known employer and that employer's address, and present or last known job title.  To "Identify" or provide the "Identity" or "Identification" of a Person that is an entity means to state for that entity: the entity's full name, present or last known address, present or last known telephone number, all known names under which the entity has operated in the past, and all known addresses at which the entity has conducted business in the past.

26.     To "Identify" or provide the "Identity" or "Identification" of any Document or Thing means:

    a.  To provide a brief description of such Document or Thing sufficient to support a Request for Production;

    b.  To specify the place where the Document or Thing may be Inspected; and

    c.  If a copy of the Document or Thing has been previously supplied, to so state and specifically identify the previously supplied copy by reference to production number(s) or other identifying information, such as a litigation control number.

27.    To "Identify" an event means to provide a description of the event, the date of the event, the location of the event, and the Persons participating in the event.

28.    As used herein, the singular includes the plural and the present tense includes the past tense.

29.    "And/or," "and," and "or" shall be construed in the conjunctive or disjunctive, whichever makes the Request more inclusive.

30.    "Any" includes "all;" and "all" includes "any."

31.    Definitions and terminology used herein are used for convenience, and do not intend or imply any particular technical meaning or meaning for any term or phrase of any patent.

32.    "Analysis" means an opinion, evaluation, study, review, and/or determination whether or not a conclusion was reached.

## INSTRUCTIONS

The following instructions are applicable to terms in each discovery request unless otherwise explicitly stated:

1.      In producing the documents and things requested, You shall furnish all documents and things known or  available to You within Your possession, custody, or control, wherever located, regardless of whether such documents or things are possessed directly by You or by any of Your agents, officers, employees, attorneys, representatives or those acting on Your behalf.

2.      If any documents responsive to these requests are withheld from production under a claim of privilege or other immunity from discovery You shall preserve such withheld documents and provide a privilege log identifying each document separately, specifying for each document at least: (1) the date; (2) sender(s); (3) recipient(s); and ( 4) general subject matter of the document. If the sender or the recipient is an attorney or a foreign patent agent, he or she should be so identified. The type of privilege claimed must also be stated, together with a certification that all elements of the claimed privilege have been met and have not been waived with respect to each document.

3.      If, after exercising due diligence, You are unable to determine the existence of any documents or things falling within a discovery request requesting identification of documents or things, You shall so state in Your written response.

4.      Where an identified document or any portion of a document is in a language other than English, state whether an English translation of such document or a portion of such document exists and, if so, identify and provide both documents.  "Electronically stored information" or "ESI" must be produced in the following format, barring mutual agreement by the parties:

a.      Single-page group IV TIFFs in at least 600 dpi for black and white images, or .JPG for images produced in color, images shall be produced using a unique file name that will be the production number of that page (e.g., ABC000001.TIFF).  The production number shall appear on the face of the image;

b.      Searchable text files at the document level (one text file for each document, rather than one text file for each page of a document) for each document bearing the name of the beginning production number for each document (text of native files to be extracted directly from native files where possible; OCR for paper documents), productions that contain foreign language documents shall be Unicode compliant, document level text files with a .txt extension will be provided where available. The text file name will correspond to the beginning production number of the image or native file. A field will be included in the DAT with the path to the corresponding text file;

c.      Database load files and cross reference files, e.g., Concordance default delimited file (metadata) and an Opticon-delimited file (image reference files), and including the following fields (to the extent the metadata is available): Beg Bates No.; End Bates No.; Bates Range; Bates ParentID; Attach Begin; Attach End; Page Count; From/Author; To/Recipient(s); CC; Bcc; Email Date Sent; Email Time Sent; Email Date Received; Email Time Received; Email Subject; Custodian; File Name; Document Created Date; Document Last Modified Date; Document Last Accessed Date; File Type; Location/Source; Text Link (path to text), Native Link (path to native file);

d.      MS Excel, MS PowerPoint, MS Access, and comparable spreadsheet, presentation, and database files, and audio and video files, shall be produced in native format to the extent they do not include privileged redactions. Respondents may make reasonable requests

to receive additional documents in their native format. For documents that are produced as native files, include in the set of image (PDF or TIFF) documents a slip-sheet where the native file would otherwise have been produced indicating the production number of the native file or other document and the confidentiality designation. In addition, native files shall be produced using a name that bears the production number, for example: ABC000002.xls. Indicate any confidentiality designation in the produced filename where possible; and

e.      for responsive information existing within a database or other compilation of data, include a field mapping explaining the type and format of data that exists in each location within the database.

5.      Documents that exist only in paper or hard-copy format should be scanned and processed according to the instructions above regarding ESI.

6.      No discovery request or part thereof shall be construed as a limitation on any other discovery request or part of a request.

## REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1.

All Documents relating to the identification, selection, or determination of the proper Named Inventors for the '706 Patent.

## REQUEST FOR PRODUCTION NO. 2.

All Documents relating to communications between You and any other Named Inventor relating to the claimed subject matter of the '706 Patent, any alleged infringement of the '706 Patent, this Investigation, or the Related Cases.

## REQUEST FOR PRODUCTION NO. 3.

All Documents relating to communications between You and any third party relating to the claimed subject matter of the '706 Patent, any alleged infringement of the '706 Patent, this Investigation, or the Related Cases.

## REQUEST FOR PRODUCTION NO. 4.

All Documents relating to the conception, diligence, reduction-to-practice, design, development, and/or commercialization of the '706 Patent, including invention disclosure statements, lab notebooks, source code, schematics, flow charts, artwork, and other Documents making any reference to, or referring in any way to, the conception, design, development activities, reduction-to-practice, or commercialization of the subject matter of each claim of the '706 Patent, including all Documents that were created on or before the date of application for the '706 Patent, or the claimed priority dates, whichever is earlier, evidencing the conception, reduction-to-practice, design, and development of any claimed invention.

**REQUEST FOR PRODUCTION NO. 5.**

All Documents relating to any problem allegedly solved by any invention disclosed or claimed in the Asserted  Patents.

**REQUEST FOR PRODUCTION NO. 6.**

All Documents referring or relating to any experimentation or testing of the claimed subject matter of the '706 Patent before the issuance of the '706 Patent.

**REQUEST FOR PRODUCTION NO. 7.**

All Documents referring or relating to the contributions of each person involved in the activities that resulted in the issuance of the '706 Patent, including, but not limited to, all files of each such person that relate in any way to the claimed subject matter of the '706 Patent.

**REQUEST FOR PRODUCTION NO. 8.**

All Documents referring or relating to drawings or written descriptions of the claimed subject matter of the '706 Patent.

**REQUEST FOR PRODUCTION NO. 9.**

All Documents referring or relating to any commercial success of the claimed subject matter of the '706 Patent, including any efforts to sell or license such technology and any connection between the purported commercial success of such technology and any alleged invention.

**REQUEST FOR PRODUCTION NO. 10.**

All Documents referring or relating to disclosures to any person of any aspect of the development of the claimed subject matter of the '706 Patent, including the first disclosure, whether oral or written, of any invention disclosed or claimed in the '706 Patent.

**REQUEST FOR PRODUCTION NO. 11.**

All Documents referring or relating to all known prior art that pertains to the claimed subject matter of the '706 Patent, whether or not cited to the U.S. Patent and Trademark Office, including all prior art known to You, the Named Inventors of the '706 Patent, or the prosecuting attorneys of the '706 Patent.

**REQUEST FOR PRODUCTION NO. 12.**

All Documents referring or relating to, or reflecting, when You became aware of each and every reference cited or disclosed to the PTO during prosecution of the '706 Patent.

**REQUEST FOR PRODUCTION NO. 13.**

All Documents and Communications referring or relating to any decision to disclose or not to disclose a reference to the PTO during prosecution of the '706 Patent.

**REQUEST FOR PRODUCTION NO. 14.**

All Documents relating to the level of skill in the art relevant to any claim of the '706 Patent.

**REQUEST FOR PRODUCTION NO. 15.**

All Documents relating to the meaning or construction of any claim, claim limitation, claim term, or phrase used in any claim of the '706 Patent, including but not limited to all Documents that You believe may support the proper meaning or construction of any claim, claim limitation, claim term, or phrase used in any claim of the '706 Patent.

**REQUEST FOR PRODUCTION NO. 16.**

All Communications with Nokia regarding this Investigation, any Related Cases, Google, or any Respondent.

**REQUEST FOR PRODUCTION NO. 17.**

All Documents relating to all agreements, whether or not in writing, between You and Nokia.

**REQUEST FOR PRODUCTION NO. 18.**

All Documents relating to any ownership interest or investment You have in Nokia.

**REQUEST FOR PRODUCTION NO. 19.**

All Documents relating to any financial or pecuniary interest You have in the '706 Patent or the outcome of this Investigation or the Related Cases.

**REQUEST FOR PRODUCTION NO. 20.**

All Documents and Communications relating to the creation and inception of Nokia, your past and current relationship or involvement with Nokia, and any financial interests or compensation received by you or due to you from Nokia.

**REQUEST FOR PRODUCTION NO. 21.**

All Documents regarding any seminars, industry meetings, research groups, collaborations, or meetings with any third party regarding intelligent assistance technology or any other subject matter related to the '706 Patent.

**REQUEST FOR PRODUCTION NO. 22.**

All published or unpublished articles, papers, manuscripts, technical reports, conference papers or other publications, including  patents, that were authored, co-authored, written or co-written by any Named Inventor concerning any subject matter described or claimed in the '706 Patent.

**REQUEST FOR PRODUCTION NO. 23.**

Documents sufficient to show Your compensation for any assistance rendered that relates to the '706 Patent, this Investigation or the Related Cases.

**REQUEST FOR PRODUCTION NO. 24.**

All Documents relating to the preparation, filing, decisions to prepare, decisions to file, or prosecution of any applications which led to or issued as the '706 Patent or Related Patent.

**REQUEST FOR PRODUCTION NO. 25.**

All Documents relating to any license, covenant not to sue, assignment, conveyance, or any other transfer of rights offered, solicited, or executed relating to the '706 Patent or Related Patent.

**REQUEST FOR PRODUCTION NO. 26.**

All Documents relating to any consideration paid or received in connection with any license, covenant not to sue, assignment, conveyance, or any other transfer of rights in the '706 Patent or Related Patent.

**REQUEST FOR PRODUCTION NO. 27.**

All Documents relating to any valuation of the '706 Patent or any Related Patent, or any product that embodies any alleged invention described in the '706 Patent or Related Patent.

**REQUEST FOR PRODUCTION NO. 28.**

Your current curriculum vitae or resume.

## DEPOSITION TOPICS

**TOPIC NO. 1.** Information relating to the identification, selection, or determination of the proper Named Inventors for the '706 Patent.

**TOPIC NO. 2.** Information relating to communications between You and any other

Named Inventor relating to the claimed subject matter of the '706 Patent, any alleged infringement of the '706 Patent, this Investigation, or the Related Cases.

**TOPIC NO. 3.** Information relating to communications between You and any third party relating to the claimed subject matter of the '706 Patent, any alleged infringement of the '706 Patent, this Investigation, or the Related Cases.

**TOPIC NO. 4**. Information relating to the conception, diligence, design, development activities, reduction-to-practice, or commercialization of the subject matter of each claim of the '706 Patent.

**TOPIC NO. 5.** Information relating to any problem allegedly solved by any invention disclosed  or claimed in the '706 Patent.

**TOPIC NO. 6.** Information relating to any experimentation or testing of the claimed subject matter of the '706 Patent before the issuance of the '706 Patent.

**TOPIC NO. 7.** Information relating to the contributions of each person involved in the activities that resulted in the issuance of the '706 Patent.

**TOPIC NO. 8.** Information relating to any commercial success of the claimed subject matter of the '706 Patent, including any efforts to sell or license such technology and any connection between the purported commercial success of such technology and any alleged invention.

**TOPIC NO. 9.** Information relating to disclosures to any person of any aspect of the development of the claimed subject matter of the '706 Patent, including the first disclosure, whether oral or written, of any invention disclosed or claimed in the '706 Patent.

**TOPIC NO. 10.** Information relating to all known prior art that pertains to the claimed

subject matter of the '706 Patent, whether or not cited to the U.S. Patent and Trademark Office, including all prior art known to You, the Named Inventors of the '706 Patent, or the prosecuting attorneys of the '706 Patent.

**TOPIC NO. 11.** Information regarding when You became aware of each and every reference cited or disclosed to the PTO during prosecution of the '706 Patent.

**TOPIC NO. 12.** Information relating to any decision to disclose or not to disclose a reference to the PTO during prosecution of the '706 Patent.

**TOPIC NO. 13.** Information relating to the level of skill in the art relevant to any claim of the '706 Patent.

**TOPIC NO. 14.** Information relating to the meaning or construction of any claim, claim limitation, claim term, or phrase used in any claim of the '706 Patent, including but not limited to all information that You believe may support the proper meaning or construction of any claim, claim limitation, claim term, or phrase used in any claim of the '706 Patent.

**TOPIC NO. 15.** Information relating to all Communications with Nokia regarding this Investigation, any Related Cases, Google, or any Respondent.

**TOPIC NO. 16.** Information relating to all agreements, whether or not in writing, between You and Nokia.

**TOPIC NO. 17.** Information relating to any ownership interest or investment You have in Nokia.

**TOPIC NO. 18.** Information relating to any financial or pecuniary interest You have in the '706 Patent or the outcome of this Investigation or the Related Cases.

**TOPIC NO. 19.** Information relating to the creation and inception of Nokia, your past

and current relationship or involvement with Nokia, and any financial interests or compensation received by you or due to you from Nokia.

**TOPIC NO. 20.** Information regarding any seminars, industry meetings, research groups, collaborations, or meetings with any third party regarding intelligent assistance technology or any other subject matter related to the '706 Patent.

**TOPIC NO. 21.** Information relating to articles, papers, manuscripts, technical reports, conference papers or other publications, including patents, that were authored, co-authored, written or co-written by any Named Inventor concerning any subject matter described or claimed in the '706 Patent.

**TOPIC NO. 22.** Information relating to Your compensation for any assistance rendered that relates to the '706 Patent, this Investigation, or the Related Cases.

**TOPIC NO. 23.** Information relating to the preparation, filing, decisions to prepare, decisions to file, or prosecution of any applications which led to or issued as the '706 Patent or Related Patent.

**TOPIC NO. 24.** Information relating to any license, covenant not to sue, assignment, conveyance, or any other transfer of rights offered, solicited, or executed relating to the '706 Patent or Related Patent.

**TOPIC NO. 25.** Information relating to any consideration paid or received in connection with any license, covenant not to sue, assignment, conveyance, or any other transfer of rights in the '706 Patent or Related Patent.

**TOPIC NO. 26.** Information relating to any valuation of the '706 Patent or any Related Patent, or any product that embodies any alleged invention described in the '706 Patent or

Related Patent.

**TOPIC NO. 27.** Information about Your current curriculum vitae or resume.

# ATTACHMENT D


TRANSPERFECT

City of New York, State of New York, County of New York

I, Jacqueline Yorke, hereby certify that the document "**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS (28 U.S.C. § 1782)**" is, to the best of my knowledge and belief, a true and accurate translation from English into Finnish.

Jacqueline Yorke
(Currently situated in the County of New York)

Sworn to before me remotely this
November 20, 2020

Signature, Notary Public
(Currently situated in the County of New York)

WENDY POON
NOTARY
NO. 01PO6356754
QUALIFIED IN
QUEENS COUNTY
COMM. EXP.
04-03-2021
PUBLIC
STATE OF NEW YORK

Stamp, Notary Public

**YHDYSVALTOJEN KANSAINVÄLINEN KAUPPAKOMISSIO
WASHINGTON, DC**

Arvoisan hallinto-oikeuden
tuomarin, Dee Lordin, edessä

| | |
|---|---|
| Koskien | Tutkinnan numero 337-TA-1208 |
| TIETTYJÄ ELEKTRONISIA LAITTEITA, SISÄLTÄEN TIETOKONEITA, TABLET-LAITTEITA SEKÄ NIIDEN OSIA JA MODUULEJA. | |

**PYYNTÖ SAADA KANSAINVÄLISTÄ OIKEUSAPUA TODISTEIDEN
VASTAANOTTAMISTA ULKOMAILLA SIVIILI- TAI
KAUPPAOIKEUDELLISISSA ASIOISSA KOSKEVAN HAAGIN
YLEISSOPIMUKSEN MUKAISESTI (28 U.S.C. § 1782)**

Vastaanottaja: Oikeusministeriö
      Kansainvälisen oikeusavun yksikkö (This was "Unit for International Judicial Cooperation" in the English version, but such a unit could not be found.)
      PL 25
      FIN-00023 Valtioneuvosto
      Suomi
      Puhelinnumero: +358 (9) 1606 7628
      Sähköposti: central.authority@om.fi

LÄHETTÄJÄ:Honorable _____
      United States District Court for the District of Columbia
      333 Constitution Avenue N.W.
      Washington, D.C. 20001
      Puhelinnumero: +1 (202) 354-3000

    United States District Court for the District of Columbia (Yhdysvaltain Columbian

piirikunnan piirioikeus) tervehtii kunnioittavasti Suomen keskusviranomaista, tai muuta

virastoa soveltuvin osin, ja pyytää kansainvälistä oikeusapua edellä mainitussa tutkimuksessa

("tutkimus") käytettävien todisteiden hankkimiseen.  Meille on osoitettu, että oikeutta ei voida

täysin toteuttaa osapuolten kesken ilman todisteiden vastaanottamista Markku Rytivaaralta,

joka asuu Suomessa ja lainkäyttöalueellanne.  Todisteiden vastaanottamista ulkomailla siviili-

ja kauppaoikeudellisissa asioissa koskevan Haagin yleissopimuksen 3 artiklan (28 U.S.C. §

1782) ("Haagin yleissopimus") mukaisesti allekirjoittaneella hakijalla on kunnia lähettää

seuraava pyyntö:

| 1.  Lähettäjä: | Honorable _____ <br> United States District Court for the District of Columbia <br> (Yhdysvaltain Columbian piirikunnan piirioikeus) <br> 333 Constitution Avenue N.W. <br> Washington, D.C. 20001 |
|---|---|
| 2.  Pyynnön vastaanottavan valtion keskusviranomainen: | Oikeusministeriö <br> Kansainvälisen oikeusavun yksikkö (This was "Unit for International Judicial Cooperation" in the English version, but such a unit could not be found.) <br> PL 25 <br> FIN-00023 Valtioneuvosto <br> Suomi <br> Puhelin:  +358 (9) 1606 7628 <br> Sähköposti: central.authority@om.fi |
| 3.  Henkilö, jolle täytetty pyyntö palautetaan: | Eric Lancaster <br> WHITE & CASE, LLP <br> 3000 El Camino Real <br> 2 Palo Alto Square, Suite 900 <br> Palo Alto, CA  94306 <br> Puhelin:  650.213.0300 <br> Sähköposti: WCGoogleITC1208@whitecase.com |
| 4.  Päivämäärä, johon mennessä pyynnön esittävän viranomaisen tulee saada vastaus pyyntökirjelmään: | Vastausta pyydetään 28. joulukuuta 2020 mennessä tai niin pian kuin mahdollista ennen kyseistä päivämäärää, jotta voidaan varmistaa, että todisteet saadaan ennen 28. tammikuuta 2021 päättyvää selvitysaikaa ja että ne ovat käytettävissä oikeudenkäynnissä 3. toukokuuta 2021. Tämän pyynnön asianmukainen käsittely antaa osapuolille ja todistajalle mahdollisuuden sopia kaikkia osapuolia tyydyttävän päivämäärän ja välttää häiriöt todistajan liiketoiminnassa tai henkilökohtaisissa suunnitelmissa. |
| 5.  Haagin yleissopimuksen 3 artiklan mukaisesti allekirjoittaneella hakijalla on kunnia esittää seuraava pyyntö: | |
| a.  Pyynnön esittävä oikeusviranomainen: | United States District Court for the District of Columbia (Yhdysvaltain Columbian piirikunnan piirioikeus) <br> 333 Constitution Avenue N.W. |
| b.  Seuraavan toimivaltaiselle | Suomi |

| | |
|---|---|
| c. Asian otsikko ja tunnusnumero | *Asiassa tietyt sähköiset laitteet, mukaan lukien tietokoneet, tablettitietokoneet sekä niiden komponentit ja moduulit (In the Matter of Certain Electronic Devices, Including Computers, Tablet Computers, and* |
| 6. Osapuolten sekä heidän edustajiensa nimet ja osoitteet: | |
| a. Kantajat: (Asianomistajat) | **Nokia Technologies Oy**<br>**Nokia Corporation**<br>Karakaari 7A<br>FIN-02610<br>Espoo<br>Puhelin:  358 (0) 7180-08000<br><br>**Edustajat:**<br>Adam D. Swain<br>ALSTON & BIRD<br>The Atlantic Building<br>950 F Street, NW<br>Washington, DC 20004-1404<br>Lenovo.A&B@alston.com<br><br>Theodore Stevenson III<br>Warren Lipschitz<br>Richard A. Kamprath<br>McKOOL SMITH, P.C.<br>300 Crescent Court, Suite 1500<br>Dallas, TX 75201<br>Nokia_Lenovo_ITC@McKoolSmith.com |
| b. Syytetyt: (Vastaajat) | **Lenovo Group Limited; Lenovo (United States) Inc.; Lenovo (Beijing) Limited.; Lenovo PC HK Limited; Lenovo (Shanghai) Electronics Technology Co. Ltd.; Lenovo Information Products (Shenzhen) Co. Ltd.; Lenovo Mobile Communication Import and Export (Wuhan) Co. Ltd.; Lenovo Centro Tecnologico S. de RL CV**<br><br>**Edustajat:**<br>William F. Lee<br>Joseph J. Mueller<br>Richard W. O'Neill<br>Sarah R. Frazier<br>Wɪʟᴍᴇʀ Cᴜᴛʟᴇʀ Pɪᴄᴋᴇʀɪɴɢ Hᴀʟᴇ Aɴᴅ Dᴏʀʀ LLP<br>60 State Street<br>Boston, MA 02109<br>Puhelin:  (617) 526-6000<br>WHLenovo-Nokia1208servicelist@WilmerHale.com |

| | |
|---|---|
| | Michael D. Esch<br>Todd Zubler<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>1875 Pennsylvania Avenue, NW<br>Washington, DC 20006<br>Puhelin:  (202) 663-6000<br>WHLenovo-Nokia1208servicelist@WilmerHale.com |
| c.   Väliintulija | **Google LLC.**<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043<br>Yhdysvallat<br><br>**Edustajat:**<br>Shamita D. Etienne-Cummings<br>David Markoff<br>701 13th Street NW<br>Washington, DC 20005-3807<br>Puhelin:  202.626.3600<br>Faksi:  202.639.9355<br>WCGoogleITC1208@whitecase.com<br><br>Eric Lancaster<br>Don Zhe Nan Wang<br>Emily Yang<br>3000 El Camino Real<br>2 Palo Alto Square, Suite 900<br>Palo Alto, CA  94306<br>Puhelin:  650.213.0300<br>Faksi:  650.213.8158 |
| d.   Muut osapuolet<br>Kansainvälisen kaupan<br>komission asiamies:<br>(Tutkimuksen osapuoli) | **Edustaja:**<br>Todd P. Taylor, Esq.<br>Office of Unfair Import Investigations<br>500 E Street, S.W., Suite 401<br>Washington D.C. 20436<br>Sähköposti:  todd.taylor@usitc.gov<br>Sähköposti:  jeffrey.hsu@usitc.gov<br>Puhelin:  (202) 205-2221 |

| 7. Prosessin luonne ja tarkoitus, kanteen tiivistelmä sekä puolustuksen ja vastakanteen tiivistelmä: | **a. Prosessin luonne**<br><br>Asia *Asiassa tietyt sähköiset laitteet, mukaan lukien tietokoneet, tablettitietokoneet sekä niiden komponentit ja moduulit (In the Matter of Certain Electronic Devices, Including Computers, Tablet Computers, and Components and Modules Thereof)* on tutkimus väitetystä patenttiloukkauksesta vuoden 1920 Tariff Act -lain 337 pykälän nojalla.  2. heinäkuuta 2020 kantaja/asianomistaja Nokia Technologies Oy ja Nokia Corporation (yhdessä "Nokia") nosti Yhdysvaltain kansainvälisen kaupan komissiolle kanteen väitetystä viiden patentin loukkauksesta:  Yhdysvaltain patentti Nro 8,144,764 ("'764-patentti"), Yhdysvaltain patentti Nro 7,532,808 ("'808-patentti"), Yhdysvaltain patentti Nro 6,950,469 ("'469-patentti"), Yhdysvaltain patentti Nro 7,724,818 ("'818-patentti") ja Yhdysvaltain patentti Nro 8,583,706 ("'706-patentti").  Kanteessa määritetään seuraavat osapuolet vastaajiksi:  Lenovo Group Limited; Lenovo (United States), Inc.; Lenovo (Beijing Limited); Lenovo PC HK Limited; Lenovo (Shanghai) Electronics Technology Co. Ltd.; Lenovo Information Products Shenzhen Co. Ltd.; Lenovo Mobile Communication; Lenovo Corporation; Lenovo Centro Tecnologico S. de RL CV (yhdessä "vastaajat" tai "Lenovo").<br><br>Komissio aloitti tutkimuksen 4. elokuuta 2020.  Henkilö, jolle tämän asian käsittely on annettu tehtäväksi, on Honorable Dee Lord.  4. syyskuuta 2020 Google LLC lisättiin tutkimukseen väliintulijaksi rajoituksetta. Puheenjohtajana toimiva hallinto-oikeuden tuomari on antanut suojamääräyksen, joka on liitteenä esimerkkikappaleena A ja joka kattaa luottamuksellisen aineiston käytön tässä tutkimuksessa.  Puheenjohtajana toimiva hallinto-oikeuden tuomari on antanut myös aikataulumääräyksen, jossa edellytetään, että tosiseikkojen selvittäminen saadaan päätökseen 28. tammikuuta 2021 mennessä, ja asetetaan käsittelypäiväksi (oikeudenkäyntipäiväksi) 3.–7. toukokuuta 2021. Selvitys, mukaan lukien asiakirjatodisteiden julkistaminen ja valaehtoiset todistukset, on käynnissä. Koska Yhdysvaltain kansainvälisen kaupan komissio on hallintoelin, sen tavanomaisena käytäntönä on – jotta yhdenmukaisuus Haagin yleissopimuksen kanssa voidaan varmistaa – pyytää Yhdysvaltain Columbian piirikunnan piirioikeutta tarkastamaan, allekirjoittamaan ja vahvistamaan pyyntökirjelmän sen puolesta. |

| | |
|---|---|
| | **b. Kanteen tiivistelmä**<br><br>Nokia väittää, että Lenovo loukkaa Yhdysvaltain patenttia Nro 8,144,764 (''764-patentti''), Yhdysvaltain patenttia Nro 7,532,808 (''808-patentti''), Yhdysvaltain patenttia Nro 6,950,469 (''469-patentti''), Yhdysvaltain patenttia Nro 7,724,818 (''818-patentti'') ja Yhdysvaltain patenttia Nro 8,583,706 (''706-patentti'').  Kanteen mukaan Lenovon laitteet, joiden väitetään loukkaavan '706-patenttia, loukkaavat sitä sisältämällä Google Assistant -toiminnon.  Lisäksi kanteessa määritetään Google Assistant -toimintoa hyödyntävät Samsung-laitteet ''kotimaisiksi teollisuustuotteiksi'' väittäen, että ne ''toteuttavat ainakin '706-patentin vaatimusta 6''.  '706 patentissa nimetään keksijäksi Markku Rytivaara, Suomi.<br><br>**c. Puolustuksen ja vastakanteen tiivistelmä**<br><br>Nokian esittämiä patenttiloukkausväitteitä vastaan on esitetty monia puolustuksia, mukaan lukien patenttien pätemättömyyttä koskevat puolustukset; patenttien loukkaamattomuus; Yhdysvaltain hallinnon myynnin oleminen prosessin soveltamisalan ulkopuolella; vastaväitteiden rajoittaminen, luopuminen, vilpillisyys ja/tai muut equity-oikeuden doktriinit; lisenssi; patentin sammuminen; kotimaisen teollisuuden puute; ja Nokian vapautusvaatimusten oleminen julkisen edun vastaista.  Tällä pyyntökirjelmällä on tarkoitus hankkia tietoja, jotka ovat erityisen merkityksellisiä '706-patentin pätemättömyyden, loukkaamattomuuden ja syytteeseenpanon vastaväitteiden rajoittamisen kannalta. |
| 8.  Hankittavat todisteet tai muu suoritettava oikeustoimi ja etsittyjen todisteiden tarkoitus: | Tuomioistuin pyytää, että Markku Rytivaara saapuu todistajanlausuntoon (todistuksen antaminen tuomioistuimen ulkopuolella tuomioistuimen kirjurin edessä).  Tuomioistuin pyytää myös, että Markku Rytivaara esittää kaikki hallussaan olevat asiakirjat, jotka kuuluvat liitteenä olevaan luetteloon B.<br><br>Rytivaara on '706 patentin toinen nimetty keksijä, ja hän oli ylempi tutkimusinsinööri ja SW-asiantuntija Nokialla kyseisen patentin väitetyn keksimisen aikaan..  Rytivaaralla on hallussaan tietoja, jotka liittyvät patentin 706 väitettyyn keksimiseen ja käyttöönottoon; väitetyn keksinnön '706 patentin ehtojen ja suoritusmuotojen määrittämiseen; merkitykselliseen tekniikan tasoon ennen '706 patenttia; ja '706 patentin syytteeseenpanohistoriaan. |

| | |
|---|---|
| | Google on lisäksi esittänyt, että patentti 706 saattaa olla täytäntöönpanokelvoton sen kahden nimetyn keksijän, hra Mustosen ja hra Rytivaaran epäoikeudenmukaisen toiminnan vuoksi, sillä he eivät ole luovuttaneet Yhdysvaltojen patentti- ja tavaramerkkivirastolle ("USPTO") julkaisumateriaaleja patentin 706 myöntämiseen johtaneen hakemuksen syytteeseen asettamista varten. |
| 9. Kuulusteltavan henkilön henkilöllisyys ja osoite: | Markku Rytivaara<br>OSAO Ovi<br>Hallituskatu 36 B, 90100<br>Oulu, Suomi |
| 10. Kuulusteltavalle henkilölle esitettävät kysymykset tai lausuma aiheesta, jota koskien häntä kuulustellaan: | *Katso* esimerkkikappale B. |
| 11. Asiakirjat tai muu tutkittava omaisuus: | *Katso* esimerkkikappale B. |
| 12. Vaatimus siitä, että todisteet on annettava valan tai vakuutuksen alaisina, ja käytettävä erityismuoto: | Tämä tuomioistuin pyytää, että edellä osiossa 9 mainittu todistaja tulisi kuulustella valan tai vakuutuksen alaisena tai vaihtoehtoisesti hänelle tulisi kertoa seurauksista, joita totuudenvastaisten ja väärien vastausten antamisella on Suomen lainsäädännön nojalla. |
| 13. Erikoismenetelmät tai noudatettava menettelytapa: | Tämä tuomioistuin pyytää kunnioittavasti seuraavaa:<br>a. Todistajan antama todistajanlausunto otetaan Yhdysvaltain käytännön mukaisesti, *ts.* todistajan suullinen todistajanlausunto tallennetaan pikakirjoituksella ja transkriptio tehdään viipymättä ja todistetaan oikeaksi Suomen menettelytavan mukaisesti, tai vaihtoehtoisesti osapuolilla on käytössään menettelyn digitaalinen tallenne, josta he voivat tehdä oman sertifioidun kopionsa prosessista. |

| | |
|---|---|
| | b.  Todistajan antama todistajanlausunto otetaan etänä. |
| | c.  Googlen edustaja saa esittää kysymyksiä kohdassa 10 kuvatuista aiheista yhteensä kuuden tunnin ajan. Nokian edustaja saa esittää kysymyksiä todistajalle yhden tunnin ajan samoista aiheista, minkä jälkeen Googlen edustaja voi käyttää jäljellä olevan ajan kuuden tunnin jaksosta; |
| | d.  Asianosaisten avustaja saa olla läsnä todistajan antaessa lausuntonsa ja esittää todistajalle kysymyksiä (tarvittaessa tulkin välityksellä) |
| | e.  Todistaja esittää omistuksessaan, hallussaan tai hallinnassaan olevat asiakirjat, kuten on kuvattu osiossa 11, kolme viikkoa ennen valaehtoista todistusta oikeusministeriön määräämänä kellonaikana ja määräämässä paikassa, niin että kullekin Googlen ja Nokian edustajalle annetaan mahdollisuus tarkastaa ja kopioida nämä asiakirjat.  Asiakirjat, jotka todistaja on nimennyt "luottamuksellisiksi", suojataan julkistamiselta esimerkkikappaleeksi A liitetyn suojamääräyksen ehtojen mukaisesti. |
| | f.  Nimetty Suomen tuomioistuin tai asianmukainen henkilöstö toimittaa eteenpäin todistajanlausunnon tallenteen ja/tai mahdolliset prosessin digitaaliset kopiot tässä tutkimuksessa käytettäviksi edellä osioissa 3 ja 6 mainituille edustajille lueteltuihin osoitteisiin. |
| 14.     Pyyntö ilmoittaa pyyntökirjelmän täytäntöönpanon kellonaika ja paikka sekä sellaisen henkilön henkilöllisyys tai osoite, jolle on annettava ilmoitus: | Tämä tuomioistuin pyytää, että osapuolten (lueteltu edellä osiossa 6) laillisille edustajille ilmoitetaan niin pian kuin on käytännössä mahdollista todistajan valaehtoisen todistuksen antamisen kellonaika ja paikka. |
| 15.     Pyyntö pyynnön esittävän viranomaisen oikeudellisen henkilöstön läsnäolosta tai osallistumisesta pyyntökirjelmän täytäntöönpanoon: | Ei ole. |

| | |
|---|---|
| 16.   Selitelmä erioikeudesta tai velvollisuudesta kieltäytyä todisteiden antamisesta alkuperävaltion lainsäädännön nojalla: | Todistaja voi kieltäytyä todisteiden antamisesta vain siltä osin kuin hänellä on laillinen erioikeus tai velvollisuus kieltäytyä antamasta todisteita Yhdysvaltain lakien tai Suomen lakien nojalla.<br><br>Mahdollinen laillinen erioikeus kieltäytyä antamasta todisteita Yhdysvaltain lainsäädännön nojalla sisältyy Yhdysvaltain liittovaltion siviiliprosessisääntöihin (Federal Rules of Civil Procedure), liittovaltion todistussääntöihin (Federal Rules of Evidence) ja muihin sovellettaviin Yhdysvaltain lakeihin.  Erityisesti todistajan on vastattava kaikkiin kysymyksiin, ellei neuvonantaja asiaankuuluvasti ohjeista olemaan vastaamatta kysymykseen.  Kyseinen ohje on asiaankuuluva vain, jos on tarpeen säilyttää laillinen erioikeus, panna rajoitus täytäntöön tuomioistuimen antaman ohjeen mukaan tai tukea aloitetta todistajanlausunnosta luopumiseksi todistajan häiritsemisen vuoksi. |
| 17.   Aiheutuneet maksut ja kustannukset, jotka ovat korvattavia Haagin yleissopimuksen 14 artiklan toisen kappaleen tai 26 artiklan nojalla, maksaa seuraava: | Google ja/tai sen edellä osiossa 6B määritetty neuvonantaja. |
| Liitteet:<br>Esimerkkikappale A: Suojamääräys<br>Esimerkkikappale B: Pyyntö esittämisen ja valaehtoisen todistuksen aiheista | |


**TRANSPERFECT**

City of New York, State of New York, County of New York

I, Jacqueline Yorke, hereby certify that the document "**2020-08-06 Order No. 1 - Protective Order**" is, to the best of my knowledge and belief, a true and accurate translation from English into Finnish.

Jacqueline Yorke
(Currently situated in the County of New York)

Sworn to before me remotely this
November 20, 2020

Signature, Notary Public
(Currently situated in the County of New York)

WENDY POON
NOTARY
NO. 01PO6356754
QUALIFIED IN
QUEENS COUNTY
COMM. EXP.
04-03-2021
PUBLIC
STATE OF NEW YORK

Stamp, Notary Public

Exhibit A - Translation

**YHDYSVALTOJEN KANSAINVÄLISEN KAUPAN KOMISSIO**

**Washington, D.C.**

| | |
|---|---|
| **Asiassa** | |
| **TIETYT SÄHKÖISET LAITTEET, MUKAAN LUKIEN TIETOKONEET, TABLETIT JA NIIDEN KOMPONENTIT JA MODUULIT** | **Tutkinta nro 337-TA-1208** |

**MÄÄRÄYSNRO 1:    SUOJAMÄÄRÄYS**

(6. elokuuta 2020)

TODETTAKOON, että edellä mainitun menettelyn osapuolien toimesta ja kesken voidaan pyytää, tuottaa ja esittää asiakirjoja ja tietoja, jotka liittyvät liikesalaisuuksiin tai muihin luottamuksellisiin tutkimus-, kehitys- tai kaupallisiin tietoihin, joiden merkitykset määritellään komission säännöksessä 19 C.F.R. § 210.5.

TÄTEN MÄÄRÄTÄÄN, ETTÄ

2.       Luottamukselliset liiketoimintatiedot ovat tietoja, jotka koskevat liikesalaisuuksia, prosesseja, toimintoja, työtapoja, laitteita, tuotantoa, myyntiä, toimituksia, hankintoja, siirtoja, asiakkaiden tunnistamista, varastoja tai jonkin henkilön, yrityksen, kumppanuuden, yhtiön tai muun organisaation tulojen, voittojen, tappioiden tai kulujen määrää tai lähdettä tai liittyvät edellä mainittuihin, tai ovat muita kaupallisesti arvokkaita tietoja, joiden paljastuminen todennäköisesti joko (i) haittaa komission mahdollisuuksia saada tällaisia tietoja tarvittavalla tavalla sen lakisääteisten tehtävien hoitamiseksi tai (ii) aiheuttaa olennaista haittaa sen henkilön, yrityksen, kumppanuuden, yhtiön tai muun organisaation kilpailuasemalle, jolta tiedot saatiin, ellei laki edellytä komission paljastavan tällaisia tietoja. Termi "luottamukselliset liiketoimintatiedot" kattaa vuoden 1930 tariffilain (Tariff Act of 1930) kohdassa 777(b) (19 U.S.C. § 1677f[b]) tarkoitetut "omistusoikeudelliset tiedot".

2(a).    Kaikki tiedot, joita tämän tutkinnan yhteydessä annetaan kuulemista edeltävässä tietojen saannissa tai kirjelmissä, esityksessä tai vastauksessa esitykseen joko vapaaehtoisesti tai määräyksen nojalla ja joiden toimittaja vakuuttaa sisältävän tai olevan luottamuksellisia liiketoiminnallisia tietoja, on tällaisen toimittajan määriteltävä sellaisiksi kirjallisesti tai suullisesti valaehtoista todistusta annettaessa, neuvottelussa tai kuulemisessa ja erotettava muista annettavista tiedoista. Asiakirjojen etusivulle on selkeästi ja näkyvästi lisättävä seuraava tai vastaava merkintä: "SUOJAMÄÄRÄYKSEN PIIRIIN KUULUVIA LUOTTAMUKSELLISIA LIIKETOIMINTATIETOJA". Tällaisia tietoja, olipa ne annettu kirjallisesti tai suullisessa todistuksessa, on kohdeltava tämän suojamääräyksen ehtojen mukaisesti.

(b).    Hallinto-oikeuden tuomari tai komissio voi määrittää, että luottamuksellisiksi väitetyt tiedot eivät ole luottamuksellisia tai että niiden paljastaminen on tarpeen menettelyn asianmukaiseksi toimittamiseksi ennen asiaa koskevaa kuulemista, sen aikana tai sen päättymisen jälkeen. Jos hallinto-oikeuden tuomari tai komissio näin määrittää, tällaisten tietojen toimittajalle on annettava tilaisuus perustella tietojen luottamuksellisuutta ennen tällaisen ratkaisun tekemistä.

3.    Ilman toimittajan antamaa kirjallista lupaa tai komission tai hallinto-oikeuden tuomarin määräystä edellä olevan kohdan 2 määräysten mukaisesti annettuja luottamuksellisia asiakirjoja tai liiketoimintaa koskevia tietoja ei saa paljastaa kenellekään muulle kuin (i) tämän tutkinnan osapuolten ulkopuoliselle asiamiehille, mukaan lukien tällaista asiamiestä avustava tarpeellinen sihteeri- ja tukihenkilökunta, (ii) tällaisia asiakirjoja tai tietoja koskevaa todistusta vastaanottaville päteville henkilöille ja heidän tarpeelliselle pikakirjoitus- ja toimistohenkilökunnalleen, (iii) teknisille asiantuntijoille ja heidän henkilökunnalleen, jotka on palkattu tätä riita-asiaa varten (elleivät he ole muuten ei-valtiollisen tahon palkkaamia tai sellaisen konsultteja tai muuten kytköksissä sellaiseen tai ole tämän tutkinnan kohteena olevien tuotteiden, laitteiden tai komponenttiosien jonkin kotimaisen tai ulkomaisen valmistajan, tukkukauppiaan, vähittäismyyjän tai jakelijan työntekijöitä), (iv) komissiolle, hallinto-oikeuden tuomarille, komission henkilökunnalle tai minkä tahansa komission valtuuttaman valtiollisen viraston henkilökunnalle, (v) komissiolle, sen työntekijöille ja komission työntekijöiden

ominaisuudessa toimivalle sopimussuhteiselle henkilökunnalle, tämän tutkinnan tai siihen liittyvien

menettelyiden, joita varten nämä tiedot annetaan, asiakirjojen laatimiseksi tai ylläpitämiseksi tai

työntekijöille ja sopimussuhteiselle henkilökunnalle sisäisissä tarkastuksissa ja arvioinneissa, jotka

liittyvät komission ohjelmiin ja toimintaan 5 U.S.C:n liitteen 3 mukaisesti ja (vi) Yhdysvaltain valtion

työntekijöille tai sopimussuhteiselle henkilökunnalle ainoastaan kyberturvallisuuteen liittyviä tarkoituksia

varten.[6]

     4.     Edellä olevan kohdan 2 määräysten mukaisesti annettuja luottamuksellisia

liiketoimintatietoja ei saa antaa kenellekään kohdissa 3(i)[7] ja (iii) määritellylle henkilölle, ellei hän ole

ensin lukenut tätä määräystä ja antanut komission sihteerille toimitetulla kirjeellä suostumustaan siihen,

että (i) määräyksen ehdot sitovat häntä, (ii) hän ei paljasta tällaisia luottamuksellisia liiketoimintatietoja

kenellekään muulle kuin toiselle kohdassa 3 määritellylle henkilölle, (iii) hän käyttää näitä

luottamuksellisia liiketoimintatietoja vain tämän tutkinnan tarkoituksia varten ja (iv) liittää mukaan

seuraavan vakuutuksen:

     Minä, allekirjoittanut, ymmärrän, että tietopyyntöön vastauksena toimitetut tiedot voidaan
     tämän tutkinnan tai muun menettelyn yhteydessä paljastaa seuraaville ja niitä voidaan käyttää
     seuraavien toimesta:

     (i) komissio, sen työntekijät ja sopimussuhteinen henkilökunta (a) tämän tutkinnan tai siihen
     liittyvien menettelyiden asiakirjojen laatimiseksi tai ylläpitämiseksi (b) sisäisissä
     tarkastuksissa ja arvioinneissa, jotka liittyvät komission ohjelmiin ja toimintaan 5 U.S.C:n
     liitteen 3 mukaisesti tai

     (ii) Yhdysvaltain valtion työntekijät tai sopimussuhteinen henkilökunta ainoastaan
     kyberturvallisuuteen liittyviä tarkoituksia varten. Ymmärrän, että sopimussuhteinen
     henkilökunta allekirjoittaa asianmukaiset salassapitosopimukset.

     5.     Jos komissio tai hallinto-oikeuden tuomari määrää tai jos toimittaja ja kaikki tutkinnan

osapuolet sopivat, että luottamuksellisina liiketoimintatietoina toimitettuja tietoja saa antaa tai levittää

---

[6] *Katso* komission hallinnollinen määräys 16-01 (7. marraskuuta 2015).
[7] Asiamiestä avustavan tarpeellisen sihteeri- ja tukihenkilökunnan ei tarvitse itse allekirjoittaa
suojamääräystä, sillä asiamiehen allekirjoitus kattaa myös heidät.

henkilöille, jotka eivät sisälly edellä olevaan kohtaan 3, tällainen aineisto voidaan antaa tai levittää

tällaisille henkilöille vain tämän määräyksen ehtojen ja tästä määräyksestä johtuvien velvoitteiden

mukaisesti, ja tällaisten henkilöiden katsotaan kuuluvan määräyksen piiriin, ellei komissio tai hallinto-

oikeuden tuomari katso, että tiedot eivät ole kohdassa 1 määriteltyjä luottamuksellisia liiketoimintatietoja.

6(a).    Kaikki luottamukselliset liiketoimintatiedot, jotka annetaan komissiolle tai hallinto-

oikeuden tuomarille tämän tutkinnan piiriin kuuluvan esityksen tai muun menettelyn yhteydessä, on

annettava sinetöityinä edellä olevan kohdan 2 mukaisesti. Kaikki tähän tutkintaan liittyvän

puhtaaksikirjoituksen osat, jotka sisältävät edellä olevan kohdan 2 mukaisesti annettuja luottamuksellisia

liiketoimintatietoja, on sidottava erikseen ja toimitettava sinetöityinä. Kun jotkin luottamukselliset

liiketoimintatiedot, jotka on annettu edellä olevan kohdan 2 mukaisesti, sisältyvät sitä koskevan

valaehtoisen todistuksen tai sen todistuskappaleiden auktorisoituun puhtaaksikirjoitukseen, on tehtävä

järjestelyitä, joilla valaehtoisen todistuksen vastaanottava tuomioistuimen raportoija sitoo tällaiset

luottamukselliset osat ja lisää niihin erikseen merkinnän "SUOJAMÄÄRÄYKSEN PIIRIIN KUULUVIA

LUOTTAMUKSELLISIA LIIKETOIMINTATIETOJA". Ennen kuin tuomioistuimen raportoija tai

kääntäjä vastaanottaa mitään sellaisia tietoja, hänen on ensin luettava tämä määräys ja annettava

kirjallinen suostumuksensa siihen, että sen ehdot sitovat häntä. Vaihtoehtoisesti hän voi allekirjoittaa

sopimuksen, joka sisältyy tähän määräykseen liitteenä A. Jäljennökset kustakin tällaisesta allekirjoitetusta

sopimuksesta on toimitettava tällaisten luottamuksellisten liiketoimintatietojen toimittajalle ja komission

sihteerille.

(b)    Luottamuksellisten liiketoimintatietojen toimittajia kehotetaan painokkaasti salaamaan

ei-julkiset asiakirjat, jotka lähetetään komissiolle sähköisesti, jotta arkaluontoisia tietoja voitaisiin suojella

luvattomalta paljastumiselta. Yhdysvaltojen kansainvälisen kaupan komission turvallisessa

pudotusruutujärjestelmässä ja sähköisessä asiakirjatietojärjestelmässä (Electronic Document Information

System, EDIS) käytetään FIPS-standardin (Federal Information Processing Standards) 140-2 mukaisia

salausalgoritmeja tietojen salaamiseen siirron aikana. Ei-julkisten asiakirjojen lähettäminen tavalla, jossa

ei käytetä näitä salausalgoritmeja (esim. sähköposti), saattaa altistaa yrityksesi ei-julkiset tiedot

luvattomalle paljastumiselle siirron aikana. Jos päätät käyttää salaamatonta sähköistä tiedonsiirtoa, komissio varoittaa sinua siitä, että sinä kannat tällaisen mahdollisen luvattoman paljastumisen riskin, ei komissio.

7.      Tämän määräyksen alaisiksi tulevia henkilöitä koskevia rajoituksia ja velvoitteita ei sovelleta sellaisiin edellä olevan kohdan 2 mukaisesti annettuihin tietoihin, joiden osalta henkilö, joka vakuuttaa niiden olevan luottamuksellisia, suostuu kirjallisesti siihen, tai joiden osalta komissio tai hallinto-oikeuden tuomari päättää annettuaan kuulemismahdollisuuden, että ne olivat julkisesti tiedossa silloin, kun ne toimitettiin vastaanottavalle osapuolelle tai että ne ovat sen jälkeen tulleet julkisesti tietoon vastaanottavasta osapuolesta riippumattomasta syystä.

8.      Komissio, hallinto-oikeuden tuomari ja komission tutkiva asianajaja tunnustavat, että kaikkia asiakirjoja tai tietoja, jotka on annettu luottamuksellisina liiketoimintatietoina edellä olevan kohdan 2 mukaisesti, on kohdeltava sellaisina 5 U.S.C:n pykälän 552(b)(4) ja 18 U.S.C:n pykälän 1905 mukaisesti, ellei komissio tai sen tiedonvapauslakivirkailija tai hallinto-oikeuden tuomari päätä toisin kuulemisen jälkeen. Kun tällaisista tiedoista tehdään osa kirjelmää tai niitä tarjotaan todisteasiakirjoihin, 19 C.F.R:n pykälässä 201.6 esitetyt tiedot on toimitettava, paitsi sinä aikana, kun menettely on vireillä hallinto-oikeuden tuomarin käsittelyssä. Tuona aikana luottamuksellisia liiketoimintatietoja tarjoavan osapuolen on pyynnöstä annettava lausunto tietojen luottamuksellisuuden väitetyistä perusteista.

9.      Ellei luottamukselliseksi määrittelyä ole peruutettu tai komissio tai hallinto-oikeuden tuomari ole määrittänyt, että luottamuksellisiksi määritellyt tiedot eivät enää ole luottamuksellisia, komission, hallinto-oikeuden tuomarin ja komission tutkivan asianajajan on ryhdyttävä kaikkiin tarvittaviin ja asianmukaisiin toimenpiteisiin säilyttääkseen kaikkien toimittajan edellä olevan kohdan 2 mukaisesti määrittelemien luottamuksellisten liiketoimintatietojen luottamuksellisuuden ja suojatakseen kunkin toimittajan niihin kohdistuvia oikeuksia, mukaan lukien muun muassa (a) ilmoittamalla toimittajalle viipymättä (i) kaikista tällaisten luottamuksellisten liiketoimintatietojen olennaista sisältöä tai niiden saantia koskevista tiedusteluista tai pyynnöistä muilta tahoilta kuin niiltä, joilla on niihin valtuudet tämän määräyksen nojalla tiedonvapauslain ("Freedom of Information Act") (muutoksineen) (5 U.S.C.

552 §) mukaisesti, ja (ii) kaikista ehdotuksista määritellä uudelleen tai julkistaa joitakin tällaisia

luottamuksellisia liiketoimintatietoja, ja (b) antamalla toimittajalle vähintään seitsemän päivää aikaa

tällaisen tiedustelun tai pyynnön vastaanottamisesta ryhtyä toimenpiteisiin komission tai sen

tiedonvapauslakivirkailijan tai hallinto-oikeuden tuomarin edessä tai muuten säilyttää tällaisten

liiketoimintaa koskevien luottamuksellisten tietojen luottamuksellisuus ja suojata oikeuksiaan niihin.

10.     Jos sinä aikana, kun tutkinta on käynnissä hallinto-oikeuden tuomarin edessä, tämän

määräyksen osapuoli, jonka on määrä vastaanottaa joitakin liiketoimintatietoja, jotka on määritelty

luottamuksellisiksi ja annettu kohdan 2 mukaisesti, on kokonaan tai osittain eri mieltä tällaisesta

määrittelystä, hänen on ilmoitettava siitä toimittajalle kirjallisesti, ja osapuolet neuvottelevat tämän

jälkeen tämän määräyksen yhteydessä tarjottujen tietojen asemasta. Jos toimittaja ennen tällaista

neuvottelua tai sen aikana peruuttaa määrittelynsä tällaisten tietojen kuulumisesta tämän määräyksen

piiriin, mutta siitä huolimatta antaa tällaiset tiedot tutkinnan tarkoituksia varten, toimittajan on ilmaistava

peruutus kirjallisesti ja annettava kyseinen peruutus tiedoksi kaikille osapuolille ja hallinto-oikeuden

tuomarille. Elleivät vastaanottaja ja toimittaja kykene sopimaan luottamuksellisina liiketoimintatietoina

annettujen tietojen asemasta kymmenen päivän kuluessa tällaisen erimielisyyden ilmoituspäivästä, kuka

tahansa tämän määräyksen osapuoli voi viedä tällaisen aseman määrittelyä koskevan asian ratkaistavaksi

hallinto-oikeuden tuomarille, joka tekee päätöksen asiassa. Hallinto-oikeuden tuomari voi viran puolesta

(*sua sponte*) kyseenalaistaa minkä tahansa tietojen luottamuksellisen aseman määrittelyn ja, annettuaan

mahdollisuuden tulla kuulluksi, poistaa luottamukselliseksi määrittelyn.

11.     Vähintään 10 päivää (tai jokin muu hallinto-oikeuden tuomarin määrittelemä

ajanjakso) ennen kuin kohdan 2 mukaisesti annetut luottamukselliset tiedot paljastetaan ensimmäistä

kertaa ehdotetulle asiantuntijalle, osapuolen, joka ehdottaa tällaisen asiantuntijan käyttämistä, on

toimitettava ehdotetun asiantuntijan nimi, koulutushistoria ja yksityiskohtainen työhistoria kirjallisina

toimittajalle. Jos toimittaja vastustaa tällaisten luottamuksellisten liiketoimintatietojen paljastamista

kyseiselle ehdotetulle asiantuntijalle tämän määräyksen sanamuodon tai tarkoituksen vastaisena tai muilla

perusteilla, hänen on ilmoitettava vastaanottajalle kirjallisesti vastalauseensa ja sen perustelut ennen

15

tietojen ensimmäistä paljastamista. Ellei erimielisyyttä ratkaista epämuodollisesti kymmenen päivän kuluessa tällaisen vastalauseilmoituksen vastaanottamisesta, toimittajan on välittömästi annettava kukin vastalause hallinto-oikeuden tuomarin ratkaistavaksi jättämällä suojamääräyshakemus komission säännöksen 210.34 mukaisesti. Jos tutkinta on käynnissä komissiossa, asia on annettava komission ratkaistavaksi. Tällaisia luottamuksellisia liiketoimintatietoja on pidättäydyttävä antamasta kyseiselle ehdotetulle asiantuntijalle sen aikaa, kun komission tai hallinto-oikeuden tuomarin ratkaisua odotetaan. Tämän kohdan ehtoja ei sovelleta komission asiantuntijoihin tai komission konsultoimiin tai käyttämiin asiantuntijoihin muista valtion virastoista.

12.     Jos kohdan 2 mukaisesti annettuja luottamuksellisia liiketoimintatietoja paljastetaan jollekin henkilölle muuten kuin tämän suojamääräyksen valtuuttamalla tavalla, paljastamisesta vastuussa olevan osapuolen on välittömästi saatettava tällaiseen paljastamiseen liittyvät merkitykselliset tosiseikat toimittajan ja hallinto-oikeuden tuomarin tietoon ja, tämän vaikuttamatta toimittajan muihin oikeuksiin ja oikeussuojakeinoihin, pyrittävä kaikin tavoin estämään lisäpaljastukset omalta taholtaan tai tällaisten tietojen vastaanottajan taholta.

13.     Mikään tässä määräyksessä mainittu ei rajoita kenenkään henkilön oikeutta käyttää oikeussuojakeinoja tai ryhtyä muihin asianmukaisiin oikeustoimiin luottamuksellisten liiketoimintatietojen asemaa koskevan komission, sen tiedonvapauslakivirkailijan tai hallinto-oikeuden tuomarin ratkaisun osalta.

14.     Kun tämä tutkinta päättyy lopullisesti, jokaisen tämän määräyksen piiriin kuuluvan luottamuksellisten liiketoimintatietojen vastaanottajan on koottava ja palautettava toimittajalle kaikki kohteet, jotka sisältävät tällaisia, edellä olevan kohdan 2 mukaisesti annettuja tietoja, mukaan lukien kaikki tällaisesta aineistosta mahdollisesti tehdyt jäljennökset. Tämän määräyksen piiriin kuuluvat osapuolet voivat vaihtoehtoisesti toimittajan kirjallisella suostumuksella tuhota kaikki luottamuksellisia liiketoimintatietoja sisältävät kohteet ja todistaa toimittajalle (tai hänen asiamiehelleen), että tällainen tuhoaminen on suoritettu. Tätä kohtaa ei sovelleta komissioon, mukaan lukien sen tutkivaan asianajajaan, eikä hallinto-oikeuden tuomariin, joiden on säilytettävä tällaista aineistoa lakisääteisten vaatimusten

mukaisesti ja muita arkistointitarkoituksia varten, mutta he voivat tuhota sellaisen hallussaan olevan

aineiston (mukaan lukien tällaisia tietoja sisältävät sähköiset tietovälineet), jonka he katsovat olevan

ylimääräistä.

**TIETYT SÄHKÖISET LAITTEET, MUKAAN LUKIEN**       **Tutkinta nro 337-TA-1208**
**TIETOKONEET, TABLETIT JA**
**NIIDEN KOMPONENTIT JA MODUULIT**

Edellisestä kappaleesta huolimatta luottamukselliset liiketoimintatiedot voidaan lähettää piirituomioistuimeen komission säännöksen 210.5(c) mukaisesti.

15.     Jos edellä olevan kohdan 2 mukaisesti toimitettavia luottamuksellisia liiketoimintatietoja toimittaa taho, joka ei ole tämän tutkinnan osapuoli, kyseinen tutkinnan ulkopuolinen osapuoli katsotaan "toimittajaksi" siinä merkityksessä, jossa termiä käytetään tämän määräyksen yhteydessä.

16.     Kukin osapuoli, joka pyytää tietoja tällaiselta tutkinnan ulkopuoliselta osapuolelta, toimittaa kyseiselle tutkinnan ulkopuoliselle osapuolelle kopion tästä määräyksestä.

17.     Sihteeri antaa jäljennöksen tästä määräyksestä tiedoksi kaikille osapuolille sähköisesti, ja kantajan on suoritettava tiedonanto edustusta vailla oleville osapuolille perussäännön 1.5 mukaisesti.

**NÄIN MÄÄRÄTÄÄN.**

[allekirjoitus]   _____
Dee Lord
Hallinto-oikeuden tuomari

**TIETYT SÄHKÖISET LAITTEET, MUKAAN LUKIEN**          **Tutkinta nro 337-TA-1208**
**TIETOKONEET, TABLETIT JA**
**NIIDEN KOMPONENTIT JA MODUULIT**

Liite A

RAPORTOIJAN/PIKAKIRJOITTAJAN/KÄÄNTÄJÄN SALASSAPITOSOPIMUS

Minä, _____, vannon tai vakuutan, että en paljasta mitään tietoja, joita

saan tutkinnan tai kuulemisen luottamuksellisessa osassa asiassa *Tietyt sähköiset laitteet, mukaan lukien*

*tietokoneet, tabletit ja niiden komponentit ja moduulit,* tutkinta nro 337-TA-1208, paitsi siten kuin se tässä

asiassa annetun suojamääräyksen mukaisesti on sallittua. En suoraan tai välillisesti käytä tällaisia tietoja

tai salli niitä käytettävän mihinkään muuhun tarkoitukseen kuin siihen, joka liittyy suoraan virallisiin

tehtäviini tässä asiassa.

Lisäksi en suoralla toiminnalla, keskustelulla, kenellekään esitetyllä suosituksella tai

ehdotuksella paljasta minkään tässä asiassa suoritetun tutkinnan tai kuulemisen luottamuksellisen osan

yhteydessä annettujen tietojen luonnetta tai sisältöä.

Vakuutan myös, että minulla ei ole mitään asemaa kyseisen tutkinnan osapuolissa eikä mitään

virallista suhdetta niihin.

Olen tietoinen siitä, että edellä määritettyjen tietojen luvaton käyttö tai välittäminen on

liittovaltion rikoslain ("Federal Criminal Code") vastaista ja että siitä voidaan määrätä enintään 10 000

Yhdysvaltain dollarin sakkorangaistus, enintään kymmenen (10) vuoden vankeusrangaistus tai

molemmat.


Allekirjoitus

Päiväys

Yritys tai kytkös

## JULKINEN TODISTUS TIEDOKSIANNOSTA

Minä, Lisa R. Barton, todistan täten, että liitteenä oleva MÄÄRÄYS on annettu EDISin kautta tiedoksi komission tutkivalle asianajajalle Todd P. Taylorille sekä ilmoitetuilla tavoilla seuraaville osapuolille 6. elokuuta 2020.

[allekirjoitus]
Lisa R. Barton, sihteeri
U.S. International Trade Commission
500 E Street, SW, Room 112
Washington, DC 20436

s

**Kantajien Nokia Technologies Oy ja Nokia**
**Corporation puolesta:**

Adam D. Swain, asianajaja
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309
Sähköposti: adam.swain@alston.com

☐ Henkilökohtaisesti
☐ Pikalähetyksenä
☐ Ensimmäisen luokan postina
☒ Muu: sähköposti-ilmoitus saatavuudesta ladattavassa muodossa

**Vastaajat:**

Lenovo (United States), Inc.
8001 Development Drive
Morrisville, NC 27560

☐ Henkilökohtaisesti
☐ Pikalähetyksenä
☐ Ensimmäisen luokan postina
☒ Muu: kantajat vastaavat tiedonannosta

Lenovo Group Limited
Lincoln House, 23rd Floor, Taikoo Place
979 King's Road
Quarry Bay, Hong Kong

☐ Henkilökohtaisesti
☐ Pikalähetyksenä
☐ Ensimmäisen luokan postina
☒ Muu: kantajat vastaavat tiedonannosta

Lenovo (Beijing) Limited
6 Chuangye Road
Shangdi Haidian District
100085 Beijing
China

☐ Henkilökohtaisesti
☐ Pikalähetyksenä
☐ Ensimmäisen luokan postina
☒ Muu: kantajat vastaavat tiedonannosta

Todistus tiedonannosta – Sivu 2

Lenovo (Shanghai) Electronics Technology Co. Ltd.
No. 696 Songtao Road
200000 Shanghai
China

☐ Henkilökohtaisesti
☐ Pikalähetyksenä
☐ Ensimmäisen luokan postina
☒ Muu: kantajat vastaavat tiedonannosta


Lenovo PC HK Limited
Lincoln House, 23rd Floor, Taikoo Place
979 King's Road, Quarry Bay
Hong Kong

☐ Henkilökohtaisesti
☐ Pikalähetyksenä
☐ Ensimmäisen luokan postina
☒ Muu: kantajat vastaavat tiedonannosta


Lenovo Information Products Shenzhen Co. Ltd.
No. 30 Tao Hua Road, Free Trade Zone, FuTian District
Shenzhen City, Guangdong Province
518038 Zhenzhen
China

☐ Henkilökohtaisesti
☐ Pikalähetyksenä
☐ Ensimmäisen luokan postina
☒ Muu: kantajat vastaavat tiedonannosta


Lenovo Mobile Communication
No. 19, Gaoxin 4th Road
East Lake New Technology Development
Zone, Hubei, 430079 Wuhan
China

☐ Henkilökohtaisesti
☐ Pikalähetyksenä
☐ Ensimmäisen luokan postina
☒ Muu: kantajat vastaavat tiedonannosta


Lenovo Corporation
No. 2088 Pangjin Road, Wujiang City, Jiangsu
215217 Wujiang
China

☐ Henkilökohtaisesti
☐ Pikalähetyksenä
☐ Ensimmäisen luokan postina
☒ Muu: kantajat vastaavat tiedonannosta


Lenovo Centro Tecnologico S. de RL CV
Blvd. Escobedo No. 316
Parque Industrial Technology
66600 Apodaca, Nuevo Leon
Mexico

☐ Henkilökohtaisesti
☐ Pikalähetyksenä
☐ Ensimmäisen luokan postina
☒ Muu: kantajat vastaavat tiedonannosta

**Esimerkkikappale B**

**MÄÄRITELMÄT**

1.     Tässä esitetyillä määritelmillä on laajin mahdollinen merkitys komission säännön 210.27, 19 C.F.R. § 210.27 mukaisesti.

2.     "Kanne" tarkoittaa kannetta, jonka Nokia Technologies Oy ja Nokia Corp. ("Nokia") nostivat Yhdysvaltain kansainvälisen kaupan komissiolle (International Trade Commission, "ITC") 2. heinäkuuta 2020.

3.     "ITC" tai "komissio" tarkoittaa Yhdysvaltain kansainvälisen kaupan komissiota (United States International Trade Commission).

4.     "Tutkimus" tarkoittaa ITC:n tutkimusta Nro 337-TA-1208, jonka komissio aloitti 4. elokuuta 2020 ja jonka otsikko on "Tietyt sähköiset laitteet, mukaan lukien tietokoneet, tablettitietokoneet sekä niiden komponentit ja moduulit" ("Certain Electronic Devices, Including Computers, Tablet Computers, and Components and Modules Thereof").

5.     "'706-patentti" tarkoittaa Yhdysvaltain patenttia Nro 8,583,706.

6.     "Liittyvä hakemus" tarkoittaa mitä tahansa ja kaikkia '706-patenttiin liittyviä hakemuksia hakemalla minkä tahansa sellaisen patenttihakemuksen jättöpäivän etua, jonka etua vaaditaan '706-patentilla, mukaan lukien kaikki väliaikaiset, ei-väliaikaiset, jatko-, osittaiset jatko-, jakamalla erotetut, törmäävät, uudelleenkäsittely-, uudelleenjulkaisu- ja ulkomaisen vastapuolen hakemukset.

7.     "Liittyvällä hakemuksella" tarkoitetaan kaikkia '706 patenttiin liittyviä hakemuksia, joissa haetaan minkä tahansa patenttihakemuksen arkistointipäivän etua, jonka etu on lunastettu '706 patentissa, mukaan lukien kaikki tilapäiset, ei-tilapäiset, jatkettavat, osittain

jatkettavat, osittaiset, väliintulevat, uudelleentarkasteltavat, uudelleenmyönnettävät ja ulkomaisina vastineina toimivat hakemukset.

8.      "Liittyvä patentti" tarkoittaa mitä tahansa ja kaikkia patentteja, jotka perustuvat liittyvään hakemukseen tai ovat lähtöisin siitä, mukaan lukien kaikki patentit, joita on voitu vastustaa, uudelleenkäsitellä, uudelleenjulkaista, tarkistaa tai asettaa pätevyys- tai mitättömyysprosessin kohteeksi.

9.      "Liittyvät asiat" tarkoittavat mitä tahansa ja kaikkia asioita, joissa minkä tahansa väitetyn patentin väitettiin loukatun, mukaan lukien rajoituksetta *Nokia Technologies Oy, v. Lenovo (Shanghai) Electronics Technology Co., Ltd., Lenovo Group, Ltd., Lenovo Beijing, Ltd., Lenovo PC HK Limited ja Lenovo (United States), Inc.*, Nro 19-cv-0427 (E.D.N.C.).

10.     Sanoilla "Te", "Teidän" ja "Teillä" viitataan Markku Rytivaaraan (i) Rytivaaran puolesta toimivaan henkilöön/entiteettiin tai henkilöön/entiteettiin, jonka puolesta Rytivaara toimi; (ii) mihin tahansa henkilöön tai entiteettiin, joka on vastuussa, sopimuksellisesti tai muuten, viestimään Rytivaaralle mistä tahansa tiedoista tai tarjoamaan mitä tahansa asiakirjoja, jotka liittyvät '706 patenttiin tai sen historiaan; sekä (iii) muu henkilö tai entiteetti, joka on muuten Rytivaaran ohjauksessa.

11.     "Vastaajat" tarkoittavat vastaajia, jotka Nokia nimesi ITC:n tutkimuksessa Nro 337-TA-1208:  Lenovo Group Limited; Lenovo (United States), Inc.; Lenovo (Beijing Limited); Lenovo PC HK Limited; Lenovo (Shanghai) Electronics Technology Co. Ltd.; Lenovo Information Products Shenzhen Co. Ltd.; Lenovo Mobile Communication; Lenovo Corporation; Lenovo Centro Tecnologico S. de RL CV.

12.      "Nokia" tarkoittaa yrityksiä Nokia Technologies Oy ja Nokia Corp.

13.     "Google" tai "Väliintulija" tarkoittaa Google LLC.

14.     "PTO" tarkoittaa Yhdysvaltain patentti- ja rekisterihallitusta United States Patent and Trademark Office.

15.     "Kotimainen teollisuus" tarkoittaa kotimaista teollisuutta, siten kuin termiä käytetään säännöksissä 19 U.S.C. § 1337(a)(3)(A), 19 C.F.R. § 210.12(a)(6)(i) ja valituksen kohdassa XI.

16.     "Aikaisempi taso" tarkoittaa mitä tahansa, mikä täyttää määritelmän, joka on säännöksessä 35 U.S.C. § 102 ja/tai jota voidaan hakea säännösten 35 U.S.C. §§ 102 ja/tai 103 perusteella tai jota kuka tahansa on milloin tahansa väittänyt voitavan hakea säännösten 35 U.S.C. §§ 102 ja/tai 103 perusteella, ja sisältää minkä tahansa patentin, painojulkaisun, tiedon, käytön, myynnin, myyntitarjouksen, aikaisemman keksinnön tai minkä tahansa muun toimen tai tapahtuman, joka määritellään säännöksessä 35 U.S.C. § 102 (sekä ennen säädöstä America Invents Act ("AIA")) tai sen jälkeen, yksin tai yhdessä ymmärrettynä.

17.      "Nimetty keksijä" tarkoittaa ketä tahansa yksilöä, joka osaltaan vaikutti keksintöihin, jotka on julkistettu '706 Patentissa, mukaan luettuina rajoituksetta Mika P. Mustonen ja Markku Rytivaara.

18.     "Rikkoa" ja "rikkominen" viittaa mihin tahansa ja kaikkiin rikkomustyyppeihin, jotka on esitetty säännöksessä 35 U.S.C. § 271, tai lainvastaisiin tekoihin, joista on säädetty säännöksessä 19 U.S.C. § 1337(a)(1)(B), mukaan luettuina suora rikkomus, edesauttava rikkominen, rikkomisen aktiivinen aikaansaaminen, kirjaimellinen rikkominen ja/tai vastaavuusopin mukainen rikkomus.

19.     "Asiakirja" on merkitykseltään määräysten Commission Rule 210.30, 19 C.F.R. § 210.30 ja Federal Rule of Civil Procedure 34 mukainen.  Termi "Asiakirja" sisältää asiakirjat missä tahansa muodossa, mukaan luettuina elektronisesti tallennetut Asiakirjat.  Missä tahansa

Asiakirjassa esiintyvä mikä tahansa kommentti tai huomautus, joka ei ole osa alkuperäistä tekstiä, on katsottava erilliseksi "Asiakirjaksi".

20.     "Asia" on merkitykseltään määräysten Commission Rule 210.30, 19 C.F.R. § 210.30 ja Federal Rule of Civil Procedure 34 mukainen.  "Asia" sisältää nimenomaisesti rajoituksetta minkä tahansa levykkeen, nauhan tai muun elektronisen mediatallennuslaitteen, minkä tahansa tuotteen ja minkä tahansa mallin, prototyypin tai kokeellisen laitteen tai niiden osan tai kokoonpanon.

21.     "Viestintä" tarkoittaa jokaista julkistamisen, siirron tai tiedonvaihdon tapaa tai menetelmää, riippumatta siitä, tapahtuuko se suullisesti, elektronisesti tai kovalevyllä ja kasvokkain tai puhelimitse, postitse, faksilla, sähköpostilla, Internet-viestillä, Internet-chatissä tai Internet-postilla tai muuten.

22.     "Päivämäärä" tarkoittaa tarkkaa päivää, kuukautta ja vuotta, jos se on todettavissa, ja jos ei ole, haastetun osapuolen parasta arviota siitä.

23.     "Henkilö" tarkoittaa sekä luonnollista henkilöä että oikeushenkilöä, kuten organisaatiota, yritystä, yhtiötä tai muuta oikeudellista entiteettiä.  Henkilön toimet määritellään siten, että ne sisältävät johtajien, vastuuhenkilöiden, jäsenten, työntekijöiden, asiamiesten tai asianajajien toimet Henkilön puolesta.

24.     "Liittyy" tai "Liittyen", kun sitä käytetään viitaten tiettyyn aiheeseen, tulkitaan mahdollisimman laajassa mielessä ja katsotaan pyynnöksi, jonka Te yksilöitte ja esitätte Asiakirjat, jotka viittaavat, käsittelevät, tiivistävät, pohtivat, muodostavat, sisältävät, ilmentävät, koskevat, mainitsevat, näyttävät, kommentoivat, todistavat tai muulla tavoin koskevat aihetta, johon viitataan.

25.     "Yksilöidä" tai esittää luonnollisen Henkilön "Yksilöllisyys" tai "Yksilöinti"
tarkoittaa kyseisen henkilön osalta: henkilön koko nimi, nykyinen ja viimeinen tunnettu osoite,
nykyinen tai viimeinen tunnettu puhelinnumero, nykyinen tai viimeinen tunnettu työnantaja ja
kyseisen työnantajan osoite sekä nykyinen ja viimeinen tunnettu työnimike.  "Yksilöidä" tai
esittää oikeushenkilön "Yksilöllisyys" tai "Yksilöinti" tarkoittaa kyseisen oikeushenkilön osalta:
sen koko nimi, nykyinen ja viimeinen tunnettu osoite, nykyinen tai viimeinen tunnettu
puhelinnumero, kaikki tunnetut nimet, joilla se on toiminut aikaisemmin ja kaikki tunnetut
osoitteet, joissa se on harjoittanut aikaisemmin liiketoimintaa.

26.     "Yksilöidä" tai esittää Asiakirjan tai Asian "Yksilöllisyys" tai "Yksilöinti"
tarkoittaa:

     a.  Esittää kyseisestä Asiakirjasta tai Asiasta lyhyt kuvaus, joka riittää tukemaan
        Esittämispyyntöä;

     b.  Osoittaa paikan, jossa Asiakirja tai Asia voidaan katselmoida; ja

     c.  Jos Asiakirjan tai Asian kopio on toimitettu aikaisemmin, todeta se ja yksilöidä
        nimenomaan aikaisemmin toimitettu kopio viittaamalla tuotantonumeroihin tai
        muihin yksilöintitietoihin, kuten oikeusjutun kontrollinumeroon.

27.     "Yksilöidä" tapahtuma tarkoittaa sitä, että esitetään tapahtuman kuvaus,
tapahtuman päivämäärä, tapahtuman paikka sekä tapahtumaan osallistuvat Henkilöt.

28.     Tässä käytettynä kieliopillinen yksikkö sisältää monikon ja preesens sisältää
imperfektin.

29.     "Ja/tai", "ja" sekä "tai" tulkitaan konjunktiiviseksi tai disjunktiiviseksi, sen
mukaan, kumpi tekee Pyynnöstä kattavamman.

30.     "Mikä tahansa" sisältää "kaikki"; ja "kaikki" sisältää "minkä tahansa".

31.     Tässä käytettyjä määritelmiä ja terminologiaa käytetään mukavuussyistä, eikä niillä tarkoiteta tai anneta ymmärtää mitään tiettyä teknistä tarkoitusta tai minkä tahansa patentin mitään termiä tai ilmaisua.

32.     "Analyysi" tarkoittaa mielipidettä, arviota, tutkimusta, tarkastelua ja/tai määrittelyä, riippumatta siitä, päästiinkö johtopäätökseen.

## OHJEET

Seuraavat ohjeet soveltuvat termeihin jokaisessa selvityspyynnössä, jollei toisin nimenomaan todeta:

1.      Esitettäessä pyydetyt asiakirjat ja asiat, te toimitatte kaikki asiakirjat ja asiat, jotka ovat Teidän tiedossanne ja saatavillanne, omistuksessanne, hallinnassanne tai valvonnassanne, riippumatta sijaintipaikasta ja siitä, ovatko kyseiset asiakirjat tai asiat Teidän tai asiamiestenne, vastuuhenkilöidenne, työntekijöidenne, asianajajienne, edustajienne tai Teidän puolestanne toimivien suoranaisessa hallinnassa.

2.      Jos mitään asiakirjoja, jotka vastaavat näitä pyyntöjä, pidättäydytään esittämästä vedoten salassapitovelvollisuuteen tai muuhun selvitykseen liittyvään immuniteettiin, Teidän on säilytettävä näin pidätetyt asiakirjat ja toimitettava salassapitoloki, jossa yksilöidään kukin asiakirja erikseen ja määritetään kullekin asiakirjalle vähintään: (1) päivämäärä; (2) lähettäjät; (3) vastaanottajat; ja (4) asiakirjan yleinen aihealue. Jos lähettäjä tai vastaanottaja on lakimies tai ulkomainen patenttiasiamies, hänet on sellaiseksi yksilöitävä. Myös väitetyn salassapitovelvollisuuden tyyppi on todettava ja on vakuutettava, että kaikki väitetyn salassapitovelvollisuuden elementit on täytetty eikä niistä ole luovuttu kunkin asiakirjan yhteydessä.

3.      Jos asianmukaista huolellisuutta noudatettuannekaan Te ette pysty määrittämään asiakirjojen tai asioiden yksilöintiä koskevan selvityspyynnön soveltamisalaan kuuluvien asiakirjojen tai asioiden olemassaoloa, Teidän on niin todettava kirjallisessa vastauksessanne.

4.      Kun yksilöity asiakirja tai asiakirjan osa on toisella kielellä kuin englanniksi, ilmoittakaa, onko kyseisestä asiakirjasta tai sen osasta olemassa englanninkielistä käännöstä, ja jos on, yksilöikää ja esittäkää molemmat asiakirjat.  "Elektronisesti tallennettu informaatio" eli "ESI" on esitettävä seuraavassa muodossa, jollei osapuolten kesken ole muuta sovittu:

a.       Yksisivuinen ryhmän IV TIFF:t vähintään 600 dpi mustavalkoisille kuville tai .JPG väreinä tuotetuille kuville, kuvat on esitettävä käyttäen yksilöityä tiedostonimeä, joka on kyseisen sivun tuotantonumero (esim. ABC000001.TIFF).  Tuotantonumeron on esiinnyttävä kuvan etupuolella;

b.       Hakukelpoiset tekstitiedostot asiakirjatasolla (yksi tekstitiedosto kullekin asiakirjalle eikä yksi tekstitiedosto asiakirjan kullekin sivulle) kullekin asiakirjalle, jolla on kunkin asiakirjan alkavan tuotantonumeron nimi (natiivitiedostojen teksti, joka saadaan suoraan natiivitiedostoista, jos mahdollista; OCR paperiasiakirjoille), tuotantojen, jotka sisältävät vieraskielisiä asiakirjoja, on oltava Unicoden mukaisia, asiakirjatasoisia tekstitiedostoja, joilla on .ext-tunniste, esitetään, jos sellaisia on saatavilla. Tekstitiedosto vastaa kuvan tai natiivitiedoston alkavaa tuotantonumeroa. Kenttä sisällytetään DAT:iin polkuineen vastaavaan tekstitiedostoon;

c.       Tietokannan lataustiedostot ja ristiviitetiedostot, esim. Concordancen oletusarvoinen rajoitetut kentät sisältävä tiedosto (metatieto) ja Opticonin rajoitetut kentät sisältävä tiedosto (kuvaviitetiedostot) ja mukaan luettuina seuraavat kentät (sikäli kuin metatiedot ovat saatavilla):  Beg Bates No.; End Bates No.; Bates Range; Bates ParentID; Attach Begin; Attach End; Page Count; From/Author; To/Recipient(s); CC; Bcc; Email Date Sent; Email Time Sent; Email Date Received; Email Time Received; Email Subject; Custodian; File Name; Document Created Date; Document Last Modified Date; Document Last Accessed Date; File Type; Location/Source; Text Link (polku tekstiin), Native Link (polku natiivitiedostoon);

d.       MS Excel, MS PowerPoint, MS Access ja vastaavat taulukkotiedosto-, esitys- ja tietokantatiedostot sekä audio- ja videotiedostot, esitetään natiivimuodossa sikäli, kuin ne eivät sisällä salassapidettäviä sensuroituja kohtia. Vastaajat voivat esittää kohtuullisia pyyntöjä saadaksen muita asiakirjoja natiivimuodossaan. Jos on kyse asiakirjoista, jotka tuotetaan natiivitiedostoina, sisällyttäkää kuvatiedostoihin (PDF tai TIFF) välilehti, jossa natiivitiedosto olisi muuten tuotettu, osoittaen natiivitiedoston tai muun asiakirjan tuotantonumeron ja salassapitoilmoituksen. Lisäksi natiivitiedostot

tuotetaan käyttäen nimeä, jossa on tuotantonumero, esimerkiksi: ABC000002.xls.  Osoittakaa

mahdollinen salassapitoilmoitus tuotetussa tiedostonimessä, jos mahdollista; ja

      e.      kun kyse on responsiivisista tiedoista, jotka ovat tiedokannassa tai muussa

tietokokoelmassa, sisällyttäkää kenttäkartta, joka esittää tietokannan kussakin sijaintipaikassa olevien

tietojen tyypin ja muodon.

      5.      Asiakirjat, jotka ovat ainoastaan paperilla tai tulostemuodossa, on skannattava ja

käsiteltävä edellä olevien ESI-ohjeiden mukaisesti.

      6.      Minkään tutkintapyynnön tai sen osan ei voida katsoa rajoittavan mitään muuta

tutkintapyyntöä tai pyynnön osaa.

## PYYDETTY AINEISTO

### ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 1.

Kaikki asiakirjat, jotka liittyvät '706 patentin asianmukaisten nimettyjen keksijöiden tunnistamiseen, valintaan tai määrittämiseen.

### ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 2.

Kaikki asiakirjat, jotka liittyvät Teidän ja kenenkään toisen nimetyn keksijän väliseen kommunikaatioon, joka liittyy '706 patentin kohteeseen, mihinkään '706 patentin väitettyyn rikkomiseen, tähän tutkintaan tai vastaaviin tapauksiin.

### ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 3.

Kaikki asiakirjat, jotka liittyvät Teidän ja kenenkään kolmannen osapuolen väliseen kommunikaatioon, joka liittyy '706 patentin kohteeseen, mihinkään '706 patentin väitettyyn rikkomiseen, tähän tutkintaan tai vastaaviin tapauksiin.

### ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 4.

Kaikki asiakirjat, jotka liittyvät '706 patentin laatimiseen, tarkasteluun, täytäntöönpanoon, suunnitteluun, kehittämiseen ja/tai kaupallistamiseen, mukaan lukien keksintöilmoitukset, laboratorion muistikirjat, lähdekoodi, kaaviot, vuokaaviot, taide ja muut asiakirjat, jotka viittaavat millään lailla jokaisen '706 patentin kohteen laatimiseen, suunnitteluun, kehitystoimiin, täytäntöönpanoon tai kaupallistamiseen, mukaan lukien kaikki asiakirjat, jotka on luotu '706 patentin soveltamispäivänä tai aiemmin, tai ilmoitettuina etuoikeuspäivinä riippuen siitä, kumpi ajankohta on aikaisempi, ja jotka todistavat minkään patentissa tarkoitetun keksinnön laatimista, täytäntöönpanoa, suunnittelua ja kehittämistä.

### ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 5.

Kaikki asiakirjat, jotka liittyvät mihinkään ongelmaan, jonka mikä tahansa väitetyssä patentissa ilmoitettu tai tarkoitettu keksintö on ratkaissut.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 6.**

Kaikki asiakirjat, jotka viittaavat tai liittyvät '706 patentin kohteen minkäänlaiseen kokeiluun tai testaukseen ennen '706 patentin liikkeeseenlaskua.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 7.**

Kaikki asiakirjat, jotka viittaavat tai liittyvät jokaisen '706 patentin liikkeeseenlaskuun johtaneisiin toimiin osallistuneen henkilön osuuteen, mukaan lukien kaikki näiden henkilöiden asiakirjat, jotka liittyvät millään lailla '706 patentin kohteeseen.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 8.**

Kaikki asiakirjat, jotka viittaavat tai liittyvät '706 patentin kohdetta esittäviin piirustuksiin tai kirjallisiin kuvauksiin.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 9.**

Kaikki asiakirjat, jotka viittaavat tai liittyvät minkäänlaiseen '706 patentin kohteen kaupalliseen menestykseen, mukaan lukien kaikki yritykset myydä tai lisensoida tällaista teknologiaa sekä kaikenlaiset yhteydet tällaisen teknologian väitetyn kaupallisen menestyksen ja minkään väitetyn keksinnön välillä.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 10.**

Kaikki asiakirjat, jotka viittaavat tai liittyvät kenelle tahansa henkilölle annettuihin ilmoituksiin '706 patentin kohteen kehittämisestä, mukaan lukien ensimmäinen suullinen tai kirjallinen ilmoitus mistä '706 patentissa ilmoitetusta tai tarkoitetusta keksinnöstä.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 11.**

Kaikki asiakirjat, jotka viittaavat tai liittyvät kaikkeen '706 patentin kohdetta koskevaan tunnettuun tekniikkaan riippumatta siitä, onko sitä esitetty Yhdysvaltain patentti- ja tavaramerkkivirastolle, mukaan lukien kaikki Teidän, '706 patentin nimettyjen keksijöiden, tai syyttäjän tiedossa ollut tekniikka.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 12.**

Kaikki asiakirjat, jotka viittaavat tai liittyvät ajankohtaan, tai kuvastavat ajankohtaa, jolloin tulitte tietoisiksi jokaisesta patentti- ja tavaramerkkivirastolle esitetystä tai ilmoitetusta viitteestä '706 patentin syytteeseenpanon aikana.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 13.**

Kaikki asiakirjat ja tiedonannot, jotka viittaavat tai liittyvät mihinkään päätökseen ilmoittaa tai olla ilmoittamatta viitettä patentti- ja tavaramerkkivirastolle '706 patentin syytteeseenpanon aikana.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 14.**

Kaikki asiakirjat, jotka liittyvät mihinkään '706 patentin vaatimukseen liittyvän tekniikan taitotasoon.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 15.**

Kaikki asiakirjat, jotka liittyvät minkään vaatimuksen, vaatimuksen rajoituksen, vaatimustermin tai missään '706 patentin vaatimuksessa käytetyn ilmauksen merkitykseen ja rakenteeseen, mukaan lukien kaikki asiakirjat, joiden uskotte tukevan minkään vaatimuksen, vaatimuksen rajoituksen, vaatimustermin tai missään '706 patentin vaatimuksessa käytetyn ilmauksen asianmukaista merkitystä ja rakennetta.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 16.**

Kaikki Nokian kanssa käyty kommunikaatio, joka liittyy tähän tutkintaan, mihinkään vastaaviin tapauksiin, Googleen tai mihinkään vastaajaan.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 17.**

Kaikki asiakirjat, jotka liittyvät kaikkiin kirjallisiin ja ei-kirjallisiin sopimuksiin Teidän ja Nokian välillä.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 18.**

Kaikki asiakirjat, jotka liittyvät omistusosuuteen tai investointiin, joka Teillä on Nokiassa.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 19.**

Kaikki asiakirjat, jotka liittyvät rahoitukselliseen etuun tai rahalliseen vastikkeeseen, jonka saatte '706 patentista tai tämän tutkinnan tai vastaavien tapausten tuloksesta.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 20.**

Kaikki asiakirjat ja tiedonannot, jotka liittyvät Nokian luontiin ja käynnistämiseen, teidän aiempaan ja nykyiseen suhteeseenne tai osallisuutteenne Nokian kanssa sekä rahoitukselliseen etuun tai korvaukseen, jonka saatte tai tulette saamaan Nokialta.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 21.**

Kaikki asiakirjat, jotka koskevat mitään seminaareja, alan kokouksia, tutkimusryhmiä, yhteistyötä tai minkään kolmannen osapuolen kanssa käytyjä tapaamisia, jotka koskevat älykästä aputekniikkaa tai mitään muuta '706 patentin kohdetta.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 22.**

Kaikki julkaistut tai julkaisemattomat artikkelit, esitelmät, käsikirjoitukset, tekniset raportit, konferenssiesitelmät tai muut julkaisut, mukaan lukien patentit, joiden laatimiseen tai

kirjoittamiseen on osallistunut kuka tahansa nimetty keksijä, ja jotka käsittelevät mitään '706 patentissa kuvattua tai tarkoitettua kohdetta.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 23.**

Asiakirjat, jotka riittävät näyttämään korvauksenne mistä tahansa annetusta avusta, joka liittyy '706 patenttiin, tähän tutkintaan tai vastaaviin tapauksiin.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 24.**

Kaikki asiakirjat, jotka liittyvät '706 patenttiin tai vastaavaan patenttiin johtaneiden tai niihin laskettavien hakemusten valmisteluun, kirjaamiseen, valmistelupäätöksiin, kirjaamispäätöksiin tai syytteeseenpanoon.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 25.**

Kaikki asiakirjat, jotka liittyvät mihinkään lisenssiin, sopimukseen olla nostamatta kannetta, oikeuden luovutukseen, kauppakirjaan tai mihinkään muuhun '706 patenttiin tai vastaavaan patenttiin liittyvien tarjottujen, annettujen tai toimeenpantujen oikeuksien siirtoon.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 26.**

Kaikki asiakirjat, jotka liittyvät mihinkään maksettuun tai saatuun summaan yhteydessä mihinkään lisenssiin, sopimukseen olla nostamatta kannetta, oikeuden luovutukseen, kauppakirjaan tai mihinkään muuhun '706 patenttiin tai vastaavaan patenttiin liittyvien tarjottujen, annettujen tai toimeenpantujen oikeuksien siirtoon.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 27.**

Kaikki asiakirjat, jotka liittyvät mihinkään '706 patentin tai vastaavaan patentin tai minkään '706 patentissa tai vastaavassa patentissa kuvattua väitettyä keksintöä ilmentävän tuotteen arviointiin.

**ESITETTÄVÄKSI PYYDETTY AINEISTO NRO 28.**

Nykyinen ansioluettelonne.

## TODISTAJANLAUSUNNON AIHEET

**AIHE NRO. 1.** Tieto, joka liittyy '706 patentin asianmukaisten nimettyjen keksijöiden tunnistamiseen, valintaan tai määrittämiseen.

**AIHE NRO. 2.** Tieto, joka liittyy Teidän ja kenenkään toisen nimetyn keksijän väliseen kommunikaatioon, joka liittyy '706 patentin kohteeseen, mihinkään '706 patentin väitettyyn rikkomiseen, tähän tutkintaan tai vastaaviin tapauksiin

**AIHE NRO. 3.** Tieto, joka liittyy Teidän ja kenenkään kolmannen osapuolen väliseen kommunikaatioon, joka liittyy '706 patentin kohteeseen, mihinkään '706 patentin väitettyyn rikkomiseen, tähän tutkintaan tai vastaaviin tapauksiin.

**AIHE NRO. 4.** Tieto, joka liittyy '706 patentin jokaisen vaatimuksen kohteen laatimiseen, tarkasteluun, kehitystoimiin, täytäntöönpanoon tai kaupallistamiseen.

**AIHE NRO. 5.** Tieto, joka liittyy mihinkään ongelmaan, jonka mikä tahansa '706 patentissa ilmoitettu tai tarkoitettu keksintö on ratkaissut.

**AIHE NRO. 6.** Tieto, joka liittyy '706 patentin kohteen minkäänlaiseen kokeiluun tai testaukseen ennen '706 patentin liikkeeseenlaskua.

**AIHE NRO. 7.** Tieto, joka liittyy jokaisen '706 patentin liikkeeseenlaskuun johtaneisiin toimiin osallistuneen henkilön osuuteen.

**AIHE NRO. 8.** Tieto, joka liittyy minkäänlaiseen '706 patentin kohteen kaupalliseen menestykseen, mukaan lukien kaikki yritykset myydä tai lisensoida tällaista teknologiaa sekä kaikenlaiset yhteydet tällaisen teknologian väitetyn kaupallisen menestyksen ja minkään väitetyn keksinnön välillä.

**AIHE NRO. 9.** Tieto, joka liittyy kenelle tahansa henkilölle annettuihin ilmoituksiin '706 patentin kohteen kehittämisestä, mukaan lukien ensimmäinen suullinen tai kirjallinen ilmoitus mistä tahansa '706 patentissa ilmoitetusta tai tarkoitetusta keksinnöstä.

**AIHE NRO. 10.** Tieto, joka liittyy kaikkeen '706 patentin kohdetta koskevaan tunnettuun tekniikkaan riippumatta siitä, onko sitä esitetty Yhdysvaltain patentti- ja tavaramerkkivirastolle, mukaan lukien kaikki Teidän,  '706 patentin nimettyjen keksijöiden, tai syyttäjän tiedossa ollut tekniikka.

**AIHE NRO. 11.** Tieto ajankohdasta, jolloin tulitte tietoisiksi jokaisesta patentti- ja tavaramerkkivirastolle esitetystä tai ilmoitetusta viitteestä '706 patentin syytteeseenpanon aikana.

**AIHE NRO. 12.** Tieto, joka liittyy mihinkään päätökseen ilmoittaa tai olla ilmoittamatta viitettä patentti- ja tavaramerkkivirastolle '706 patentin syytteeseenpanon aikana.

**AIHE NRO. 13.** Tieto, joka liittyy mihinkään '706 patentin vaatimukseen liittyvän tekniikan taitotasoon.

**AIHE NRO. 14.** Tieto, joka liittyy minkään vaatimuksen, vaatimuksen rajoituksen, vaatimustermin tai missään '706 patentin vaatimuksessa käytetyn ilmauksen merkitykseen ja rakenteeseen, mukaan lukien kaikki tiedot, joiden uskotte tukevan minkään vaatimuksen, vaatimuksen rajoituksen, vaatimustermin tai missään '706 patentin vaatimuksessa käytetyn ilmauksen asianmukaista merkitystä ja rakennetta.

.

**AIHE NRO. 15.** Tieto, joka liittyy kaikkeen Nokian kanssa käytyyn kommunikaatioon, joka liittyy tähän tutkintaan, mihinkään vastaaviin tapauksiin, Googleen tai mihinkään

vastaajaan.

**AIHE NRO. 16.** Tieto, joka liittyy kaikkiin kirjallisiin ja ei-kirjallisiin sopimuksiin Teidän ja Nokian välillä.

**AIHE NRO. 17.** Tieto, joka liittyy omistusosuuteen tai investointiin, joka Teillä on Nokiassa.

**AIHE NRO. 18.** Tieto, joka liittyy rahoitukselliseen etuun tai rahalliseen vastikkeeseen, jonka saatte '706 patentista tai tämän tutkinnan tai vastaavien tapausten tuloksesta.

**AIHE NRO. 19.** Tieto, joka liittyy Nokian luontiin ja käynnistämiseen, teidän aiempaan ja nykyiseen suhteeseenne tai osallisuuteenne Nokian kanssa sekä rahoitukselliseen etuun tai korvaukseen, jonka saatte tai tulette saamaan Nokialta.

**AIHE NRO. 20.** Tieto, joka koskee mitään seminaareja, alan kokouksia, tutkimusryhmiä, yhteistyötä tai minkään kolmannen osapuolen kanssa käytyjä tapaamisia, jotka koskevat älykästä aputekniikkaa tai mitään muuta '706 patentin kohdetta.

**AIHE NRO. 21.** Tieto, joka liittyy artikkeleihin, esitelmiin, käsikirjoituksiin, teknisiin raportteihin, konferenssiesitelmiin tai muihin julkaisuihin, mukaan lukien patentit, joiden laatimiseen tai kirjoittamiseen on osallistunut kuka tahansa nimetty keksijä, ja jotka käsittelevät mitään '706 patentissa kuvattua tai tarkoitettua kohdetta.

**AIHE NRO. 22.** Tieto, joka liittyy korvaukseenne mistä tahansa annetusta avusta, joka liittyy '706 patenttiin, tähän tutkintaan tai vastaaviin tapauksiin.

**AIHE NRO. 23.** Tieto, joka liittyy '706 patenttiin tai vastaavaan patenttiin johtaneiden tai

niihin laskettavien hakemusten valmisteluun, kirjaamiseen, valmistelupäätöksiin, kirjaamispäätöksiin tai syytteeseenpanoon .

**AIHE NRO. 24.** Tieto, joka liittyy mihinkään lisenssiin, sopimukseen olla nostamatta kannetta, oikeuden luovutukseen, kauppakirjaan tai mihinkään muuhun '706 patenttiin tai vastaavaan patenttiin liittyvien tarjottujen, annettujen tai toimeenpantujen oikeuksien siirtoon.

**AIHE NRO. 25.** Tieto, joka liittyy mihinkään maksettuun tai saatuun summaan yhteydessä mihinkään lisenssiin, sopimukseen olla nostamatta kannetta, oikeuden luovutukseen, kauppakirjaan tai mihinkään muuhun '706 patenttiin tai vastaavaan patenttiin liittyvien tarjottujen, annettujen tai toimeenpantujen oikeuksien siirtoon.

**AIHE NRO. 26.** Tieto, joka liittyy mihinkään '706 patentin tai vastaavaan patentin tai minkään '706 patentissa tai vastaavassa patentissa kuvattua väitettyä keksintöä ilmentävän tuotteen arviointiin.

**AIHE NRO. 27.** Tiedot nykyisestä ansioluettelostanne.

# ADDENDUM B

# UNITED STATES INTERNATIONAL TRADE COMMISSION

## Washington, D.C.

| | |
|---|---|
| **In the Matter of**<br><br>**CERTAIN ELECTRONIC DEVICES,<br>INCLUDING COMPUTERS, TABLET<br>COMPUTERS, AND COMPONENTS AND<br>MODULES THEREOF** | **Inv. No.  337-TA-1208** |

**ORDER NO. 13:     GRANTING INTERVENOR GOOGLE LLC'S UNOPPOSED
MOTION FOR A RECOMMENDATION TO ISSUE LETTERS OF
REQUEST UNDER THE HAGUE CONVENTION ON THE
TAKING OF EVIDENCE ABROAD**

(November 24, 2020)

On November 20, 2020, Intervenor Google LLC ("Google") filed a motion for a
recommendation to the United States District Court for the District of Columbia that it issue
Letters of Request for International Judicial Assistance under the Hague Convention on the
Taking of Evidence Abroad in Civil or Commercial Matters (Motion Docket No. 1208-009).
There is no opposition to the motion from any party.

Google seeks to take discovery from Mika P. Mustonen and Markku Rytivaara, two
individuals located in Finland who are named inventors for U.S. Patent No. 8,583,706, one of the
patents asserted in this investigation.

Letters of Request are the appropriate method for seeking discovery from Finland, which
is a party to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil
or Commercial Matters (the "Hague Convention").  *See, e.g., Certain Flash Memory Devices
and Components Thereof*, Inv. No. 337-TA-1034, Order No. 15 (Apr. 7, 2017) (granting motion
for letter of request to Finland).  Pursuant to the Federal Rules of Civil Procedure and the All

Writs Act, United States District Courts are authorized to transmit Letters of Request to the Department of State or to the appropriate foreign tribunal, officer, or agency.  Fed. R. Civ. P. 4(f)(2)(B); 28 U.S.C. §§ 1651, 1781.  Administrative law judges may issue recommendations to the United States District Court for the District of Columbia to issue Letters of Request.  *See, e.g., Certain Lithium-Ion Battery Cells, Battery Modules, Battery Packs, Components Thereof, and Products Containing the Same*, Inv. No. 337-TA-1181, Order No. 12 (May 27, 2020).

There being no opposition and for good cause shown, Motion Docket No. 1208-009 is hereby GRANTED.  A recommendation to the United States District Court for the District of Columbia is attached hereto as Attachment A.

**SO ORDERED.**

Dee Lord
Administrative Law Judge

# ADDENDUM C

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td>

_____<br>
)<br>
NOKIA TECHNOLOGIES OY AND    )<br>
NOKIA CORPORATION,               )<br>
                                      )<br>
        Plaintiff (Complainant),  )<br>
                                        )<br>
      v.                            )<br>
                                        )<br>
GOOGLE LLC,                       )<br>
                                        )<br>
        Defendant (Intervenor).   )<br>
                                        )<br>
_____)

</td><td>

Case No.  1:20-mc-_____<br><br>
Assigned to:  _____<br><br>
Description:  Miscellaneous

</td></tr>
</table>

**[PROPOSED] ORDER FOR ISSUANCE OF LETTERS OF REQUEST**

This matter having arisen upon motion by petitioner Google LLC for Letters of Request for International Judicial Assistance ("Letter of Request") to obtain evidence from Mika P. Mustonen and Markku Rytivaara, who reside in Finland, and it appearing that these Letters of Request are appropriate,

IT IS ORDERED, that the Clerk of this Court shall issue the Letters of Request in the form attached to this Order.

Dated: December ____, 2020       By: _____
                                      United States District Judge

Address for Return of Issued Letter of Request

Shamita D. Etienne-Cummings
David Markoff
WHITE & CASE LLP
701 13th Street NW
Washington, DC 20005-3807
Telephone:  202.626.3600
Facsimile:  202.639.9355
WCGoogleITC1208@whitecase.com

1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served as indicated upon the following parties on November 25, 2020:

### GOOGLE LLC'S UNOPPOSED EXPEDITED
### MOTION FOR THE COURT TO ISSUE LETTERS OF REQUEST PURSUANT
### TO THE HAGUE CONVENTION

**U.S. International Trade Commission:**

| | |
|---|---|
| Lisa Barton<br>Secretary, Office of the Secretary<br>U.S. International Trade Commission<br>500 E Street, SW, Room 112A<br>Washington, DC  20436<br>Telephone:  (202) 205-2000 | ☐ Via First-Class Mail<br>☐ Via Hand-Delivery<br>☐ Via Overnight Delivery<br>☐ Via Facsimile<br>☑ Via Electronic Mail |
| The Honorable Dee Lord<br>Administrative Law Judge<br>U.S. International Trade Commission<br>500 E Street, SW, Room 317<br>Washington, DC  20436<br>Email: Edward.jou@usitc.gov<br>Email:  michael.maas@usitc.gov | ☐ Via First-Class Mail<br>☐ Via Hand-Delivery<br>☐ Via Overnight Delivery<br>☐ Via Facsimile<br>☑ Via Electronic Mail |
| Todd P. Taylor<br>Office of Unfair Import Investigations<br>500 E Street, SW, Suite 401<br>Washington, DC  20436<br>Email:  todd.taylor@usitc.gov<br>Telephone:  (202) 205-2221 | ☐ Via First-Class Mail<br>☐ Via Hand-Delivery<br>☐ Via Overnight Delivery<br>☐ Via Facsimile<br>☑ Via Box |

**Counsel for Complainant Nokia Technologies Oy and Nokia Corporation.:**

| | |
|---|---|
| Adam D. Swain<br>**ALSTON & BIRD**<br>The Atlantic Building<br>950 F Street, NW<br>Washington, DC  20004-1404<br>Lenovo.A&B@alston.com | ☐ Via First-Class Mail<br>☐ Via Hand-Delivery<br>☐ Via Overnight Delivery<br>☐ Via Facsimile<br>☑ Via Electronic Mail |
| Theodore Stevenson III<br>Warren Lipschitz<br>Richard A. Kamprath<br>**McKOOL SMITH, P.C.**<br>300 Crescent Court, Suite 1500<br>Dallas, TX  75201<br>Nokia_Lenovo_ITC@McKoolSmith.com | |

**Counsel for Respondents Lenovo Group Limited; Lenovo (United States), Inc.; Lenovo (Beijing Limited); Lenovo PC HK Limited; Lenovo (Shanghai) Electronics Technology Co. Ltd.; Lenovo Information Products Shenzhen Co. Ltd.; Lenovo Mobile Communication; Lenovo Corporation; Lenovo Centro Tecnologico S. de RL CV.:**

William F. Lee
Joseph J. Mueller
Richard W. O'Neill
Sarah R. Frazier
Andrew Danford
Kate Saxton
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA  02109
WHLenovo-
Nokia1208servicelist@wilmerhale.com

☐ Via First-Class Mail
☐ Via Hand-Delivery
☐ Via Overnight Delivery
☐ Via Facsimile
☒ Via Electronic Mail

Michael D. Esch
Todd Zubler
**WILMER CUTLER PICKERING HALE AND DORR LLP**
1875 Pennsylvania Avenue, NW
Washington, DC  20006

R. David Donoghue
**HOLLAND & KNIGHT LLP**
150 N. Riverside Plaza, Suite 2700
Chicago, IL  60606
David.donoghue@hklaw.com

☐ Via First-Class Mail
☐ Via Hand-Delivery
☐ Via Overnight Delivery
☐ Via Facsimile
☒ Via Electronic Mail

DATED:  November 25,  2020

Respectfully submitted,

WHITE & CASE LLP

By */s/ Shamita D. Etienne-Cummings*

*Attorneys for Intervenor Google LLC*

2